UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAMS & CONNOLLY, LLP,<br><br>   Plaintiff,<br><br>   v.<br><br>DEPARTMENT OF HOMELAND SECURITY, et al.,<br><br>   Defendants. | Civil Action No. 24-2322 (PLF) |

## JOINT STATUS REPORT

Pursuant to the Court's February 11, 2025, Minute Order, Plaintiff Williams & Connolly, LLP ("Plaintiff") and Defendants Department of the Treasury ("Treasury") and Department of State ("State Department") (collectively "Defendants"), by and through undersigned counsel, hereby submit this Status Report. The parties report as follows:

Plaintiff brought this case under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeking to compel the release of documents relating to FOIA requests submitted to several agencies. *See* Am. Compl. (ECF No. 8). On February 14, 2025, Plaintiff filed its motion for partial summary judgment against Defendants Immigration & Customs Enforcement, Customs & Border Protection, and U.S. Citizenship & Immigration Services. *See* Pl. Mot. (ECF No. 26).

As to the remaining Defendants, Treasury and the State Department, the status of each response to Plaintiff's FOIA requests and the parties' respective position are below:

### TREASURY

**Treasury's position:** Plaintiff submitted two FOIA requests to Treasury.

With regards to Plaintiff's FOIA request dated August 23, 2021, by letter dated December 12, 2024, the Office of Foreign Assets Control ("OFAC") provided its first interim response to

Plaintiff's FOIA request dated August 23, 2021. In the first interim response, OFAC notified the Plaintiff that with regard to investigative records, OFAC will neither confirm nor deny the existence of investigative records, pursuant to FOIA exemptions (b)(1), (b)(6), (b)(7)(A), and (b)(7)(C), unless there was an actual investigation that resulted in a designation or enforcement action, or the investigation is publicized. OFAC has completed the consultation process for the potentially responsive non-investigatory records in response to this request and currently is rereviewing and reprocessing these records. OFAC anticipates making the final release of nonexempt information regarding the non-investigatory records by the end of April 2025.

With regards to Plaintiff's July 24, 2024, FOIA request, as previously reported in the parties' February 7, 2025, Joint Status Report, with respect to Plaintiff's July 24, 2024, FOIA request, Treasury has identified the offices with potentially responsive records and has referred the FOIA request to the relevant offices. Each such office is concurrently reviewing the FOIA request and related correspondence dated October 24, 2024. By letter dated March 7, 2025, OFAC provided its first interim response to Plaintiff's July 24, 2024 FOIA request. In the first interim response, OFAC notified the Plaintiff that with regard to investigative records, OFAC will neither confirm nor deny the existence of investigative records, pursuant to FOIA exemptions (b)(1), (b)(6), (b)(7)(A), and (b)(7)(C), unless there was an actual investigation that resulted in a designation or enforcement action, or the investigation is publicized. OFAC presently is conducting its search for potentially responsive non-investigatory records and anticipates completing its search within the next thirty days. All other relevant offices are conducting searches for potentially responsive records and anticipate completing their searches within the next thirty days.

Treasury requests that the Court deny Plaintiff's request that all searches and production

be completed by a date certain. Such mandatory relief is not warranted on the current record, given Treasury's good faith efforts to complete the remaining searches within the next thirty days. After these searches reveal the number of potentially responsive documents, Treasury looks forward to meeting and conferring with Plaintiff on a processing schedule. Treasury shares Plaintiff's desire to move this case along and assures Plaintiff and the Court that it is endeavoring to complete the searches and production in a timely manner, but it has a duty to the public and to other requesters to allocate its FOIA resources in an equitable manner, as it has been doing, and to ensure that its searches and ultimately its processing serve the public interest by locating responsive records while also protecting exempt material in the manner that Congress has prescribed—and those processes take time. Thus, Treasury respectfully requests that the Court deny Plaintiff's request and allow Treasury to continue to address these requests as proposed.

**Plaintiff's position:** Plaintiff's position is that Treasury is out of step with FOIA's requirements. This case has been pending for over seven months and it has been over three years since Plaintiff submitted its initial FOIA request, but Plaintiff has yet to receive a *single* document. Plaintiff's position is that Treasury should be required to complete all required searches and release all responsive documents not subject to a FOIA exemption by the next status report so that if necessary, this case can proceed with summary judgment briefing as to these requests.

