UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAMS & CONNOLLY LLP,<br><br>        Plaintiff,<br><br>    v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, et al.,<br><br>        Defendants. | Civil Action No. 24-2322 (PLF) |

**DEFENDANTS' STATEMENT OF MATERIAL FACTS
AS TO WHICH THERE IS NO GENUINE DISPUTE**

Pursuant to Federal Rule of Civil Procedure 56(b) and Local Civil Rule 7(h), Defendants U.S. Customs and Border Protection ("CBP"), U.S. Immigration and Customs Enforcement ("ICE"), and U.S. Citizenship and Immigration Service ("USCIS") (collectively "Defendants"), respectfully submit this statement of material facts as to which there is no genuine issue. The information herein is largely repeated from the declarations of Fernando Pineiro ("Pineiro Decl."), Patrick Howard ("Howard Decl."), and Jarrod Panter ("Panter Decl.").

    1.    This summary judgment briefing involves three FOIA requests: one request that was referred to ICE from the Department of Homeland Security (the "Department"); one request submitted to CBP; and one request submitted to USCIS. *See also* Pineiro Decl. ¶ 5; Howard ¶ 6; and Panter Decl. ¶ 6.

**ICE**

    2.    Plaintiff sent a Freedom of Information Act ("FOIA") request dated October 19, 2021, to the Department. Pineiro Decl. ¶ 5.

    3.    The FOIA request was forwarded to ICE on November 3, 2021. *Id.*

4. Plaintiff did not challenge the transfer. *Id.*; *see also* Pineiro Decl. ¶ 1, Ex. D (Pl.'s Appeal).

5. The FOIA request dated sought "all records, including but not limited to paper or electronic files, databases, spreadsheets, documents, records of meetings (including calendar invitations or placeholders, meeting agendas, meeting minutes, meeting attendee lists) or communications (including emails, text messages, messaging application messages (*e.g.*, Skype, Lync, WhatsApp, Zoom, WebEx), memos, letters, attachments), that mention any of the following:

   a. Reza Zarrab (date of birth [ ][1]), a/k/a Riza Zarrab, a/k/a Reza Sarraf, a/k/a Riza Sarraf, an individual that has pleaded guilty to sanctions evasion in the Southern District of New York, *see* Case No. 1:15-cr-00867-RMB;
   b. Royal Holding, A.S., a company affiliated with Reza Zarrab;
   c. Royal Group, a company affiliated with Reza Zarrab;
   d. Atlantis Capital, a company affiliated with Reza Zarrab;
   e. Bella Investments, a company affiliated with Reza Zarrab;
   f. Mohammad Zarrab, a/k/a Mohammad Sarraf, the brother of Reza Zarrab who has been indicted for sanctions evasion in the Southern District of New York, *see* Case No. 1:15-cr-00867-RMB;
   g. Hossein Zarrab, a/k/a Hossein Sarraf, the father of Reza Zarrab;
   h. Al Nafees Exchange LLC, a company affiliated with Reza Zarrab and Hossein Zarrab;
   i. Abdullah Happani, an individual that has been indicted for sanctions evasion in the Southern District of New York, *see* Case No. 1:15-cr-00867-RMB;
   j. Camelia Jamshidy, an individual that has been indicted for sanctions evasion in the Southern District of New York, *see* Case No. 1:15-cr-00867-RMB;

---

[1] The date of birth is unredacted in the original submission transferred to ICE.

  k. Hossein Najafzadeh, an individual that has been indicted for sanctions evasion in the Southern District of New York, *see* Case No. 1:15-cr-00867-RMB; and

  l. Huseyin Korkmaz, an individual that is mentioned in government pleadings in a sanction's evasion case in the Southern District of New York, *see* Case No. 1:15-cr-00867-RMB."

Pineiro Decl. ¶ 6, Ex. A (FOIA Request).

  6. After reviewing the Plaintiff's FOIA request, the ICE FOIA Office determined that, because the request involved individuals or entities allegedly linked to a sanctions evasion case, Homeland Security Investigations was the appropriate ICE component to conduct a search for any potentially responsive records. *Id.* ¶ 25.

