UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| WILLIAMS & CONNOLLY LLP,<br><br>                Plaintiff,<br><br>        v.<br><br>U.S. DEPARTMENT OF HOMELAND<br>SECURITY, et al.,<br><br>                Defendants. | Civil Action No. 24-2322 (PLF) |

### DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE DISPUTE

Pursuant to Local Civil Rule 7(h), Defendants U.S. Customs and Border Protection ("CBP"), U.S. Immigration and Customs Enforcement ("ICE"), and U.S. Citizenship and Immigration Service ("USCIS") (collectively "Defendants"), submit this response to the statement of material facts as to which there is no genuine dispute (ECF No. 26-2) filed by Plaintiff Williams & Connolly LLP ("Plaintiff").

1.      Plaintiff submitted FOIA requests to the U.S. Department of Homeland Security (DHS), U.S. Customs & Border Protection (CBP), U.S. Citizenship & Immigration Services (USCIS), and U.S. Immigration & Customs Enforcement (ICE).  The requests sought all records pertaining to Reza Zarrab and Hüseyin Korkmaz.

**Response:**      Undisputed with clarifications.  The Department of Homeland Security (the "Department") operates a decentralized system for handling Freedom of Information Act (FOIA) requests.  *See* 6 CFR § 5.3.  Plaintiff submitted a FOIA request to the Department; however, the FOIA request was transferred to ICE.  *See* Pineiro Decl. ¶ 5.  Plaintiff did not

challenge the transfer and also did not submit another FOIA request to the Department.  *See id.*;
*see* Am. Compl.  ¶¶ 59–65; *see generally id.*

Plaintiff did not directly submit a FOIA request to ICE.  The FOIA request transferred to
ICE from the Department sought "all records… that mention any of the following:

1.  Reza Zarrab (date of birth []), a/k/a Riza Zarrab, a/k/a Reza Sarraf, a/k/a
    Riza Sarraf, an individual that has pleaded guilty to sanctions evasion in the
    Southern District of New York, *see* Case No. 1:15-cr-00867-RMB;

2.  Royal Holding, A.S., a company affiliated with Reza Zarrab;

3.  Royal Group, a company affiliated with Reza Zarrab;

4.  Atlantis Capital, a company affiliated with Reza Zarrab;

5.  Bella Investments, a company affiliated with Reza Zarrab;

6.  Mohammad Zarrab, a/k/a Mohammad Sarraf, the brother of Reza Zarrab
    who has been indicted for sanctions evasion in the Southern District of New
    York, *see* Case No. 1:15-cr-00867-RMB;

7.  Hossein Zarrab, a/k/a Hossein Sarraf, the father of Reza Zarrab;

8.  Al Nafees Exchange LLC, a company affiliated with Reza Zarrab and
    Hossein Zarrab;

9.  Abdullah Happani, an individual that has been indicted for sanctions
    evasion in the Southern District of New York, *see* Case No. 1:15-cr-00867-
    RMB;

10. Camelia Jamshidy, an individual that has been indicted for sanctions
    evasion in the Southern District of New York, *see* Case No. 1:15-cr-00867-
    RMB;

11. Hossein Najafzadeh, an individual that has been indicted for sanctions
    evasion in the Southern District of New York, *see* Case No. 1:15-cr-00867-
    RMB; and

12. Huseyin Korkmaz, an individual that is mentioned in government pleadings
    in a sanctions evasion case in the Southern District of New York, *see* Case
    No. 1:15-cr-00867-RMB."

Pineiro Decl. ¶ 6, Ex. A (FOIA Request).  The request further limited the search to "documents created from January 1, 2007, through the date of this search."  *Id.*

Plaintiff submitted a FOIA request to USCIS; however, the request submitted to USCIS that is at issue in this litigation did not seek "all records pertaining to Reza Zarrab and Hüseyin Korkmaz."  The FOIA request dated February 2, 2022, sought "all records . . . that mention any of the following:

1.    Reza Zarrab (date of birth []), a/k/a Riza Zarrab, a/k/a Reza Sarraf, a/k/a Riza Sarraf, a/k/a Aaron Goldsmith, an individual that has pleaded guilty to sanctions evasion in the Southern District of New York, *see* Case No. 1: l5-cr-00867-RMB; and

2.    Huseyin Korkmaz, an individual that is mentioned in government pleadings in a sanctions evasion case in the Southern District of New York, *see* Case No. 1:l5-cr-00867-RMB."

*See* Panter Decl. ¶ 6, Ex. 1 (FOIA Request).  The request further limited the search to "documents created from December of 2013, through the date of this search."  *Id.  ¶ 7.*

Also, Plaintiff submitted a FOIA request to CBP; however, the request submitted to CBP did not seek "all records pertaining to Reza Zarrab and Hüseyin Korkmaz."  The FOIA request dated August 23, 2021, sought "all records …referring or relating to any of the following:

1.    Reza Zarrab (date of birth []), a/k/a Riza Zarrab, a/k/a Reza Sarraf, a/k/a Riza Sarraf, an individual that has pleaded guilty to sanctions evasion in the Southern District of New York, *see* Case No. 1:15-cr-00867-RMB;

2.    Royal Holding, A.S., a company affiliated with Reza Zarrab;

3.    Royal Group, a company affiliated with Reza Zarrab;

4.    Atlantis Capital, a company affiliated with Reza Zarrab;

5.    Bella Investments, a company affiliated with Reza Zarrab;

6.     Mohammad Zarrab, a/k/a Mohammad Sarraf, the brother of Reza Zarrab who has been indicted for sanctions evasion in the Southern District of New York, *see* Case No. 1:15-cr-00867-RMB;

7.     Hossein Zarrab, a/k/a Hossein Sarraf, father of Reza Zarrab;

8.     Al Nafees Exchange LLC, a company affiliated with Reza Zarrab and Hossein Zarrab;

9.     Abdullah Happani, an individual that has been indicted for sanctions evasion in the Southern District of New York, *see* Case No. 1:15-cr-00867-RMB;

10.    Camelia Jamshidy, an individual that has been indicted for sanctions evasion in the Southern District of New York, *see* Case No. 1:15-cr-00867-RMB;

11.    Hossein Najafzadeh, an individual that has been indicted for sanctions evasion in the Southern District of New York, *see* Case No. 1:15-cr-00867-RMB; and

12.    Huseyin Korkmaz, an individual that is mentioned in government pleadings in a sanctions evasion case in the Southern District of New York, *see* Case No. 1:15-cr-00867-RMB."

*See* Howard Decl. ¶ 6, Ex. 1 (FOIA Request).  The request further limited the search to "documents created from January 1, 2007, through the date of this search."  *Id.*

2.     Reza Zarrab is also known as Riza Zarrab, Reza Sarraf, Riza Sarraf, Aaron Goldsmith, and Richard Ferrari.  Ex. 1 (*United States v. Atilla*, No. 15-867, Tr. at 1314 (Korkmaz)); Ex. 3 (Bloss et al., *Money Launderer for Iran*).

**Response:**     Disputed, as this statement is immaterial to the resolution of the parties' motion for summary judgment.  "Material facts" are those facts which, under the governing substantive law, "might affect the outcome of the suit."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); Fed. R. Evid. 401 (stating that "[e]vidence is relevant if…the fact is of

consequence in determining the action").  Court have concluded that such background facts have no bearing on a FOIA action.  *See Mich. Immigr. Rts. Ctr. v. Dep't of Homeland Sec.*, Civ. A. No. 16-14192, 2017 WL 2471277, at *3 (E.D. Mich. June 8, 2017) (deeming stricken under Rule 12(f) background facts alleged in a FOIA complaint: "In this unique context, requiring Defendants to answer allegations in Plaintiffs' complaint that they would not otherwise be required to answer, and that are not material to Plaintiffs' FOIA claim, would prejudice Defendants."); *Robert v. Dep't of Just.*, Civ. A. No. 05-2543, 2005 WL 3371480, at *11 (E.D.N.Y. Dec. 12, 2005) (striking allegations of background facts; concluding that plaintiff's "allegations are irrelevant to the validity of [his] FOIA claims").[1]  Specifically, this statement has no bearing on whether USCIS properly determined in February 2022, based on the administrative record before USCIS, to refrain from conducting a search and deny Plaintiff's February 2022 FOIA request in its entirety and USCIS's decision in June 2022 to affirm the February 2022 determination.  *See generally* Panter Decl.  Also, this statement has no bearing on whether CBP, based on the administrative record before it, conducted an adequate search for responsive documents and determined in October 2022 and affirmed in September 2023 to withhold in full all responsive records based on the administrative record upon which these determinations were based at that time.  *See generally* Howard Decl.  Further, this statement has no bearing on whether ICE, based on the administrative record before it, conducted an adequate search for responsive documents in November 2021.  *See generall*y Pineiro Decl.

### REZA ZARRAB

3.      Zarrab is not a citizen of the United States.  Ex. 15 (*Atilla* Tr. at 260 (Zarrab)).

---

[1]      These same authorities, which also support Defendants' disputes as to paragraphs 3 through 53, are incorporated therein and, for the sake of brevity, are not restated in each such paragraph.

**Response:** Disputed, as this statement is immaterial to the resolution of the parties' motion for summary judgment. Specifically, this statement has no bearing on whether USCIS properly determined in February 2022, based on the administrative record before USCIS, to refrain from conducting a search and deny Plaintiff's February 2022 FOIA request in its entirety and USCIS's decision in June 2022 to affirm the February 2022 determination. *See generally* Panter Decl. Also, this statement has no bearing on whether CBP, based on the administrative record before it, conducted an adequate search for responsive documents and determined in October 2022 and affirmed in September 2023 to withhold in full all responsive records based on the administrative record upon which these determinations were based at that time. *See generally* Howard Decl. Further, this statement has no bearing on whether ICE, based on the administrative record before it, conducted an adequate search for responsive documents in November 2021. *See generall*y Pineiro Decl.