## STATE DEPARTMENT

**State Department's Position:** Plaintiff submitted three FOIA requests to the State Department—i.e., Request Nos. F-2022-00605/FL-2024-00090, F-2022-03459/FL-2022-00091, and F-2022-15558/FL-2024-00092. The Department completed its search of the classified and unclassified eRecords Archive for all three requests. Also, the Department's retired record search remains ongoing for potentially responsive records not captured in eRecords or by tasker.

With regard to Request Nos. F-2022-00605/FL-2024-00090 and F-2022-03459/FL-2024-00091, the Department tasked the Office of Treaty Affairs, Office of the Executive Secretary, Bureau of Near Eastern Affairs, Bureau of European and Eurasian Affairs, Office of the Legal Adviser, Bureau of Counterterrorism, Bureau of Economic and Business Affairs, and Bureau of Legislative Affairs with searches of records not captured by eRecords. Two of these offices have completed their searches, but the remaining offices require additional time to complete their searches.

With regard to Request No. F-2022-15558/FL-2024-00092, the Department plans to prioritize processing of potentially responsive records located for this request. The Department also tasked the Office of Treaty Affairs, Office of the Executive Secretary, Bureau of Near Eastern Affairs, Bureau of Legislative Affairs, Bureau of European and Eurasian Affairs, Bureau of Economic and Business Affairs, Office of the Legal Adviser, and Bureau of Counterterrorism with searches of records not captured by eRecords. Four tasker searches are still outstanding. In terms of the potentially responsive records captured in eRecords, the Department has started processing them. On February 25, 2025, the State Department notified Plaintiff that thus far they have identified no responsive records. The Department will continue to make a good faith effort to process an average of 450 pages every six weeks. To the extent any pages are responsive and have been cleared, the State Department anticipates making a production on April 8, 2025.

After completing the unclassified searches, the State Department has determined, and Plaintiff agreed, that combining FL-2024-00090 and FL-2024-00091 for deduplication and processing will be most efficient.

The State Department requests that the Court deny Plaintiff's request that all searches and production be completed by a date certain. Such mandatory relief is not warranted on the current

record, given the State Department has completed some of the searches and its good faith efforts in processing potentially responsive records even though not all searches have been completed yet. The State Department shares Plaintiff's desire to move this case along and assures Plaintiff and the Court that it is endeavoring to complete the searches and production in a timely manner. But for the same reasons explained above (at 2-3), the State Department respectfully requests that the Court deny Plaintiff's request that the Court prescribe a mandatory schedule for the agency's handling of these requests.

**Plaintiff's position:** Plaintiff's position remains that the State Department has failed to comply with the requirements set out in FOIA. This case has been pending for seven months, which is more than enough time for the State Department to identify the scope of responsive materials and identify a date certain for when those materials can be released. The State Department has yet to do so. Plaintiff's position is that the State Department should be required to complete all required searches and release all responsive documents not subject to a FOIA exemption by the next status report so that if necessary, this case can proceed with summary judgment briefing as to these requests.

\*   \*   \*

## PROPOSED NEXT STEPS

The parties jointly propose that they be required to submit another Joint Status Report on or before May 8, 2025.

Dated: March 11, 2025

By: */s/ Robert M. Cary*
Robert M. Cary
Simon A. Latcovich
Samuel Lazerwitz
Anahi Mendoza Pacheco
WILLIAMS & CONNOLLY LLP
680 Maine Avenue S.W.
Washington, D.C. 20024
Telephone: (202) 434-5175
Facsimile: (202) 434-5029
Email: RCary@wc.com

 *Attorneys for Plaintiff*

Respectfully submitted,

EDWARD R. MARTIN, JR., D.C. Bar #481866
United States Attorney

By: */s/ Stephanie R. Johnson*
  STEPHANIE R. JOHNSON
  Assistant United States Attorney
  601 D Street, NW
  Washington, DC 20530
  (202) 252-7874
  Stephanie.Johnson5@usdoj.gov

*Attorneys for the United States of America*