  7. Homeland Security Investigations is responsible for investigating transnational crimes and threats, including financial crimes, money laundering and sanctions violations. *Id.* ¶ 26.

  8. Homeland Security Investigations' specific mandate aligns directly with the nature of the plaintiff's request, making it the most suitable entity within ICE to handle the search for responsive records. *Id.*

  9. The FOIA Unit forwarded the request to the Homeland Security Investigations Field Office in New York, where the lawsuit at issue in the FOIA request was filed. *Id.* ¶ 30.

  10. A search was conducted in the Investigative Case Management system—the agency's primary tool for managing both criminal and civil enforcement matters. *Id.* ¶ 28.

  11. The Investigative Case Management system enables personnel to create electronic case files that organize and link records and documents associated with specific investigations, facilitating efficient access from a single location. *Id.*

12. If a case is identified within Investigative Case Management, Homeland Security Investigations' personnel conduct a thorough search of the entire case file, including any related emails of the Special Agent in charge of the investigation, to ensure all responsive records are retrieved. *Id.* ¶ 29.

13. Conversely, if no case file exists within Investigative Case Management, it is unlikely that emails or other records pertaining to the specified individuals or entities are present, as the absence of a case file indicates that no investigation has been conducted involving those subjects. *Id.*

14. On November 4, 2021, a Homeland Security Investigations Special Agent in the New York Field Office conducted a search in the Investigative Case Management system using the search terms: "Reza Zarrab"; "Reza Sarraf"; "Riza Zarrab"; "Riza Sarraf", "Royal Holding, A.S."; "Royal Group"; "Atlantis Capital"; "Bella Investments"; "Mohammad Zarrab"; "Mohammad Sarraf";"Hossein Zarrab"; "Hossein Sarraf"; "Al Nafees Exchange LLC", "Abdullah Happani"; "Camelia Jamshidy"; "Hossein Najafzadeh"; and "Huzeyin Korkmaz" as provided by the plaintiff in the FOIA request. *Id.* ¶ 30.

15. The November 4, 2021, search was not restricted by any date range. *Id.*

16. The November 4, 2021, search yielded no positive matches, indicating that no Homeland Security Investigations' investigations or case files existed concerning the specified individuals or entities. *Id.*

17. In November 5, 2021, a FOIA Unit Analyst independently conducted another search of the Investigative Case Management system using the search terms: "Reza Zarrab"; "Riza Zarrab"; "Reza Sarraf"; "Riza Sarraf"; "Mohammad Zarrab"; "Mohammad Sarraf"; "Hossein Zarrab"; "Hossein Sarraf"; "Royal Holding, A.S."; "Royal Group"; "Atlantis Capital"; "Bella

4

Investments"; "Al Nafees Exchange LLC"; "Abdullah Happani"; "Camelia Jamshidy"; "Hossein Najafzadeh"; and "Huseyin Korkmaz." *Id.* ¶ 31.

18. The November 5, 2021, search was not restricted by any date range. *Id.*

19. The November 5, 2021, search yielded no positive matches. *Id.*

20. Based on the results of the Investigative Case Management searches, which yielded no records related to the specified individuals or entities, and considering the scope of the FOIA request, ICE determined that extending the search to additional offices or databases was unnecessary and would not have been reasonably calculated to uncover additional responsive records. *Id.* ¶ 33.

21. On December 1, 2021, the ICE FOIA Office notified the Plaintiff that a comprehensive search had been conducted within the Office of Homeland Security Investigations for records responsive to the FOIA request, and that no such records were located. *Id.* ¶¶ 10, 35.

22. On January 4, 2022, Plaintiff appealed ICE's determination. *Id.* ¶ 11.

23. On February 1, 2022, ICE issued a decision on Plaintiff's Appeal upholding ICE's January 4, 2022, determination. *Id.* ¶ 13.