4.     Zarrab is a citizen of Iran, Türkiye, and North Macedonia. *Id.*

**Response:** Disputed, as this statement is immaterial to the resolution of the parties' motion for summary judgment. Specifically, this statement has no bearing on whether USCIS properly determined in February 2022, based on the administrative record before USCIS, to refrain from conducting a search and deny Plaintiff's February 2022 FOIA request in its entirety and USCIS's decision in June 2022 to affirm the February 2022 determination. *See generally* Panter Decl. Also, this statement has no bearing on whether CBP, based on the administrative record before it, conducted an adequate search for responsive documents and determined in October 2022 and affirmed in September 2023 to withhold in full all responsive records based on the administrative record upon which these determinations were based at that time. *See generally* Howard Decl. Further, this statement has no bearing on whether ICE, based on the administrative

record before it, conducted an adequate search for responsive documents in November 2021. *See generally* Pineiro Decl.

5.      The press has called Zarrab one of the "most prolific money launderers" of the twenty-first century. Ex. 2 (OCCRP, *Who is Reza Zarrab?*).

**Response:**      Disputed, as this statement is immaterial to the resolution of the parties' motion for summary judgment. Specifically, this statement has no bearing on whether USCIS properly determined in February 2022, based on the administrative record before USCIS, to refrain from conducting a search and deny Plaintiff's February 2022 FOIA request in its entirety and USCIS's decision in June 2022 to affirm the February 2022 determination. *See generally* Panter Decl. Also, this statement has no bearing on whether CBP, based on the administrative record before it, conducted an adequate search for responsive documents and determined in October 2022 and affirmed in September 2023 to withhold in full all responsive records based on the administrative record upon which these determinations were based at that time. *See generally* Howard Decl. Further, this statement has no bearing on whether ICE, based on the administrative record before it, conducted an adequate search for responsive documents in November 2021. *See generally* Pineiro Decl.

6.      Zarrab rose to prominence in the early 2010s when he started dating Ebru Gündeş, a Turkish pop star and a coach on *The Voice Türkiye*. Ex. 4 (Patronlar Dünyası, *Shocking Claim About Ebru*); Ex. 5 (Neumeister, *Feds Say Turkish Celebrity*); Ex. 6 (Raymond, *U.S. Arrests Turkish Businessman*); Ex. 3 (Bloss et al., *Money Launderer for Iran*); Ex. 2 (OCCRP, *Who is Reza Zarrab?*).

**Response:**      Disputed, as this statement is immaterial to the resolution of the parties' motion for summary judgment. Specifically, this statement has no bearing on whether USCIS

properly determined in February 2022, based on the administrative record before USCIS, to refrain from conducting a search and deny Plaintiff's February 2022 FOIA request in its entirety and USCIS's decision in June 2022 to affirm the February 2022 determination.  *See generally* Panter Decl.  Also, this statement has no bearing on whether CBP, based on the administrative record before it, conducted an adequate search for responsive documents and determined in October 2022 and affirmed in September 2023 to withhold in full all responsive records based on the administrative record upon which these determinations were based at that time.  *See generally* Howard Decl.  Further, this statement has no bearing on whether ICE, based on the administrative record before it, conducted an adequate search for responsive documents in November 2021.  *See generall*y Pineiro Decl.

7.      The couple eventually married and their lives were extensively covered in the press, including because of the lavish gifts Zarrab purchased for Gündeş. Ex. 7 (Milliyet, *My Husband Will Buy Me Mars Too*); Ex. 8 (Haber Turk, *Zarrab Bought it for Ebru*); Ex. 9 (Haber Turk, *A Gift of 1 Million*).

**Response:**      Disputed, as this statement is immaterial to the resolution of the parties' motion for summary judgment.  Specifically, this statement has no bearing on whether USCIS properly determined in February 2022, based on the administrative record before USCIS, to refrain from conducting a search and deny Plaintiff's February 2022 FOIA request in its entirety and USCIS's decision in June 2022 to affirm the February 2022 determination.  *See generally* Panter Decl.  Also, this statement has no bearing on whether CBP, based on the administrative record before it, conducted an adequate search for responsive documents and determined in October 2022 and affirmed in September 2023 to withhold in full all responsive records based on the administrative record upon which these determinations were based at that time.  *See generally*

Howard Decl.  Further, this statement has no bearing on whether ICE, based on the administrative record before it, conducted an adequate search for responsive documents in November 2021.  *See generally* Pineiro Decl.

8.    Zarrab was arrested in Miami, Florida in March 2016, after deboarding a private plane.  Ex. 13 (Connor, *Reza Zarrab Takes the Stand*).

**Response:**    Disputed, as this statement is immaterial to the resolution of the parties' motion for summary judgment.  Specifically, this statement has no bearing on whether USCIS properly determined in February 2022, based on the administrative record before USCIS, to refrain from conducting a search and deny Plaintiff's February 2022 FOIA request in its entirety and USCIS's decision in June 2022 to affirm the February 2022 determination.  *See generally* Panter Decl.  Also, this statement has no bearing on whether CBP, based on the administrative record before it, conducted an adequate search for responsive documents and determined in October 2022 and affirmed in September 2023 to withhold in full all responsive records based on the administrative record upon which these determinations were based at that time.  *See generally* Howard Decl.  Further, this statement has no bearing on whether ICE, based on the administrative record before it, conducted an adequate search for responsive documents in November 2021.  *See generally* Pineiro Decl.

9.    It has been publicly reported that U.S. Customs & Border Protection participated in Zarrab's arrest.  Ex. 12 (Neumeister, *Lawyer*).

**Response:**    Disputed, as this statement is immaterial to the resolution of the parties' motion for summary judgment.  Specifically, this statement has no bearing on whether USCIS properly determined in February 2022, based on the administrative record before USCIS, to refrain from conducting a search and deny Plaintiff's February 2022 FOIA request in its entirety and

USCIS's decision in June 2022 to affirm the February 2022 determination.  *See generally* Panter Decl.  Also, this statement has no bearing on whether CBP, based on the administrative record before it, conducted an adequate search for responsive documents and determined in October 2022 and affirmed in September 2023 to withhold in full all responsive records based on the administrative record upon which these determinations were based at that time.  *See generally* Howard Decl.  Further, this statement has no bearing on whether ICE, based on the administrative record before it, conducted an adequate search for responsive documents in November 2021.  *See generall*y Pineiro Decl.

10.    Zarrab has pleaded guilty to the following federal crimes in the United States: conspiracy to impair, impede, and obstruct the operations of the U.S. Department of Treasury's enforcement of economic sanctions against Iran; (ii) conspiracy to violate the International Emergency Economic Powers Act; (iii) bank fraud; (iv) conspiracy to commit bank fraud; (v) money laundering; (vi) conspiracy to commit money laundering; and (vii) conspiracy to bribe a U.S. public official and possessing contraband in a federal detention center. Ex. 66 (Zarrab Plea Agreement).

**Response:**    Disputed, as this statement is immaterial to the resolution of the parties' motion for summary judgment.  Specifically, this statement has no bearing on whether USCIS properly determined in February 2022, based on the administrative record before USCIS, to refrain from conducting a search and deny Plaintiff's February 2022 FOIA request in its entirety and USCIS's decision in June 2022 to affirm the February 2022 determination.  *See generally* Panter Decl.  Also, this statement has no bearing on whether CBP, based on the administrative record before it, conducted an adequate search for responsive documents and determined in October 2022 and affirmed in September 2023 to withhold in full all responsive records based on the

administrative record upon which these determinations were based at that time.  *See generally* Howard Decl.  Further, this statement has no bearing on whether ICE, based on the administrative record before it, conducted an adequate search for responsive documents in November 2021.  *See generally* Pineiro Decl.

11.    He has yet to be sentenced.  *Id.*

**Response:**    Disputed, as this statement is immaterial to the resolution of the parties' motion for summary judgment.  Specifically, this statement has no bearing on whether USCIS properly determined in February 2022, based on the administrative record before USCIS, to refrain from conducting a search and deny Plaintiff's February 2022 FOIA request in its entirety and USCIS's decision in June 2022 to affirm the February 2022 determination.  *See generally* Panter Decl.  Also, this statement has no bearing on whether CBP, based on the administrative record before it, conducted an adequate search for responsive documents and determined in October 2022 and affirmed in September 2023 to withhold in full all responsive records based on the administrative record upon which these determinations were based at that time.  *See generally* Howard Decl.  Further, this statement has no bearing on whether ICE, based on the administrative record before it, conducted an adequate search for responsive documents in November 2021.  *See generally* Pineiro Decl.

12.    Zarrab agreed to cooperate with the U.S. Attorney's Office in exchange for benefits.  *Id.*

**Response:**    Disputed, as this statement is immaterial to the resolution of the parties' motion for summary judgment.  Specifically, this statement has no bearing on whether USCIS properly determined in February 2022, based on the administrative record before USCIS, to refrain from conducting a search and deny Plaintiff's February 2022 FOIA request in its entirety and

USCIS's decision in June 2022 to affirm the February 2022 determination. *See generally* Panter Decl. Also, this statement has no bearing on whether CBP, based on the administrative record before it, conducted an adequate search for responsive documents and determined in October 2022 and affirmed in September 2023 to withhold in full all responsive records based on the administrative record upon which these determinations were based at that time. *See generally* Howard Decl. Further, this statement has no bearing on whether ICE, based on the administrative record before it, conducted an adequate search for responsive documents in November 2021. *See generally* Pineiro Decl.