## CBP

24. On August 23, 2021, Plaintiff sought all records from CBP referring or relating to any of the following:

> 1. Reza Zarrab, a/k/a Riza Zarrab, a/k/a Reza Sarraf, a/k/a Riza Sarraf, an individual that has pleaded guilty to sanctions evasion in the Southern District of New York, *see* Case No. 1:15-cr-00867-RMB;
>
> 2. Royal Holding, A.S., a company affiliated with Reza Zarrab;
>
> 3. Royal Group, a company affiliated with Reza Zarrab;
>
> 4. Atlantis Capital, a company affiliated with Reza Zarrab;

5

     5. Bella Investments, a company affiliated with Reza Zarrab;

     6. Mohammad Zarrab, a/k/a Mohammad Sarraf, the brother of Reza Zarrab who has been indicted for sanctions evasion in the Southern District of New York, *see* Case No. 1:15-cr-00867-RMB;

     7. Hossein Zarrab, a/k/a Hossein Sarraf, father of Reza Zarrab;

     8. Al Nafees Exchange LLC, a company affiliated with Reza Zarrab and Hossein Zarrab;

     9. Abdullah Happani, an individual that has been indicted for sanctions evasion in the Southern District of New York, *see* Case No. 1:15-cr-00867-RMB;

     10. Camelia Jamshidy, an individual that has been indicted for sanctions evasion in the Southern District of New York, *see* Case No. 1:15-cr-00867-RMB;

     11. Hossein Najafzadeh, an individual that has been indicted for sanctions evasion in the Southern District of New York, *see* Case No. 1:15-cr-00867-RMB; and

     12. Huseyin Korkmaz, an individual that is mentioned in government pleadings in a sanctions evasion case in the Southern District of New York, *see* Case No. 1:15-cr-00867-RMB.

*See* Howard Decl. ¶ 6, Ex. 1 (FOIA Request).

     25.    Plaintiff also noted that the request extended to documents created from January 1, 2007, through the date of the CBP's search. *See id.*

     26.    CBP initially closed Plaintiff's FOIA request because it was a third-party request and Plaintiff failed to include authorization that the information sought could be released to the requester, *i.e.* Plaintiff. *Id.* ¶ 8.

     27.    Plaintiff eventually appealed CBP's decision to close its FOIA request. *Id.* ¶ 11.

     28.    CBP FOIA Appeals granted Plaintiff's appeal and remanded the request back to the CBP FOIA Division. *Id.* ¶ 13.

29. After the request was remanded back to CBP FOIA Division, CBP FOIA Division requested that Plaintiff provide the dates of birth for the persons listed in numbers six through seven and nine through twelve of the request and provide more specific description of the types of records Plaintiff sought pertaining to the businesses listed in numbers two through five and eight of the request.  *Id.* ¶ 14.

30. Plaintiff provided CBP with the dates of birth for the individuals listed in the FOIA request and stated it was "unable to provide a Customs assigned number" for any of the entities mentioned in its request.  *Id.* ¶ 16.

31. On or about March 13-14, 2022, CBP conducted a search of CBP's TECS system.  *Id.* ¶ 26.

32. In the TECS system, CBP conducted a search for encounter records regarding Reza Zarrab (also known as Riza Zarrab, Reza Sarraf, or Riza Sarraf), Mohammad Zarrab (also known as Mohammad Sarraf), Hossein Zarrab (also known as Hossein Sarraf), Abdullah Happani, Camelia Jamshidy, Hossein Najafzadeh, and Huseyin Korkmaz, using the names (including the name variations) and corresponding dates of birth for each individual provided by Plaintiff as search terms.  *Id.* ¶ 27.

33. CBP also searched TECS for records regarding Royal Holding, A.S., Royal Group, Atlantis Capital, Bella Investments, and Al Nafees Exchange LLC, using the company names provided by Plaintiff as search terms.  *Id.*

34. The searches of TECS were not limited to a specific time period.  *Id.*

35. On or about March 13-14, 2022, CBP also conducted a search of the Analytical Framework for Intelligence system.  *Id.* ¶ 28.