13.     Zarrab's public plea agreement provides that the U.S. Attorney's Office will be in communication with ICE regarding Zarrab. *Id.*

**Response:**     Disputed, as this statement is immaterial to the resolution of the parties' motion for summary judgment. Specifically, this statement has no bearing on whether USCIS properly determined in February 2022, based on the administrative record before USCIS, to refrain from conducting a search and deny Plaintiff's February 2022 FOIA request in its entirety and USCIS's decision in June 2022 to affirm the February 2022 determination. *See generally* Panter Decl. Also, this statement has no bearing on whether CBP, based on the administrative record before it, conducted an adequate search for responsive documents and determined in October 2022 and affirmed in September 2023 to withhold in full all responsive records based on the administrative record upon which these determinations were based at that time. *See generally* Howard Decl. Further, this statement has no bearing on whether ICE, based on the administrative record before it, conducted an adequate search for responsive documents in November 2021. *See generally* Pineiro Decl.

14.     Zarrab was a witness in the trial of Mr. Mehmet Hakan Atilla, a former Deputy General Manager of Halkbank, in *United States v. Atilla*, No. 15-867-RMB (S.D.N.Y.).  *See generally* Ex. 15 (*Atilla* Tr. (Zarrab)).

**Response:**     Disputed, as this statement is immaterial to the resolution of the parties' motion for summary judgment.  Specifically, this statement has no bearing on whether USCIS properly determined in February 2022, based on the administrative record before USCIS, to refrain from conducting a search and deny Plaintiff's February 2022 FOIA request in its entirety and USCIS's decision in June 2022 to affirm the February 2022 determination.  *See generally* Panter Decl.  Also, this statement has no bearing on whether CBP, based on the administrative record before it, conducted an adequate search for responsive documents and determined in October 2022 and affirmed in September 2023 to withhold in full all responsive records based on the administrative record upon which these determinations were based at that time.  *See generally* Howard Decl.  Further, this statement has no bearing on whether ICE, based on the administrative record before it, conducted an adequate search for responsive documents in November 2021.  *See generally* Pineiro Decl.

15.     Zarrab testified over the course of seven days, revealing numerous details about his daily activities, financial enterprises, and criminal conduct.  *See generally id.*

**Response:**     Disputed, as this statement is immaterial to the resolution of the parties' motion for summary judgment.  Specifically, this statement has no bearing on whether USCIS properly determined in February 2022, based on the administrative record before USCIS, to refrain from conducting a search and deny Plaintiff's February 2022 FOIA request in its entirety and USCIS's decision in June 2022 to affirm the February 2022 determination.  *See generally* Panter Decl.  Also, this statement has no bearing on whether CBP, based on the administrative record

before it, conducted an adequate search for responsive documents and determined in October 2022 and affirmed in September 2023 to withhold in full all responsive records based on the administrative record upon which these determinations were based at that time.  *See generally* Howard Decl.  Further, this statement has no bearing on whether ICE, based on the administrative record before it, conducted an adequate search for responsive documents in November 2021.  *See generall*y Pineiro Decl.

16.    During his testimony, he acknowledged that he is a citizen of Iran, Türkiye, and Northern Macedonia.  *Id.* at 260.

**Response:**    Disputed, as this statement is immaterial to the resolution of the parties' motion for summary judgment.  Specifically, this statement has no bearing on whether USCIS properly determined in February 2022, based on the administrative record before USCIS, to refrain from conducting a search and deny Plaintiff's February 2022 FOIA request in its entirety and USCIS's decision in June 2022 to affirm the February 2022 determination.  *See generally* Panter Decl.  Also, this statement has no bearing on whether CBP, based on the administrative record before it, conducted an adequate search for responsive documents and determined in October 2022 and affirmed in September 2023 to withhold in full all responsive records based on the administrative record upon which these determinations were based at that time.  *See generally* Howard Decl.  Further, this statement has no bearing on whether ICE, based on the administrative record before it, conducted an adequate search for responsive documents in November 2021.  *See generall*y Pineiro Decl.

17.    Zarrab and his testimony have received wide-spread media coverage, including reporting from major news outlets such as the New York Times and Reuters.  Ex. 16 (Weiser, *Reza*

*Zarrab, Turk at Center*); Ex. 6 (Raymond, *U.S. Arrests Turkish Businessman*); Ex. 13 (Connor, *Reza Zarrab Takes the Stand*).

    **Response:**    Disputed, as this statement is immaterial to the resolution of the parties' motion for summary judgment. Specifically, this statement has no bearing on whether USCIS properly determined in February 2022, based on the administrative record before USCIS, to refrain from conducting a search and deny Plaintiff's February 2022 FOIA request in its entirety and USCIS's decision in June 2022 to affirm the February 2022 determination. *See generally* Panter Decl. Also, this statement has no bearing on whether CBP, based on the administrative record before it, conducted an adequate search for responsive documents and determined in October 2022 and affirmed in September 2023 to withhold in full all responsive records based on the administrative record upon which these determinations were based at that time. *See generally* Howard Decl. Further, this statement has no bearing on whether ICE, based on the administrative record before it, conducted an adequate search for responsive documents in November 2021. *See generall*y Pineiro Decl.

    18.    Zarrab's testimony was covered live via the social media platform once known as "Twitter." Ex. 20 (RFI, *Disappointed by Media*).

    **Response:**    Disputed, as this statement is immaterial to the resolution of the parties' motion for summary judgment. Specifically, this statement has no bearing on whether USCIS properly determined in February 2022, based on the administrative record before USCIS, to refrain from conducting a search and deny Plaintiff's February 2022 FOIA request in its entirety and USCIS's decision in June 2022 to affirm the February 2022 determination. *See generally* Panter Decl. Also, this statement has no bearing on whether CBP, based on the administrative record before it, conducted an adequate search for responsive documents and determined in October 2022

and affirmed in September 2023 to withhold in full all responsive records based on the administrative record upon which these determinations were based at that time. *See generally* Howard Decl. Further, this statement has no bearing on whether ICE, based on the administrative record before it, conducted an adequate search for responsive documents in November 2021. *See generall*y Pineiro Decl.

19.    USCIS issued Zarrab employment authorization under the name Aaron Goldsmith on May 8, 2020. Ex. 33 (*OCCRP ID: How Our Research Team Supports*).

**Response:**    Disputed, as this statement is immaterial to the resolution of the parties' motion for summary judgment. Specifically, this statement has no bearing on whether USCIS properly determined in February 2022, based on the administrative record before USCIS, to refrain from conducting a search and deny Plaintiff's February 2022 FOIA request in its entirety and USCIS's decision in June 2022 to affirm the February 2022 determination. *See generally* Panter Decl. Also, this statement has no bearing on whether CBP, based on the administrative record before it, conducted an adequate search for responsive documents and determined in October 2022 and affirmed in September 2023 to withhold in full all responsive records based on the administrative record upon which these determinations were based at that time. *See generally* Howard Decl. Further, this statement has no bearing on whether ICE, based on the administrative record before it, conducted an adequate search for responsive documents in November 2021. *See generall*y Pineiro Decl.

20.    Zarrab's immigration category was designated as "C14." *Id.*

**Response:**    Disputed, as this statement is immaterial to the resolution of the parties' motion for summary judgment. Specifically, this statement has no bearing on whether USCIS properly determined in February 2022, based on the administrative record before USCIS, to refrain

from conducting a search and deny Plaintiff's February 2022 FOIA request in its entirety and USCIS's decision in June 2022 to affirm the February 2022 determination. *See generally* Panter Decl. Also, this statement has no bearing on whether CBP, based on the administrative record before it, conducted an adequate search for responsive documents and determined in October 2022 and affirmed in September 2023 to withhold in full all responsive records based on the administrative record upon which these determinations were based at that time. *See generally* Howard Decl. Further, this statement has no bearing on whether ICE, based on the administrative record before it, conducted an adequate search for responsive documents in November 2021. *See generally* Pineiro Decl.

21.     The category "C14" is used for individuals who have been granted "deferred action." *Frequently Asked Questions: CIS Ombudsman*, U.S. DHS (Feb. 11, 2025), https://tinyurl.com/bdsh72w5.

**Response:**     Disputed, as this statement is immaterial to the resolution of the parties' motion for summary judgment. Specifically, this statement has no bearing on whether USCIS properly determined in February 2022, based on the administrative record before USCIS, to refrain from conducting a search and deny Plaintiff's February 2022 FOIA request in its entirety and USCIS's decision in June 2022 to affirm the February 2022 determination. *See generally* Panter Decl. Also, this statement has no bearing on whether CBP, based on the administrative record before it, conducted an adequate search for responsive documents and determined in October 2022 and affirmed in September 2023 to withhold in full all responsive records based on the administrative record upon which these determinations were based at that time. *See generally* Howard Decl. Further, this statement has no bearing on whether ICE, based on the administrative

record before it, conducted an adequate search for responsive documents in November 2021. *See generally* Pineiro Decl.

22.    Zarrab remains in the United States and resides in Florida, living what has been referred to in the press as a "lavish life." Ex. 3 (Bloss et al., *Money Launderer for Iran*).

**Response:**    Specifically, this statement has no bearing on whether USCIS properly determined in February 2022, based on the administrative record before USCIS, to refrain from conducting a search and deny Plaintiff's February 2022 FOIA request in its entirety and USCIS's decision in June 2022 to affirm the February 2022 determination. *See generally* Panter Decl. Also, this statement has no bearing on whether CBP, based on the administrative record before it, conducted an adequate search for responsive documents and determined in October 2022 and affirmed in September 2023 to withhold in full all responsive records based on the administrative record upon which these determinations were based at that time. *See generally* Howard Decl. Further, this statement has no bearing on whether ICE, based on the administrative record before it, conducted an adequate search for responsive documents in November 2021. *See generally* Pineiro Decl.

23.    Zarrab opened a $1.2 million commercial riding stable known as the Next Level Performance Center. *Id.*; Ex. 26 (Hepner, *Next Level Performance Center's Sonata MF Wows*).