36. In the Analytical Framework for Intelligence, CBP conducted a search for encounter records regarding Reza Zarrab (also known as Riza Zarrab, Reza Sarraf, or Riza Sarraf), Mohammad Zarrab (also known as Mohammad Sarraf), Hossein Zarrab (also known as Hossein Sarraf), Abdullah Happani, Camelia Jamshidy, Hossein Najafzadeh, and Huseyin Korkmaz using the names (including the name variations) and corresponding dates of birth for each individual provided by Plaintiff as search terms. *Id.* ¶ 29.

37. The searches of the Analytical Framework for Intelligence were not limited to a specific time period. *Id.*

38. CBP also identified CBP's Automated Commercial Environment system as potentially containing records responsive to Plaintiff's request for information regarding five businesses. *Id.* ¶ 30.

39. CBP was unable to conduct a search of the Automated Commercial Environment for business information pertaining to Royal Holding, A.S.; Royal Group; Atlantis Capital; Bella Investments; and Al Nafees Exchange, LLC, because the Plaintiff was unable to provide the Importer of Record number for these business entities. *Id.* ¶ 31.

40. The Importer of Record number is a necessary search term for CBP FOIA to adequately conduct a search of the Automated Commercial Environment in response to a FOIA request. *Id.*

41. Around June to July 2022, CBP also conducted a search for communication records across all CBP electronic mailboxes for the time period of January 1, 2007, to March 8, 2022. *Id.* ¶ 32.

42. The search terms for the communication records were Reza Zarrab; Riza Zarrab; Reza Sarraf; Riza Sarraf; Royal Holding, A.S.; Royal Group; Atlantis Capital; Bella Investments;

Mohammad Zarrab; Mohammad Sarraf; Hossein Zarrab; Hossein Sarraf; Al Nafees Exchange, LLC; Abdullah Happani; Camelia Jamshidy; Hossein Najafzadeh; and Huseyin Korkmaz. *Id.*

43. CBP reviewed a sample of the communication records that were located by searching CBP electronic mailboxes using the business name search terms provided by Plaintiff and determined that the provided business names, without additional identifying information provided by Plaintiff, to include an Importer of Record number for each business, were inadequate as search terms for CBP to determine responsiveness of each record or to review the records for FOIA exempt information, given the number of businesses that use the same names. *Id.* ¶ 33.

44. In terms of the search results, based on the information provided in Plaintiff's request and further information provided by Plaintiff, CBP located no responsive records regarding the five businesses: Royal Holding, A.S.; Royal Group; Atlantis Capital; Bella Investments; and Al Nafees Exchange, LLCAs a result of the searches. *Id.* ¶ 35.

45. With the responsive records located, CBP would not confirm or deny whether it had any records specifically regarding each of the individuals listed in Plaintiff's request. *See id.* ¶¶ 34, 36, 38.

46. CBP also would not confirm or deny how many responsive records were located. *Id.*

47. CBP also would not confirm or deny which type of responsive records were located. *Id.*

48. CBP withheld in full all records regarding the individual(s) listed in Plaintiff's request. *Id.*

49. On October 4, 2022, CBP issued a final determination letter in response to Plaintiff's FOIA request, which stated that "[a] search of CBP databases produced records

responsive to [Plaintiff's] request" and "[a]ll documents [were] withheld in full pursuant to [FOIA exemptions 6, 7(C), and 7(E)]." *See id.* ¶ 22, Ex. 15 (CBP Determination Ltr.).

50. In the final determination letter, CBP also informed Plaintiff that no records for the businesses listed in Plaintiff's request were located. *See id.*

51. Plaintiff was also notified of its appeal rights. *See id.*

52. Plaintiff appealed CBP's final determination. *See id.* ¶ 23.

53. Plaintiff appealed the FOIA Exemption 6, 7(C), and 7(E) withholdings. *See* Howard Decl. ¶ 23, Ex. 16 (Pl.'s Appeal).

54. Plaintiff did not challenge CBP's search. *See id.*

55. Plaintiff did not challenge CBP's determination that no responsive records were located concerning the businesses. *Id.*

56. Plaintiff did not challenge that CBP met the threshold requirement for Exemption 7. *Id.*

57. On September 23, 2023, CBP FOIA Appeals denied Plaintiff's appeal and determined that Plaintiff failed to demonstrate that the public interest outweighed the private interest as required under FOIA Exemptions 6 and 7(C) and that the information was improperly withheld under Exemption 7(E). *Id.* ¶ 24.