**Response:**    Disputed, as this statement is immaterial to the resolution of the parties' motion for summary judgment. Specifically, this statement has no bearing on whether USCIS properly determined in February 2022, based on the administrative record before USCIS, to refrain from conducting a search and deny Plaintiff's February 2022 FOIA request in its entirety and USCIS's decision in June 2022 to affirm the February 2022 determination. *See generally* Panter Decl. Also, this statement has no bearing on whether CBP, based on the administrative record

before it, conducted an adequate search for responsive documents and determined in October 2022 and affirmed in September 2023 to withhold in full all responsive records based on the administrative record upon which these determinations were based at that time.  *See generally* Howard Decl.  Further, this statement has no bearing on whether ICE, based on the administrative record before it, conducted an adequate search for responsive documents in November 2021.  *See generall*y Pineiro Decl.

24.    Zarrab has been competing in horse races throughout the United States as pictured on the internet, including in the Miami Herald.  Becky Pearman Photography, Photograph of Reza Zarrab; Ex. 3 (Bloss et al., *Money Launderer for Iran*).

**Response:**    Disputed, as this statement is immaterial to the resolution of the parties' motion for summary judgment.  Specifically, this statement has no bearing on whether USCIS properly determined in February 2022, based on the administrative record before USCIS, to refrain from conducting a search and deny Plaintiff's February 2022 FOIA request in its entirety and USCIS's decision in June 2022 to affirm the February 2022 determination.  *See generally* Panter Decl.  Also, this statement has no bearing on whether CBP, based on the administrative record before it, conducted an adequate search for responsive documents and determined in October 2022 and affirmed in September 2023 to withhold in full all responsive records based on the administrative record upon which these determinations were based at that time.  *See generally* Howard Decl.  Further, this statement has no bearing on whether ICE, based on the administrative record before it, conducted an adequate search for responsive documents in November 2021.  *See generall*y Pineiro Decl.

25.    Zarrab created a Facebook account under the name Aaron Goldsmith and encouraged his followers to follow his new company, the Next Level Performance Center. Ex. 23 (Aaron Goldsmith Facebook).

**Response:**    Disputed, as this statement is immaterial to the resolution of the parties' motion for summary judgment.  Specifically, this statement has no bearing on whether USCIS properly determined in February 2022, based on the administrative record before USCIS, to refrain from conducting a search and deny Plaintiff's February 2022 FOIA request in its entirety and USCIS's decision in June 2022 to affirm the February 2022 determination.  *See generally* Panter Decl.  Also, this statement has no bearing on whether CBP, based on the administrative record before it, conducted an adequate search for responsive documents and determined in October 2022 and affirmed in September 2023 to withhold in full all responsive records based on the administrative record upon which these determinations were based at that time.  *See generally* Howard Decl.  Further, this statement has no bearing on whether ICE, based on the administrative record before it, conducted an adequate search for responsive documents in November 2021.  *See generally* Pineiro Decl.

26.    The Next Level Performance Center has featured him on its social media account. Ex. 25 (Next Level Performance Center Facebook).

**Response:**    Disputed, as this statement is immaterial to the resolution of the parties' motion for summary judgment.  Specifically, this statement has no bearing on whether USCIS properly determined in February 2022, based on the administrative record before USCIS, to refrain from conducting a search and deny Plaintiff's February 2022 FOIA request in its entirety and USCIS's decision in June 2022 to affirm the February 2022 determination.  *See generally* Panter Decl.  Also, this statement has no bearing on whether CBP, based on the administrative record

before it, conducted an adequate search for responsive documents and determined in October 2022 and affirmed in September 2023 to withhold in full all responsive records based on the administrative record upon which these determinations were based at that time. *See generally* Howard Decl. Further, this statement has no bearing on whether ICE, based on the administrative record before it, conducted an adequate search for responsive documents in November 2021. *See generall*y Pineiro Decl.

27. One of Zarrab's horses has been featured in an equestrian magazine. Ex. 26 (Hepner, *Next Level Performance Center's Sonata MF Wows*).

**Response:** Disputed, as this statement is immaterial to the resolution of the parties' motion for summary judgment. Specifically, this statement has no bearing on whether USCIS properly determined in February 2022, based on the administrative record before USCIS, to refrain from conducting a search and deny Plaintiff's February 2022 FOIA request in its entirety and USCIS's decision in June 2022 to affirm the February 2022 determination. *See generally* Panter Decl. Also, this statement has no bearing on whether CBP, based on the administrative record before it, conducted an adequate search for responsive documents and determined in October 2022 and affirmed in September 2023 to withhold in full all responsive records based on the administrative record upon which these determinations were based at that time. *See generally* Howard Decl. Further, this statement has no bearing on whether ICE, based on the administrative record before it, conducted an adequate search for responsive documents in November 2021. *See generall*y Pineiro Decl.

28. For a time, Zarrab also resided in a Florida condo valued at $3.65 million. Ex. 3 (Bloss et al., *Money Launderer for Iran*).

**Response:**     Disputed, as this statement is immaterial to the resolution of the parties'
motion for summary judgment.  Specifically, this statement has no bearing on whether USCIS
properly determined in February 2022, based on the administrative record before USCIS, to refrain
from conducting a search and deny Plaintiff's February 2022 FOIA request in its entirety and
USCIS's decision in June 2022 to affirm the February 2022 determination.  *See generally* Panter
Decl.  Also, this statement has no bearing on whether CBP, based on the administrative record
before it, conducted an adequate search for responsive documents and determined in October 2022
and affirmed in September 2023 to withhold in full all responsive records based on the
administrative record upon which these determinations were based at that time.  *See generally*
Howard Decl.  Further, this statement has no bearing on whether ICE, based on the administrative
record before it, conducted an adequate search for responsive documents in November 2021.  *See
generall*y Pineiro Decl.

29.     News reports suggest that he continues to engage in the same conduct to which he
pleaded guilty with access to illicit funds. *Id.*

**Response:**     Disputed, as this statement is immaterial to the resolution of the parties'
motion for summary judgment.  Specifically, this statement has no bearing on whether USCIS
properly determined in February 2022, based on the administrative record before USCIS, to refrain
from conducting a search and deny Plaintiff's February 2022 FOIA request in its entirety and
USCIS's decision in June 2022 to affirm the February 2022 determination.  *See generally* Panter
Decl.  Also, this statement has no bearing on whether CBP, based on the administrative record
before it, conducted an adequate search for responsive documents and determined in October 2022
and affirmed in September 2023 to withhold in full all responsive records based on the
administrative record upon which these determinations were based at that time.  *See generally*

Howard Decl. Further, this statement has no bearing on whether ICE, based on the administrative record before it, conducted an adequate search for responsive documents in November 2021. *See generall*y Pineiro Decl.

30.    Zarrab threatened to release audio recordings and videos on his Instagram account after a Turkish TV presenter and actress publicly criticized him for having an affair. Ex. 22 (Takvim, *Zarrab Revelation*).

**Response:**    Disputed, as this statement is immaterial to the resolution of the parties' motion for summary judgment. Specifically, this statement has no bearing on whether USCIS properly determined in February 2022, based on the administrative record before USCIS, to refrain from conducting a search and deny Plaintiff's February 2022 FOIA request in its entirety and USCIS's decision in June 2022 to affirm the February 2022 determination. *See generally* Panter Decl. Also, this statement has no bearing on whether CBP, based on the administrative record before it, conducted an adequate search for responsive documents and determined in October 2022 and affirmed in September 2023 to withhold in full all responsive records based on the administrative record upon which these determinations were based at that time. *See generally* Howard Decl. Further, this statement has no bearing on whether ICE, based on the administrative record before it, conducted an adequate search for responsive documents in November 2021. *See generall*y Pineiro Decl.

31.    In June 2024, the press reported that Zarrab married Dilara Altıntop, a Turkish socialite, in Miami. Ex. 27 (ODA TV, *He Married a Socialite*).

**Response:**    Disputed, as this statement is immaterial to the resolution of the parties' motion for summary judgment. Specifically, this statement has no bearing on whether USCIS properly determined in February 2022, based on the administrative record before USCIS, to refrain

from conducting a search and deny Plaintiff's February 2022 FOIA request in its entirety and USCIS's decision in June 2022 to affirm the February 2022 determination. *See generally* Panter Decl. Also, this statement has no bearing on whether CBP, based on the administrative record before it, conducted an adequate search for responsive documents and determined in October 2022 and affirmed in September 2023 to withhold in full all responsive records based on the administrative record upon which these determinations were based at that time. *See generally* Howard Decl. Further, this statement has no bearing on whether ICE, based on the administrative record before it, conducted an adequate search for responsive documents in November 2021. *See generall*y Pineiro Decl.

32.    Zarrab denied the rumor on his social media platform that has over 63,000 followers. Ex. 28 (MaviKadin, *A Clear Response*); Ex. 37 (Decl. of Omer Er).

**Response:**    Disputed, as this statement is immaterial to the resolution of the parties' motion for summary judgment. Specifically, this statement has no bearing on whether USCIS properly determined in February 2022, based on the administrative record before USCIS, to refrain from conducting a search and deny Plaintiff's February 2022 FOIA request in its entirety and USCIS's decision in June 2022 to affirm the February 2022 determination. *See generally* Panter Decl. Also, this statement has no bearing on whether CBP, based on the administrative record before it, conducted an adequate search for responsive documents and determined in October 2022 and affirmed in September 2023 to withhold in full all responsive records based on the administrative record upon which these determinations were based at that time. *See generally* Howard Decl. Further, this statement has no bearing on whether ICE, based on the administrative record before it, conducted an adequate search for responsive documents in November 2021. *See generall*y Pineiro Decl.