## USCIS

58. By letter dated February 2, 2022, Plaintiff sought from USCIS "all records, including but not limited to paper or electronic files, databases, spreadsheets, documents, records of meetings (including calendar invitations or placeholders, meeting agendas, meeting minutes, meeting attendee lists) or communications (including emails, text messages, messaging application

messages (e.g., Skype, Lyne, WhatsApp, Zoom, WebEx), memos, letters, attachments), that mention any of the following:

1. Reza Zarrab (date of birth []),[2] a/k/a Riza Zarrab, a/k/a Reza Sarraf, a/k/a Riza Sarraf, a/k/a Aaron Goldsmith, an individual that has pleaded guilty to sanctions evasion in the Southern District of New York, *see* Case No. 1:15-cr-00867-RMB.

2. Huseyin Korkmaz, an individual that is mentioned in government pleadings in a sanctions evasion case in the Southern District of New York, *see* Case No. 1:15-cr-00687-RMB."

*See* Panter Decl. ¶ 6, Ex. 1 (FOIA Request).

59. In the request, Plaintiff explained that "[t]his request extends to documents created from December of 2013, through the date of this search." *Id.* ¶ 7.

60. Plaintiff also noted that the request was being made for commercial purposes. *Id.*

61. Based on its review of the FOIA request, by letter dated February 15, 2022, USCIS denied Plaintiff's request in its entirety pursuant to FOIA Exemption 6. *Id.* ¶ 9.

62. The USCIS FOIA Office did not conduct a search for responsive records. *Id.*

63. In the denial letters, the USCIS FOIA Office explained that to obtain documents and/or information belonging to a third-party, the request must demonstrate written authorization permitting disclosure; proof of parentage, proof of guardianship, or proof the individuals are deceased; or a clear demonstration that the public interest in disclosure outweighs the personal privacy interest(s) of the individual(s) and that significant public benefit would result from the disclosure of the requested records. *Id.* ¶ 11.

64. Plaintiff was informed that the request did not satisfy any of the criteria. *Id.*

65. Plaintiff was advised of its right to appeal the determinations. *Id.*

---

[2] The date of birth is unredacted in the original submission to USCIS.

11

66. By letter dated May 11, 2022, Plaintiff filed an administrative appeal of USCIS's February 15, 2022, responses denying Plaintiff's FOIA request in its entirety. *Id.* ¶ 12.

67. In the appeal, Plaintiff asserted that USCIS applied the wrong public-interest test when evaluating the request and the public interest outweighs any privacy interests at stake. *Id.* ¶ 14.

68. In the appeal, Plaintiff also claimed that "a remand is appropriate to the extent USCIS failed to provide all 'reasonably segregable portion[s]' of documents not falling within FOIA's exemptions." *Id.*

69. Plaintiff further stated in the appeal that "it bears mentioning that an individual has a significantly reduced privacy interest in information that is already in the public domain" and that the individuals as to whom information was sought in the request had testified for days in open court and been mentioned in "countless news articles." *Id.*

70. In its appeal, Plaintiff did not point to any particular or specific information within the public domain evidencing that USCIS maintained records concerning either Zarrab or Korkmaz. *Id.* at 12 n. 6.

71. The USCIS appellate authority upheld the USCIS FOIA Office's determinations. *Id.* ¶ 15.


\*   \*   \*

72. In this civil action, USCIS's position is that the existence or nonexistence of material requested by Plaintiff is exempt from disclosure pursuant to FOIA Exemptions 6 and 7(C). *Id.* ¶ 23.

Dated: May 22, 2025

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By:      */s/ Stephanie R. Johnson*
STEPHANIE R. JOHNSON,
  D.C. Bar # 1632338
Assistant United States Attorney
Civil Division
601 D Street, NW
Washington, DC 20530
(202) 252-7874
Stephanie.Johnson5@usdoj.gov

*Attorneys for the United States of America*