33.     In January 2025, Zarrab officially married Altıntop in Florida. Ex. 31 (Sözcü, *3-Day, 3-Night Wedding*); Ex. 32 (Türkiye Today, *Zarrab Weds in Miami Spectacle*).

**Response:**     Disputed, as this statement is immaterial to the resolution of the parties' motion for summary judgment.  Specifically, this statement has no bearing on whether USCIS properly determined in February 2022, based on the administrative record before USCIS, to refrain from conducting a search and deny Plaintiff's February 2022 FOIA request in its entirety and USCIS's decision in June 2022 to affirm the February 2022 determination.  *See generally* Panter Decl.  Also, this statement has no bearing on whether CBP, based on the administrative record before it, conducted an adequate search for responsive documents and determined in October 2022 and affirmed in September 2023 to withhold in full all responsive records based on the administrative record upon which these determinations were based at that time.  *See generally* Howard Decl.  Further, this statement has no bearing on whether ICE, based on the administrative record before it, conducted an adequate search for responsive documents in November 2021.  *See generall*y Pineiro Decl.

34.     Zarrab and Altıntop's wedding received extensive press coverage, including reporting about the table settings and custom wedding dresses worn by Altintop.  *Id.*

**Response:**     Disputed, as this statement is immaterial to the resolution of the parties' motion for summary judgment.  Specifically, this statement has no bearing on whether USCIS properly determined in February 2022, based on the administrative record before USCIS, to refrain from conducting a search and deny Plaintiff's February 2022 FOIA request in its entirety and USCIS's decision in June 2022 to affirm the February 2022 determination.  *See generally* Panter Decl.  Also, this statement has no bearing on whether CBP, based on the administrative record before it, conducted an adequate search for responsive documents and determined in October 2022

and affirmed in September 2023 to withhold in full all responsive records based on the administrative record upon which these determinations were based at that time. *See generally* Howard Decl. Further, this statement has no bearing on whether ICE, based on the administrative record before it, conducted an adequate search for responsive documents in November 2021. *See generall*y Pineiro Decl.

35.    A "Google" search of Reza Zarrab reveals the details of his crimes. Ex. 3 (Bloss et al., *Money Launderer for Iran*); Ex. 2 (OCCRP, *Who is Reza Zarrab?*).

**Response:**    Disputed, as this statement is immaterial to the resolution of the parties' motion for summary judgment. Specifically, this statement has no bearing on whether USCIS properly determined in February 2022, based on the administrative record before USCIS, to refrain from conducting a search and deny Plaintiff's February 2022 FOIA request in its entirety and USCIS's decision in June 2022 to affirm the February 2022 determination. *See generally* Panter Decl. Also, this statement has no bearing on whether CBP, based on the administrative record before it, conducted an adequate search for responsive documents and determined in October 2022 and affirmed in September 2023 to withhold in full all responsive records based on the administrative record upon which these determinations were based at that time. *See generally* Howard Decl. Further, this statement has no bearing on whether ICE, based on the administrative record before it, conducted an adequate search for responsive documents in November 2021. *See generall*y Pineiro Decl.

## HÜSEYIN KORKMAZ

36.    Hüseyin Korkmaz died on January 5, 2025 from cancer. Ex. 43 (Voice of Am.,*Hüseyin Korkmaz Died in the USA*); Ex. 44 (Cumhuriyet, *Critical Witness Dies*); Ex. 45 (Palmyrah Home for Funerals, *Korkmaz Obituary*).

**Response:**    Disputed, as this statement is immaterial to the resolution of the parties' motion for summary judgment.  Specifically, this statement has no bearing on whether USCIS properly determined in February 2022, based on the administrative record before USCIS, to refrain from conducting a search and deny Plaintiff's February 2022 FOIA request in its entirety and USCIS's decision in June 2022 to affirm the February 2022 determination.  *See generally* Panter Decl.  Also, this statement has no bearing on whether CBP, based on the administrative record before it, conducted an adequate search for responsive documents and determined in October 2022 and affirmed in September 2023 to withhold in full all responsive records based on the administrative record upon which these determinations were based at that time.  *See generally* Howard Decl.  Further, this statement has no bearing on whether ICE, based on the administrative record before it, conducted an adequate search for responsive documents in November 2021.  *See generall*y Pineiro Decl.

37.    At the time of his arrival in the United States, Korkmaz was not a citizen of the United States. Ex. 1 (*Atilla* Tr. at 1564 (Korkmaz)).

**Response:**    Disputed, as this statement is immaterial to the resolution of the parties' motion for summary judgment.  Specifically, this statement has no bearing on whether USCIS properly determined in February 2022, based on the administrative record before USCIS, to refrain from conducting a search and deny Plaintiff's February 2022 FOIA request in its entirety and USCIS's decision in June 2022 to affirm the February 2022 determination.  *See generally* Panter Decl.  Also, this statement has no bearing on whether CBP, based on the administrative record before it, conducted an adequate search for responsive documents and determined in October 2022 and affirmed in September 2023 to withhold in full all responsive records based on the administrative record upon which these determinations were based at that time.  *See generally*

Howard Decl.  Further, this statement has no bearing on whether ICE, based on the administrative record before it, conducted an adequate search for responsive documents in November 2021.  *See generally* Pineiro Decl.

38.    Korkmaz was a former police officer in Türkiye who participated in the investigation of Zarrab. *See id.* at 1279-80.

**Response:**    Disputed, as this statement is immaterial to the resolution of the parties' motion for summary judgment.  Specifically, this statement has no bearing on whether USCIS properly determined in February 2022, based on the administrative record before USCIS, to refrain from conducting a search and deny Plaintiff's February 2022 FOIA request in its entirety and USCIS's decision in June 2022 to affirm the February 2022 determination.  *See generally* Panter Decl.  Also, this statement has no bearing on whether CBP, based on the administrative record before it, conducted an adequate search for responsive documents and determined in October 2022 and affirmed in September 2023 to withhold in full all responsive records based on the administrative record upon which these determinations were based at that time.  *See generally* Howard Decl.  Further, this statement has no bearing on whether ICE, based on the administrative record before it, conducted an adequate search for responsive documents in November 2021.  *See generally* Pineiro Decl.

39.    Following the investigation, Korkmaz was fired from his post and charged with multiple crimes.  *Id.* at 1728.

**Response:**    Disputed, as this statement is immaterial to the resolution of the parties' motion for summary judgment.  Specifically, this statement has no bearing on whether USCIS properly determined in February 2022, based on the administrative record before USCIS, to refrain from conducting a search and deny Plaintiff's February 2022 FOIA request in its entirety and

USCIS's decision in June 2022 to affirm the February 2022 determination.  *See generally* Panter Decl.  Also, this statement has no bearing on whether CBP, based on the administrative record before it, conducted an adequate search for responsive documents and determined in October 2022 and affirmed in September 2023 to withhold in full all responsive records based on the administrative record upon which these determinations were based at that time.  *See generally* Howard Decl.  Further, this statement has no bearing on whether ICE, based on the administrative record before it, conducted an adequate search for responsive documents in November 2021.  *See generally* Pineiro Decl.

40.    Korkmaz later stole some of the evidence from the investigation.  *Id.* at 1385-92.

**Response:**    Disputed, as this statement is immaterial to the resolution of the parties' motion for summary judgment.  Specifically, this statement has no bearing on whether USCIS properly determined in February 2022, based on the administrative record before USCIS, to refrain from conducting a search and deny Plaintiff's February 2022 FOIA request in its entirety and USCIS's decision in June 2022 to affirm the February 2022 determination.  *See generally* Panter Decl.  Also, this statement has no bearing on whether CBP, based on the administrative record before it, conducted an adequate search for responsive documents and determined in October 2022 and affirmed in September 2023 to withhold in full all responsive records based on the administrative record upon which these determinations were based at that time.  *See generally* Howard Decl.  Further, this statement has no bearing on whether ICE, based on the administrative record before it, conducted an adequate search for responsive documents in November 2021.  *See generally* Pineiro Decl.

41.    Korkmaz hired a smuggler to leave Türkiye.  *Id.* at 1389.

**Response:**     Disputed, as this statement is immaterial to the resolution of the parties'
motion for summary judgment.  Specifically, this statement has no bearing on whether USCIS
properly determined in February 2022, based on the administrative record before USCIS, to refrain
from conducting a search and deny Plaintiff's February 2022 FOIA request in its entirety and
USCIS's decision in June 2022 to affirm the February 2022 determination.  *See generally* Panter
Decl.  Also, this statement has no bearing on whether CBP, based on the administrative record
before it, conducted an adequate search for responsive documents and determined in October 2022
and affirmed in September 2023 to withhold in full all responsive records based on the
administrative record upon which these determinations were based at that time.  *See generally*
Howard Decl.  Further, this statement has no bearing on whether ICE, based on the administrative
record before it, conducted an adequate search for responsive documents in November 2021.  *See
generall*y Pineiro Decl.

42.     Korkmaz then traveled through various countries without authorization, taking
evidence in Türkiye, and fleeing to the United States. Adem Yavuz Arslan, *"Kral Çiplak" Diyen
Polis Anlatiyor [The Police Man Who Said 'The King Is Naked' Explains]*, YouTube (Jan. 26,
2025), https://tinyurl.com/2mwz2kzc; Ex. 37 (Decl. of Omer Er).

**Response:**     Disputed, as this statement is immaterial to the resolution of the parties'
motion for summary judgment.  Specifically, this statement has no bearing on whether USCIS
properly determined in February 2022, based on the administrative record before USCIS, to refrain
from conducting a search and deny Plaintiff's February 2022 FOIA request in its entirety and
USCIS's decision in June 2022 to affirm the February 2022 determination.  *See generally* Panter
Decl.  Also, this statement has no bearing on whether CBP, based on the administrative record
before it, conducted an adequate search for responsive documents and determined in October 2022

and affirmed in September 2023 to withhold in full all responsive records based on the administrative record upon which these determinations were based at that time. *See generally* Howard Decl. Further, this statement has no bearing on whether ICE, based on the administrative record before it, conducted an adequate search for responsive documents in November 2021. *See generally* Pineiro Decl.

43.     During his flight, U.S. authorities informed Korkmaz that he could not enter the United States without a passport. Ex. 1 (*Atilla* Tr. at 1390 (Korkmaz)).

**Response:**     Disputed, as this statement is immaterial to the resolution of the parties' motion for summary judgment. Specifically, this statement has no bearing on whether USCIS properly determined in February 2022, based on the administrative record before USCIS, to refrain from conducting a search and deny Plaintiff's February 2022 FOIA request in its entirety and USCIS's decision in June 2022 to affirm the February 2022 determination. *See generally* Panter Decl. Also, this statement has no bearing on whether CBP, based on the administrative record before it, conducted an adequate search for responsive documents and determined in October 2022 and affirmed in September 2023 to withhold in full all responsive records based on the administrative record upon which these determinations were based at that time. *See generally* Howard Decl. Further, this statement has no bearing on whether ICE, based on the administrative record before it, conducted an adequate search for responsive documents in November 2021. *See generally* Pineiro Decl.

44.     Korkmaz obtained a passport from another country using a false name and used this passport to enter the United States. *Id.* at 1383-84, 1389-90.

**Response:**     Disputed, as this statement is immaterial to the resolution of the parties' motion for summary judgment. Specifically, this statement has no bearing on whether USCIS

properly determined in February 2022, based on the administrative record before USCIS, to refrain from conducting a search and deny Plaintiff's February 2022 FOIA request in its entirety and USCIS's decision in June 2022 to affirm the February 2022 determination. *See generally* Panter Decl. Also, this statement has no bearing on whether CBP, based on the administrative record before it, conducted an adequate search for responsive documents and determined in October 2022 and affirmed in September 2023 to withhold in full all responsive records based on the administrative record upon which these determinations were based at that time. *See generally* Howard Decl. Further, this statement has no bearing on whether ICE, based on the administrative record before it, conducted an adequate search for responsive documents in November 2021. *See generally* Pineiro Decl.

45.     Upon his arrival in the United States, Korkmaz gave U.S. authorities the evidence he had stolen from Türkiye. *Id.* at 1391-92.

**Response:**     Disputed, as this statement is immaterial to the resolution of the parties' motion for summary judgment. Specifically, this statement has no bearing on whether USCIS properly determined in February 2022, based on the administrative record before USCIS, to refrain from conducting a search and deny Plaintiff's February 2022 FOIA request in its entirety and USCIS's decision in June 2022 to affirm the February 2022 determination. *See generally* Panter Decl. Also, this statement has no bearing on whether CBP, based on the administrative record before it, conducted an adequate search for responsive documents and determined in October 2022 and affirmed in September 2023 to withhold in full all responsive records based on the administrative record upon which these determinations were based at that time. *See generally* Howard Decl. Further, this statement has no bearing on whether ICE, based on the administrative

record before it, conducted an adequate search for responsive documents in November 2021.  *See generally* Pineiro Decl.

46.    The FBI reimbursed Korkmaz $50,000 for his travels.  *Id.* at 1564.

**Response:**    Disputed, as this statement is immaterial to the resolution of the parties' motion for summary judgment.  Specifically, this statement has no bearing on whether USCIS properly determined in February 2022, based on the administrative record before USCIS, to refrain from conducting a search and deny Plaintiff's February 2022 FOIA request in its entirety and USCIS's decision in June 2022 to affirm the February 2022 determination.  *See generally* Panter Decl.  Also, this statement has no bearing on whether CBP, based on the administrative record before it, conducted an adequate search for responsive documents and determined in October 2022 and affirmed in September 2023 to withhold in full all responsive records based on the administrative record upon which these determinations were based at that time.  *See generally* Howard Decl.  Further, this statement has no bearing on whether ICE, based on the administrative record before it, conducted an adequate search for responsive documents in November 2021.  *See generally* Pineiro Decl.

47.    Korkmaz testified for the U.S. Attorney's Office in *United States v. Atilla*, No. 15-867-RMB (S.D.N.Y.) over a four-day period.  *See generally id.*

**Response:**    Disputed, as this statement is immaterial to the resolution of the parties' motion for summary judgment.  Specifically, this statement has no bearing on whether USCIS properly determined in February 2022, based on the administrative record before USCIS, to refrain from conducting a search and deny Plaintiff's February 2022 FOIA request in its entirety and USCIS's decision in June 2022 to affirm the February 2022 determination.  *See generally* Panter Decl.  Also, this statement has no bearing on whether CBP, based on the administrative record

before it, conducted an adequate search for responsive documents and determined in October 2022 and affirmed in September 2023 to withhold in full all responsive records based on the administrative record upon which these determinations were based at that time.  *See generally* Howard Decl.  Further, this statement has no bearing on whether ICE, based on the administrative record before it, conducted an adequate search for responsive documents in November 2021.  *See generall*y Pineiro Decl.

48.     During his testimony, he admitted to stealing evidence from Türkiye and smuggling it out of the country. *Id.* at 1385-92.

**Response:**     Disputed, as this statement is immaterial to the resolution of the parties' motion for summary judgment.  Specifically, this statement has no bearing on whether USCIS properly determined in February 2022, based on the administrative record before USCIS, to refrain from conducting a search and deny Plaintiff's February 2022 FOIA request in its entirety and USCIS's decision in June 2022 to affirm the February 2022 determination.  *See generally* Panter Decl.  Also, this statement has no bearing on whether CBP, based on the administrative record before it, conducted an adequate search for responsive documents and determined in October 2022 and affirmed in September 2023 to withhold in full all responsive records based on the administrative record upon which these determinations were based at that time.  *See generally* Howard Decl.  Further, this statement has no bearing on whether ICE, based on the administrative record before it, conducted an adequate search for responsive documents in November 2021.  *See generall*y Pineiro Decl.

49.     Korkmaz also testified that he was granted employment authorization in the United States. *Id.* at 1564.

**Response:**    Disputed, as this statement is immaterial to the resolution of the parties' motion for summary judgment.  Specifically, this statement has no bearing on whether USCIS properly determined in February 2022, based on the administrative record before USCIS, to refrain from conducting a search and deny Plaintiff's February 2022 FOIA request in its entirety and USCIS's decision in June 2022 to affirm the February 2022 determination.  *See generally* Panter Decl.  Also, this statement has no bearing on whether CBP, based on the administrative record before it, conducted an adequate search for responsive documents and determined in October 2022 and affirmed in September 2023 to withhold in full all responsive records based on the administrative record upon which these determinations were based at that time.  *See generally* Howard Decl.  Further, this statement has no bearing on whether ICE, based on the administrative record before it, conducted an adequate search for responsive documents in November 2021.  *See generall*y Pineiro Decl.

50.    Korkmaz's testimony received extensive media coverage including on the platform then known as "Twitter."  Ex. 35 (Weiser, *Officer Said He Fled*); Ex. 38 (Daily Sabah, *Korkmaz Confesses*); Ex. 42 (@PeteBrush, X.com).

**Response:**    Disputed, as this statement is immaterial to the resolution of the parties' motion for summary judgment.  Specifically, this statement has no bearing on whether USCIS properly determined in February 2022, based on the administrative record before USCIS, to refrain from conducting a search and deny Plaintiff's February 2022 FOIA request in its entirety and USCIS's decision in June 2022 to affirm the February 2022 determination.  *See generally* Panter Decl.  Also, this statement has no bearing on whether CBP, based on the administrative record before it, conducted an adequate search for responsive documents and determined in October 2022 and affirmed in September 2023 to withhold in full all responsive records based on the

administrative record upon which these determinations were based at that time.  *See generally* Howard Decl.  Further, this statement has no bearing on whether ICE, based on the administrative record before it, conducted an adequate search for responsive documents in November 2021.  *See generall*y Pineiro Decl.

51.    Following his testimony, Korkmaz started a YouTube Channel.  Ex. 37 (Decl. of Omer Er).

**Response:**    Disputed, as this statement is immaterial to the resolution of the parties' motion for summary judgment.  Specifically, this statement has no bearing on whether USCIS properly determined in February 2022, based on the administrative record before USCIS, to refrain from conducting a search and deny Plaintiff's February 2022 FOIA request in its entirety and USCIS's decision in June 2022 to affirm the February 2022 determination.  *See generally* Panter Decl.  Also, this statement has no bearing on whether CBP, based on the administrative record before it, conducted an adequate search for responsive documents and determined in October 2022 and affirmed in September 2023 to withhold in full all responsive records based on the administrative record upon which these determinations were based at that time.  *See generally* Howard Decl.  Further, this statement has no bearing on whether ICE, based on the administrative record before it, conducted an adequate search for responsive documents in November 2021.  *See generall*y Pineiro Decl.

52.    Prior to his death, Korkmaz gave an interview that was published on YouTube.  *Id.*

**Response:**    Disputed, as this statement is immaterial to the resolution of the parties' motion for summary judgment.  Specifically, this statement has no bearing on whether USCIS properly determined in February 2022, based on the administrative record before USCIS, to refrain from conducting a search and deny Plaintiff's February 2022 FOIA request in its entirety and

USCIS's decision in June 2022 to affirm the February 2022 determination. *See generally* Panter Decl. Also, this statement has no bearing on whether CBP, based on the administrative record before it, conducted an adequate search for responsive documents and determined in October 2022 and affirmed in September 2023 to withhold in full all responsive records based on the administrative record upon which these determinations were based at that time. *See generally* Howard Decl. Further, this statement has no bearing on whether ICE, based on the administrative record before it, conducted an adequate search for responsive documents in November 2021. *See generall*y Pineiro Decl.

53.     A "Google" search of Hüseyin Korkmaz reveals the details of his crimes. Ex. 35 (Weiser, *Officer Said He Fled*); Ex. 38 (Daily Sabah, *Korkmaz Confesses*).

**Response:**     Disputed, as this statement is immaterial to the resolution of the parties' motion for summary judgment. Specifically, this statement has no bearing on whether USCIS properly determined in February 2022, based on the administrative record before USCIS, to refrain from conducting a search and deny Plaintiff's February 2022 FOIA request in its entirety and USCIS's decision in June 2022 to affirm the February 2022 determination. *See generally* Panter Decl. Also, this statement has no bearing on whether CBP, based on the administrative record before it, conducted an adequate search for responsive documents and determined in October 2022 and affirmed in September 2023 to withhold in full all responsive records based on the administrative record upon which these determinations were based at that time. *See generally* Howard Decl. Further, this statement has no bearing on whether ICE, based on the administrative record before it, conducted an adequate search for responsive documents in November 2021. *See generall*y Pineiro Decl.

## U.S. CUSTOMS & BORDER PROTECTION REQUEST

54.     In a letter dated August 23, 2021, Plaintiff submitted a FOIA request to CBP requesting records relating to Reza Zarrab and Hüseyin Korkmaz.  Ex. 39 (Initial CBP Request).

**Response:**     Undisputed with clarifications.  Plaintiff submitted a FOIA request to CBP; however, the request submitted to CBP did not seek "all records pertaining to Reza Zarrab and Hüseyin Korkmaz."  The FOIA request dated August 23, 2021, sought "all records …referring or relating to any of the following:

1.    Reza Zarrab (date of birth []), a/k/a Riza Zarrab, a/k/a Reza Sarraf, a/k/a Riza Sarraf, an individual that has pleaded guilty to sanctions evasion in the Southern District of New York, *see* Case No. 1:15-cr-00867-RMB;

2.    Royal Holding, A.S., a company affiliated with Reza Zarrab;

3.    Royal Group, a company affiliated with Reza Zarrab;

4.    Atlantis Capital, a company affiliated with Reza Zarrab;

5.    Bella Investments, a company affiliated with Reza Zarrab;

6.    Mohammad Zarrab, a/k/a Mohammad Sarraf, the brother of Reza Zarrab who has been indicted for sanctions evasion in the Southern District of New York, *see* Case No. 1:15-cr-00867-RMB;

7.    Hossein Zarrab, a/k/a Hossein Sarraf, father of Reza Zarrab;

8.    Al Nafees Exchange LLC, a company affiliated with Reza Zarrab and Hossein Zarrab;

9.    Abdullah Happani, an individual that has been indicted for sanctions evasion in the Southern District of New York, *see* Case No. 1:15-cr-00867-RMB;

10.    Camelia Jamshidy, an individual that has been indicted for sanctions evasion in the Southern District of New York, *see* Case No. 1:15-cr-00867-RMB;

11.    Hossein Najafzadeh, an individual that has been indicted for sanctions evasion in the Southern District of New York, *see* Case No. 1:15-cr-00867-RMB; and

> 12. Huseyin Korkmaz, an individual that is mentioned in government pleadings in a sanctions evasion case in the Southern District of New York, *see* Case No. 1:15-cr-00867-RMB."

*See* Howard Decl. ¶ 6, Ex. 1 (FOIA Request). The request further limited the search to "documents created from January 1, 2007, through the date of this search." *Id.*

55. In a letter dated August 27, 2021, CBP closed Plaintiff's request stating that the request was reviewed as a third-party request and no information would be released. Ex. 40 (CBP Closure dtd. 08/27/2021).

**Response:**    Undisputed.

56. In a letter dated January 19, 2022, Plaintiff administratively appealed the denial. Ex. 41 (Plaintiff's First Appeal).

**Response:**    Undisputed.

57. In a letter dated February 23, 2022, CBP granted Plaintiff's appeal and remanded the request to CBP's FOIA Division for processing. Ex. 36 (CBP Grants First Appeal).

**Response:**    Undisputed.

58. On remand, CBP issued Plaintiff an invoice for processing fees in the amount of $5,960. Ex. 46 (CBP Fee & Payment).

**Response:**    Undisputed.

59. Plaintiff remitted CBP payment for the invoiced amount. *Id.*

**Response:**    Undisputed.

60. In a letter dated October 4, 2022, CBP advised Plaintiff via letter that a search of CBP databases had produced records but those would be withheld pursuant to 5 U.S.C. § 552 (b)(6), (b)(7)(C), and (b)(7)(E). Ex. 47 (CBP Letter dtd. 10/04/2022).

**Response:** Undisputed with the clarification that CBP also notified Plaintiff that "[b]ased on the information [Plaintiff] provided, there [were] no records for the businesses listed in [Plaintiff's] request." Howard Decl. ¶ 22, Ex. 15 (CBP Determination).

61. In a letter dated December 28, 2022, Plaintiff appealed the denial. *See* Ex. 48 (Plaintiff's Second Appeal & Affirmance).

**Response:** Undisputed with the clarification that Plaintiff did not appeal the adequacy of CBP's search or challenge the threshold requirement under Exemption 7. *See* Pl.'s Ex. 48 (Plaintiff's Second Appeal & Affirmance).

62. In a letter dated September 26, 2023, CBP affirmed the decision of the FOIA division, withholding all records in full. *Id.*

**Response:** Undisputed.

63. Plaintiff exhausted its administrative remedies.

**Response:** Disputed, on the grounds that Plaintiff blends alleged factual assertions with legal argument. *See Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner*, 101 F.3d 145, 151 (D.C. Cir. 1996) (finding that Plaintiff blending alleged factual assertions with argument regarding their legal significance inadequate under the predecessor to Local Rule 7(h)); *Toomer v. Carter*, Civ. A. No. 11-02216 (EGS/GMH), 2016 WL 9344023, at *4 (D.D.C. Mar. 24, 2016), *report and recommendation adopted sub nom. Toomer v. Mattis*, 266 F. Supp. 3d 184 (D.D.C. 2017) (finding that responses to the statement of material facts fall short of Local Rule 7(h)'s requirements where "they are replete with legal argument, argument regarding the inferences to be drawn from the facts, and assertions of other facts…").

64. On August 9, 2024, Plaintiff brought suit against CBP. ECF 1 (Complaint).

**Response:** Undisputed.

65.     In a November 4, 2024, Joint Status Report, Defendant's counsel stated: "CBP does not intend on producing records in response to Plaintiff's FOIA request nor anticipate filing a *Vaughn* index. CBP's position is that the existence or nonexistence of material requested by Plaintiff regarding the individuals listed in Plaintiff's request is exempt from disclosure pursuant to FOIA Exemptions (b)(6) and (b)(7)(C), as disclosure of additional information regarding the listed individuals' records would itself betray the privacy interests protected by those exemptions." Ex. 49 (Joint Status Report (Nov. 4, 2024)).

**Response:**     Undisputed with the clarification that CBP also noted "[it] reserves the right to assert other applicable exemptions and move for summary judgment on other grounds." *See* Pl.'s Ex. 49 (Joint Status Report (Nov. 4, 2024)).

66.     In a December 19, 2024, Joint Status Report, Defendant's counsel stated: "CBP's position is that the existence or nonexistence of material requested by Plaintiff regarding the individuals listed in Plaintiff's request is exempt from disclosure pursuant to FOIA Exemptions (b)(6) and (b)(7)(C), as disclosure of additional information regarding the listed individuals' records would itself betray the privacy interests protected by those exemptions and therefore, CBP does not intend on producing records in response to Plaintiff's FOIA request nor anticipate filing a *Vaughn* index."  Ex. 50 (Joint Status Report (Dec. 19, 2024)).

**Response:**     Undisputed with the clarification that CBP also noted "[it] reserves the right to assert other applicable exemptions and move for summary judgment on other grounds." *See* Pl.'s Ex. 50 (Joint Status Report (Dec. 19, 2024)).

### UNITED STATES CITIZENSHIP & IMMIGRATION SERVICES REQUEST

67.    In January 2022, Plaintiff submitted a FOIA request to USCIS asking for documents relating to Reza Zarrab and Hüseyin Korkmaz, which was immediately closed.  Ex. 51 (USCIS Initial Request).

**Response:**    Disputed, as this statement is immaterial to the resolution of the parties' motion for summary judgment.  The parties agreed that this FOIA request is not at issue in this litigation.  *See* Pl.'s Ex. 50 (Joint Status Report (Dec. 19, 2024)) at 3 n.2.

68.    In a letter dated February 2, 2022, Plaintiff submitted a request for records under FOIA to USCIS asking for several categories of records and communications for Zarrab and Korkmaz. Ex. 52 (USCIS Request).

**Response:**    Undisputed with clarifications.  Plaintiff submitted a FOIA request to USCIS; however, the request submitted to USCIS, and at issue in this litigation, did not seek "several categories of records and communications for Zarrab and Korkmaz."  The FOIA request dated February 2, 2022, sought "all records . . . that mention any of the following:

3.    Reza Zarrab (date of birth []), a/k/a Riza Zarrab, a/k/a Reza Sarraf, a/k/a Riza Sarraf, a/k/a Aaron Goldsmith, an individual that has pleaded guilty to sanctions evasion in the Southern District of New York, see Case No. I: l 5-cr-00867-RMB; and

4.    Huseyin Korkmaz, an individual that is mentioned in government pleadings in a sanctions evasion case in the Southern District of New York, see Case No. I: l 5-cr-00867-RMB."

*See* Panter Decl. ¶ 6, Ex. 1 (FOIA Request).  The request further limited the search to "documents created from December of 2013, through the date of this search."  *Id.* at ¶ 7.

69.    In letters dated February 15, 2022, USCIS denied the requests for records pertaining to Zarrab and Korkmaz in their entirety pursuant to 5 U.S.C. § 552(b)(6).  *See* Ex. 53 (USCIS Zarrab Letter dtd. 02/15/2022); Ex. 54 (USCIS Korkmaz Letter dtd. 02/15/2022).

**Response:**    Undisputed with clarifications.  The request that is at issue in this matter and submitted to USCIS sought "all records . . . that mention any of the following:

1.    Reza Zarrab (date of birth []), a/k/a Riza Zarrab, a/k/a Reza Sarraf, a/k/a Riza Sarraf, a/k/a Aaron Goldsmith, an individual that has pleaded guilty to sanctions evasion in the Southern District of New York, see Case No. I: 1 5-cr-00867-RMB; and

2.    Huseyin Korkmaz, an individual that is mentioned in government pleadings in a sanctions evasion case in the Southern District of New York, see Case No. I: 1 5-cr-00867-RMB."

*See* Panter Decl. ¶ 6, Ex. 1 (FOIA Request).

70.    In a letter dated May 11, 2022, Plaintiff appealed the denial as to records for Zarrab and Korkmaz.  Ex. 55 (Plaintiff's First Appeal).

**Response:**    Undisputed with the clarification that Plaintiff filed an administrative appeal of USCIS's February 15, 2022, responses denying Plaintiff's FOIA request in its entirety. *See* Pl.'s Ex. 55 (Plaintiff's First Appeal).

71.    In letters dated June 10, 2022, USCIS denied the appeals, affirming the decisions to withhold records responsive to Plaintiff's requests in their entirety pursuant to 5 U.S.C. § 552(b)(6).  Ex. 56 (USCIS Affirms Appeals dtd. 06/10/2022).

**Response:**    Disputed, on the grounds that USCIS denied Plaintiff's request in its entirety pursuant to FOIA Exemption 6 and the USCIS FOIA Office did not conduct a search for responsive records, as it determined that information regarding whether or not USCIS maintained documents pertaining to Zarrab or Korkmaz was privacy protected information exempt from

disclosure pursuant to FOIA Exemption 6.  *See* Panter Decl. ¶ 9.  Also, in letters dated June 10, 2022, USCIS's appeals authority upheld the USCIS FOIA Office's decision to deny the February 2022 requests in their entirety pursuant to FOIA Exemption 6.  *Id.* ¶ 15

72.    Plaintiff exhausted its administrative remedies.

**Response:**    Disputed, on the grounds that Plaintiff blends alleged factual assertions with legal argument.  *See Jackson*, 101 F.3d at 151; *Toomer*, 2016 WL 9344023, at *4.

73.    On August 9, 2024, Plaintiff brought suit against USCIS. ECF 1 (Complaint).

**Response:**    Undisputed.

74.    In a November 4, 2024, Joint Status Report, Defendant's counsel stated: "USCIS does not intend on producing records in response to Plaintiff's FOIA requests nor anticipates filing a *Vaughn* index."  Ex. 49 (Joint Status Report (Nov. 4, 2024)).

**Response:**    Undisputed with the clarification that USCIS also stated "that the existence or nonexistence of material requested by Plaintiff is exempt from disclosure pursuant to FOIA Exemption (b)6" and "[it] reserves the right to assert other applicable exemptions and move for summary judgment on other grounds."  *See* Pl.'s Ex. 49 (Joint Status Report (Nov. 4, 2024)).

75.    In a December 19, 2024, Joint Status Report, Defendant's counsel stated: "USCIS's position is that the existence or nonexistence of material requested by Plaintiff is exempt from disclosure pursuant to FOIA Exemption (b)(6) and therefore, USCIS does not intend on producing records in response to Plaintiff's FOIA requests nor anticipates filing a *Vaughn* index."  Ex. 50 (Joint Status Report (Dec. 19, 2024)).

**Response:**    Undisputed with the clarification that CBP also noted "[it] reserves the right to assert other applicable exemptions and move for summary judgment on other grounds."  Pl.'s Ex. 50 (Joint Status Report (Dec. 19, 2024)).

**U.S. IMMIGRATION & CUSTOMS ENFORCEMENT REQUEST**

76.     In a letter dated October 19, 2021, Plaintiff submitted a FOIA request to DHS, requesting several categories of records and communications, including records regarding Reza Zarrab and Hüseyin Korkmaz.  *See* Ex. 57 (Initial DHS request).

**Response:**     Undisputed.

77.     DHS transferred the request to ICE for processing.  *See* Ex. 58 (DHS Letter dtd. 11/03/2021).

**Response:**     Undisputed with the clarification that Plaintiff also did not challenge the transfer.  Pineiro Decl. ¶ 5.

78.     In a letter dated December 1, 2021, ICE notified Plaintiff that ICE had considered Plaintiff's request but that no records responsive to the request had been located.  *See* Ex. 59 (ICE Letter dtd. 12/01/2021).

**Response:**     Undisputed.

79.     In a letter dated January 4, 2022, Plaintiff appealed ICE's determination arguing that ICE failed to conduct an adequate search as to all individuals and entities listed in the request. *See* Ex. 60 (Plaintiff's First ICE Appeal).

**Response:**     Undisputed.

80.     In a letter dated February 1, 2022, ICE denied Plaintiff's appeal, stating: "Based on a complete review of the administrative record and the search documentation which led to the determination on your FOIA request, ICE finds the search was adequate in all respects and was reasonably calculated to uncover all relevant documents."  Ex. 61 (ICE Appeal Determination).

**Response:**     Undisputed.

81.    Plaintiff exhausted its administrative remedies.

**Response:**    Disputed, on the grounds that Plaintiff blends alleged factual assertions with legal argument.  *See Jackson*, 101 F.3d at 151; *Toomer*, 2016 WL 9344023, at *4.

82.    On August 9, 2024, Plaintiff brought suit against ICE. *See* ECF 1 (Complaint).

**Response:**    Undisputed.

83.    On December 18, 2024, ICE informed Plaintiff, through Defendant's counsel, that on November 4, 2021, a Homeland Security Investigations Special Agent conducted a search of the Investigative Case Management System.  *See* Ex. 62 (Email from S. Johnson dtd. 12/18/2024).

**Response:**    Undisputed.

84.    The search terms included: "Reza/Riza Zarrab/Sarraf," and "Huzeyin Korkmaz" [*sic*].  *Id.*

**Response:**    Undisputed with the clarification that the search terms included: "Reza Zarrab"; "Reza Sarraf"; "Riza Zarrab"; "Riza Sarraf", "Royal Holding, A.S."; "Royal Group"; "Atlantis Capital"; "Bella Investments"; "Mohammad Zarrab"; "Mohammad Sarraf";"Hossein Zarrab"; "Hossein Sarraf"; "Al Nafees Exchange LLC", "Abdullah Happani"; "Camelia Jamshidy"; "Hossein Najafzadeh"; and "Huzeyin Korkmaz."  Pineiro Decl. ¶ 30.

85.    The search did not yield any responsive records.  *Id.*

**Response:**    Undisputed.

86.    On November 5, 2021, a Homeland Security Investigations Management and Program Analyst conducted a second search of the Investigative Case Management System. *Id.*

**Response:**    Undisputed with the clarification that a FOIA Unit Analyst independently conducted a separate search of the Investigative Case Management system on November 5, 2021. Pineiro Decl. ¶ 31.

87.     The second search used the following search terms: Reza Zarrab, Riza Zarrab, Reza Sarraf, Riza Sarraf, and Huseyin Korkmaz.  *Id.*

**Response:**     Undisputed with the clarification that the search terms included: "Reza Zarrab"; "Riza Zarrab"; "Reza Sarraf"; "Riza Sarraf"; "Mohammad Zarrab"; "Mohammad Sarraf"; "Hossein Zarrab"; "Hossein Sarraf"; "Royal Holding, A.S."; "Royal Group"; "Atlantis Capital"; "Bella Investments"; "Al Nafees Exchange LLC"; "Abdullah Happani"; "Camelia Jamshidy"; "Hossein Najafzadeh"; and "Huseyin Korkmaz."  Pineiro Decl. ¶ 31.

88.     The second search did not yield any responsive records.  *Id.*

**Response:**     Undisputed.

89.     On January 23, 2025, Plaintiff corresponded with ICE's counsel asking ICE to rerun its search, including for the name "Aaron Goldsmith."  Ex. 63 (Email from A. Mendoza dtd. 01/23/2025).

**Response:**     Disputed, as this statement is immaterial to the resolution of the parties' motion for summary judgement because it has no bearing on whether ICE, based on the administrative record before it, conducted an adequate search for responsive documents in November 2021.  *See generall*y Pineiro Decl.

\*      \*      \*

90.     On February 5, 2025, Defendants' counsel informed Plaintiff that "ICE's position has not changed, and it intends on defending its search."  Ex. 64 (Email from S. Johnson dtd. 02/05/2025).

**Response:**     Disputed, as this statement is immaterial to the resolution of the parties' motion for summary judgement because it has no bearing on whether ICE, based on the administrative record before it, conducted an adequate search for responsive documents in November 2021.  *See generally* Pineiro Decl.

Dated: May 22, 2025                          Respectfully submitted,
      Washington, DC

                                                   JEANINE FERRIS PIRRO
                                                   United States Attorney

                                                 By:        */s/ Stephanie R. Johnson*
                                                 STEPHANIE R. JOHNSON,
                                                   D.C. Bar # 1632338
                                             Assistant United States Attorney
                                           Civil Division
                                           601 D Street, NW
                                           Washington, DC 20530
                                         (202) 252-7874
                                         Stephanie.Johnson5@usdoj.gov

                                           *Attorneys for the United States of America*