UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

WILLIAMS & CONNOLLY LLP,

Plaintiff,

v.

U.S. DEPARTMENT OF HOMELAND
SECURITY, et al.,

Defendants.

Civil Action No. 24-2322 (PLF)

## DECLARATION OF FERNANDO PINEIRO

I, Fernando Pineiro, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1.      I am the FOIA Director of the U.S. Immigration and Customs Enforcement ("ICE") I am the ICE official immediately responsible for supervising ICE responses to requests for records under the Freedom of Information Act, 5 U.S.C § 552 (the FOIA), the Privacy Act, 5 U.S.C. § 552a (the Privacy Act), and other applicable records access statutes and regulations. Prior to this position, I was the Deputy FOIA Officer of the ICE FOIA Office from December 29, 2013, to August 13, 2022, and prior to that I was the FOIA Officer for three years at the Office for Civil Rights and Civil Liberties at the U.S. Department of Homeland Security.

2.      As the FOIA Director my official duties and responsibilities include the general management, oversight, and supervision of the ICE FOIA Office regarding the processing of FOIA and Privacy Act requests received at ICE. In connection with my official duties and responsibilities, I am familiar with ICE's procedures for responding to requests for information pursuant to the FOIA and the Privacy Act and the handling of Plaintiff's FOIA requests that are the subject of this litigation

3.      This declaration provides a description of how ICE received Plaintiff's FOIA request and searched for potentially responsive to Plaintiff's FOIA request.

4.      I make this declaration in support of ICE's Cross-Motion for Summary Judgment in the above-captioned action.  The statements contained in this declaration are based upon my personal knowledge, my review of documents kept by ICE in the ordinary course of business, and information provided to me by other ICE employees in the course of my official duties.

## I.   PROCEDURAL HISTORY OF THE PLAINTIFF'S FOIA REQUESTS AND THE INSTANT LITIGATION

5.      This suit stems from a FOIA request Plaintiff sent to the Department of Homeland Security dated October 19, 2021, and forwarded to ICE on November 3, 2021—a transfer the plaintiff did not challenge. A true and complete copy of Plaintiff's FOIA Request to ICE is attached hereto as Attachment A.

6.      The FOIA request sought "all records, including but not limited to paper or electronic files, databases, spreadsheets, documents, records of meetings (including calendar invitations or placeholders, meeting agendas, meeting minutes, meeting attendee lists) or communications (including emails, text messages, messaging application messages (*e.g.*, Skype, Lync, WhatsApp, Zoom, WebEx), memos, letters, attachments), that mention any of the following:

   a.  Reza Zarrab (date of birth ███████), a/k/a Riza Zarrab, a/k/a Reza Sarraf, a/k/a Riza Sarraf, an individual that has pleaded guilty to sanctions evasion in the Southern District of New York, *see* Case No. 1:15-cr-00867-RMB;

   b.  Royal Holding, A.S., a company affiliated with Reza Zarrab;

   c.  Royal Group, a company affiliated with Reza Zarrab;

   d.  Atlantis Capital, a company affiliated with Reza Zarrab;

   e.  Bella Investments, a company affiliated with Reza Zarrab;

    f.   Mohammad Zarrab, a/k/a Mohammad Sarraf, the brother of Reza Zarrab who has been indicted for sanctions evasion in the Southern District of New York, *see* Case No. 1:15-cr-00867-RMB;

    g.   Hossein Zarrab, a/k/a Hossein Sarraf, the father of Reza Zarrab;

    h.   Al Nafees Exchange LLC, a company affiliated with Reza Zarrab and Hossein Zarrab;

    i.   Abdullah Happani, an individual that has been indicted for sanctions evasion in the Southern District of New York, *see* Case No. 1:15-cr-00867-RMB;

    j.   Camelia Jamshidy, an individual that has been indicted for sanctions evasion in the Southern District of New York, *see* Case No. 1:15-cr-00867-RMB;

    k.   Hossein Najafzadeh, an individual that has been indicted for sanctions evasion in the Southern District of New York, *see* Case No. 1:15-cr-00867-RMB; and

    l.   Huseyin Korkmaz, an individual that is mentioned in government pleadings in a sanction's evasion case in the Southern District of New York, *see* Case No. 1:15-cr-00867-RMB." Exhibit A.

7.    ICE acknowledged receipt of the FOIA Request on November 4, 2021, and the Request was assigned tracking number 2022-ICFO-01613. A true and complete copy of ICE's Acknowledgment Letter is attached hereto as Attachment B.

8.    On November 4, 2021, the ICE FOIA Office tasked Homeland Security Investigations to conduct a comprehensive search for records and to provide all records located during that search to the ICE FOIA Office for review and processing.

9.    Homeland Security Investigations conducted two different searches. The first search was conducted by a Homeland Security Investigations Special Agent on November 4, 2021, and the second search was conducted by a Homeland Security Investigations Management and Program Analyst on November 5, 2021.

10.    On December 1, 2021, the ICE FOIA Office informed Plaintiff that ICE has conducted a search of the ICE Office of Homeland Security Investigations for records responsive

to the FOIA request and no responsive records were found.  A true and complete copy of ICE

Determination Letter is attached hereto as Attachment C.

11.    On January 4, 2022, Plaintiff appealed ICE's determination.  A true and complete

copy of Plaintiff's Appeal is attached hereto as Attachment D.

12.    On January 4, 2022, ICE acknowledged receipt of Plaintiff's appeal and assigned

it the number 2022-ICAP-00275.  A true and complete copy of Acknowledgment Letter is attached

hereto as Attachment E.

13.    On February 1, 2022, ICE issued a decision on Plaintiff's Appeal.  A true and

complete copy of ICE's Response to Plaintiff's Appeal is attached hereto as Attachment F.

14.    On August 9, 2024, the Plaintiff filed the instant complaint.  Compl. (ECF No. 1).

15.    Plaintiff filed an amended complaint on August 19, 2024.  Am. Compl. (ECF No.

8).

## II.    ICE'S STANDARD PROCEDURE FOR INITIATING SEARCHES IN RESPONSE TO FOIA REQUESTS

16.    ICE is the principal investigative arm of Department of Homeland Security and the

second largest investigative agency in the federal government.  Created in 2003 through a merger

of the investigative and interior enforcement elements of the U.S. Customs Service and the

Immigration and Naturalization Service, ICE now employs more than 20,000 people in offices in

every state and in 48 foreign countries.

17.    When the ICE FOIA Office receives a FOIA request, the intake staff evaluates it to

determine if it is a proper FOIA request per Department of Homeland Security FOIA regulation 6

C.F.R. § 5.3.  Generally, a FOIA request is considered proper and in compliance with Department

of Homeland Security regulations if it reasonably describes the records sought and the records are

under the purview of ICE.

18.     Proper FOIA requests are entered into a database known as SecureRelease and assigned a case tracking number.  Based upon the requestor's description of the records being sought and ICE FOIA's knowledge of the various program offices' missions, the ICE FOIA Office identifies the program office(s) likely to possess responsive records and tasks the appropriate program office(s) to conduct the necessary searches.

19.     ICE records are maintained by leadership offices and/or within ICE directorates, including but not limited to, the Office of Public Affairs, the Office of Enforcement and Removal Operations, the Office of Professional Responsibility, the ICE FOIA Office, the Office of the Director, the Office of the Principal Legal Advisor, and the Chief Financial Officer. The program offices are typically staffed with a designated point of contact who is the primary person responsible for communications between that program office and the ICE FOIA Office.  Each point of contact is a person with detailed knowledge about the operations of his/her respective program office.

20.     Upon receipt of a proper FOIA request, the ICE FOIA Office will identify which program offices, based upon their experience and knowledge of ICE's program offices, within ICE are reasonably likely to possess records responsive to that request, if any, and task the relevant program offices with searches.  Once the ICE FOIA Office determines the appropriate program offices for a given request, it provides the point of contacts within each of those program offices with a copy of the FOIA request and instructs them to conduct a search for responsive records. The point of contacts then review the FOIA request, along with any case-specific instructions that may have been provided and based on their experience and knowledge of their program office practices and activities, forward the request and instructions to the individual employee(s) or component office(s) within the program office that they believe are reasonably likely to have

responsive records, if any. In conformity with the ICE FOIA Office's instructions, the individuals and component offices are directed to conduct searches of their file systems, including both paper files and electronic files, which in their judgment, based on their knowledge of the manner in which they routinely keep records, are reasonably likely to contain responsive documents. Once those searches are completed, the individuals and component offices provide any potentially responsive records to their program office's point of contact, who in turn, provides the records to the ICE FOIA Office. The ICE FOIA Office then reviews the collected records for responsiveness and the application of appropriate FOIA Exemptions.

21. ICE employees maintain records in several ways. ICE program offices use various systems to maintain records, such as investigative files, records regarding the operation of ICE programs, and administrative records. ICE employees may store electronic records on their individual computer hard drives, their program office's shared drive (if the office uses one), DVDs, CDs, and/or USB storage devices. The determination of whether or not these electronic locations must be searched in response to a particular FOIA tasking, as well as how to conduct any necessary searches, is necessarily based on the manner in which the employee maintains his/her files.

22. Additionally, all ICE employees have access to e-mail. ICE uses the Microsoft Outlook e-mail system. Each ICE employee stores his/her files in the way that works best for that particular employee. ICE employees use various methods to store their Microsoft Outlook e-mail files - some archive their files monthly, without separating by subject; others archive their e-mail by topic or by program; still others may create PST files of their emails and store them on their hard drive or shared drive.

23. Records received by the ICE FOIA Office from the program office point of contacts are assigned to a FOIA processor who determines whether or not the records are responsive to the

FOIA request. If the records are responsive, the FOIA processor will redact information pursuant to the FOIA or Privacy Act, as appropriate, while simultaneously ensuring that all reasonably segregable non-exempt information is released.

24.     Frequently, the ICE FOIA Office must coordinate between multiple program offices to ensure the program office records are properly redacted and information is correctly segregated. Once the ICE FOIA Office completes its coordination efforts and all responsive records have been processed, the ICE FOIA Office releases the responsive records to the requestor.

## III.    DESCRIPTION OF THE PROGRAM OFFICE TASKED WITH SEARCHING FOR RECORDS IN RESPONSE TO PLAINTIFF'S FOIA REQUESTS

25.     After reviewing the Plaintiff's FOIA request, the ICE FOIA Office determined that, because the request involved individuals or entities allegedly linked to a sanctions evasion case, Homeland Security Investigations was the appropriate ICE component to conduct a search for any potentially responsive records. Homeland Security Investigations is responsible for investigating transnational crimes and threats, including financial crimes, money laundering and sanctions violations. Other ICE components focus on different aspects of ICE's mission. Homeland Security Investigations' specific mandate aligns directly with the nature of the plaintiff's request, making it the most suitable entity within ICE to handle the search for responsive records.

26.     ICE Homeland Security Investigations is responsible for investigating a wide range of domestic and international activities arising from the illegal movement of people and goods into, within and out of the United States.  Homeland Security Investigations uses its legal authority to investigate criminal activities such as immigration crime; child exploitation; human rights violations and human smuggling; smuggling of narcotics, weapons and other types of contraband; and financial crimes, cybercrime and export enforcement issues.  In addition to ICE criminal investigations, Homeland Security Investigations oversees the agency's international affairs

operations and law enforcement intelligence functions. ICE Homeland Security Investigations offices are located at ICE Headquarters in Washington, D.C., at the 30 Special Agent in Charge Offices located throughout the United States, and at international ICE Offices located in 48 countries around the world.

27.    Upon receiving the FOIA request, the Homeland Security Investigations FOIA Unit initiated the standard processing protocol. Leveraging their subject matter expertise, personnel reviewed the request and identified the appropriate components within Homeland Security Investigations to conduct a thorough search for responsive records.

28.    Within the FOIA Unit, a designated point of contact reviews each FOIA request to determine if a case exists within the Homeland Security Investigations' Investigative Case Management system—the agency's primary tool for managing both criminal and civil enforcement matters. The Investigative Case Management system enables personnel to create electronic case files that organize and link records and documents associated with specific investigations, facilitating efficient access from a single location. It also allows linking records to multiple investigations, enhancing coordination and deconfliction efforts.

29.    If a case is identified within Investigative Case Management, Homeland Security Investigations' personnel conduct a thorough search of the entire case file, including any related emails of the Special Agent in charge of the investigation, to ensure all responsive records are retrieved. Conversely, if no case file exists within Investigative Case Management, it is unlikely that emails or other records pertaining to the specified individuals or entities are present, as the absence of a case file indicates that no investigation has been conducted involving those subjects.

30.    In this case, to ensure a comprehensive search, the FOIA Unit forwarded the request to the Homeland Security Investigations Field Office where the lawsuit was filed (New York).  On

November 4, 2021, a Homeland Security Investigations Special Agent in the New York Field Office conducted a search in the Investigative Case Management system using the exact terms "Reza Zarrab", "Reza Sarraf", "Riza Zarrab", "Riza Sarraf", "Royal Holding, A.S.", "Royal Group", "Atlantis Capital", "Bella Investments", "Mohammad Zarrab", "Mohammad Sarraf", "Hossein Zarrab", "Hossein Sarraf", "Al Nafees Exchange LLC", "Abdullah Happani", "Camelia Jamshidy", "Hossein Najafzadeh", and "Huseyin Korkmaz" as provided by the plaintiff in the FOIA request. The search was not restricted by any date range, ensuring a comprehensive review. The search yielded no positive matches, indicating that no Homeland Security Investigations' investigations or case files existed concerning the specified individuals or entities.

31.     Subsequently, as an additional measure, on November 5, 2021, a FOIA Unit Analyst independently conducted a separate search of the Investigative Case Management system using the search terms "Reza Zarrab", "Riza Zarrab", "Reza Sarraf", "Riza Sarraf", "Mohammad Zarrab", "Mohammad Sarraf", "Hossein Zarrab", "Hossein Sarraf", "Royal Holding, A.S.", "Royal Group", "Atlantis Capital", "Bella Investments", "Al Nafees Exchange LLC", "Abdullah Happani", "Camelia Jamshidy", "Hossein Najafzadeh", and "Huseyin Norkmaz" provided by the plaintiff, again without imposing any date restrictions. This independent search further ensured the thoroughness of the process. The FOIA Unit analyst's search also yielded no positive matches, reinforcing the conclusion that no investigations or case files existed concerning the specified individuals or entities.

32.     The plaintiff asserts that ICE should have directed additional offices to conduct searches, including querying databases such as the Enforcement Integrated Database, TECS, Falcon-SA, the Visa Security Program Tracking System, and the Automated Threat Prioritization Web Service. However, as established in Paragraph 29, the absence of relevant case files in the

Investigative Case Management system indicates that no investigations have been conducted concerning the specified individuals or entities. Given this, and considering the specific language of the FOIA request, there was no reasonable basis to believe that searching additional databases or other ICE offices would yield responsive records.

33.     Based on the results of the Investigative Case Management searches, which yielded no records related to the specified individuals or entities, and considering the scope of the FOIA request, ICE determined that extending the search to additional offices or databases was unnecessary. FOIA does not require an agency to conduct searches where there is no reasonable basis to believe that responsive records will be found. Given that the Investigative Case Management system serves as the repository for Homeland Security Investigations' case records, and no relevant records were identified, expanding the search would not have been reasonably calculated to uncover additional responsive records.

34.     The plaintiff also challenges the adequacy of the search terms used. To ensure a comprehensive search, Homeland Security Investigations employed the exact terms provided by the plaintiff and tested various permutations to account for potential variations in how information may be recorded within Investigative Case Management. As detailed in Paragraphs 30 and 31, these searches were conducted without any date restrictions, further reinforcing their thoroughness. Given that no responsive records were found using all the terms supplied by the plaintiff, and considering the specificity required in FOIA requests, it is unlikely that alternative phrasing would have yielded different results.

35.     On December 1, 2021, the ICE FOIA Office notified the Plaintiff that a comprehensive search has been conducted within the Office of Homeland Security Investigations for records responsive to the FOIA request, and that no such records were located.

## CONCLUSION

36.     ICE conducted searches reasonably calculated to locate all records responsive to

Plaintiff's FOIA request.  Notwithstanding ICE's diligent efforts that were appropriately tailored

to locate responsive records, ICE did not locate records responsive to Plaintiff's request. ICE found

no information indicating responsive records would likely reside in any other location beyond

where ICE searched. Thus, ICE has complied with its obligations under FOIA.

Signed this 22nd day of May 2025.



FERNANDO PINEIRO JR
Digitally signed by
FERNANDO PINEIRO JR
Date: 2025.05.22
13:48:30 -04'00'

Fernando Pineiro, FOIA Director
Freedom of Information Act Office
U.S. Department of Homeland Security
U.S. Immigration and Customs Enforcement
500 12th Street, S.W., Stop 5009
Washington, DC 20536-5009

# Exhibit A

LAW OFFICES

# WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

CHELSEA B. SEDDON
(202) 434-5310
Cseddon@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

October 19, 2021

U.S. Department of Homeland Security
Privacy Office, Mail Stop 0655
2707 Martin Luther King Jr. Ave SE
Washington, D.C. 20528-065

To whom it may concern:

I am submitting this public records request under the Freedom of Information Act on behalf of Williams & Connolly LLP.  I write to request that your agency produce all records, including but not limited to paper or electronic files, databases, spreadsheets, documents, records of meetings (including calendar invitations or placeholders, meeting agendas, meeting minutes, meeting attendee lists) or communications (including emails, text messages, messaging application messages (*e.g.*, Skype, Lync, WhatsApp, Zoom, WebEx), memos, letters, attachments), that mention any of the following:

1. Reza Zarrab (date of birth ███████), a/k/a Riza Zarrab, a/k/a Reza Sarraf, a/k/a Riza Sarraf, an individual that has pleaded guilty to sanctions evasion in the Southern District of New York, *see* Case No. 1:15-cr-00867-RMB;

2. Royal Holding, A.S., a company affiliated with Reza Zarrab;

3. Royal Group, a company affiliated with Reza Zarrab;

4. Atlantis Capital, a company affiliated with Reza Zarrab;

5. Bella Investments, a company affiliated with Reza Zarrab;

6. Mohammad Zarrab, a/k/a Mohammad Sarraf, the brother of Reza Zarrab who has been indicted for sanctions evasion in the Southern District of New York, *see* Case No. 1:15-cr-00867-RMB;

7. Hossein Zarrab, a/k/a Hossein Sarraf, the father of Reza Zarrab;

8. Al Nafees Exchange LLC, a company affiliated with Reza Zarrab and Hossein Zarrab;

9. Abdullah Happani, an individual that has been indicted for sanctions evasion in the

WILLIAMS & CONNOLLY LLP

October 19, 2021
Page 2

> Southern District of New York, *see* Case No. 1:15-cr-00867-RMB;

10. Camelia Jamshidy, an individual that has been indicted for sanctions evasion in the Southern District of New York, *see* Case No. 1:15-cr-00867-RMB;

11. Hossein Najafzadeh, an individual that has been indicted for sanctions evasion in the Southern District of New York, *see* Case No. 1:15-cr-00867-RMB; and

12. Huseyin Korkmaz, an individual that is mentioned in government pleadings in a sanctions evasion case in the Southern District of New York, *see* Case No. 1:15-cr-00867-RMB.

This request extends to documents created from January 1, 2007, through the date of this search.

This request mirrors a similar request submitted to your office on August 23, 2021.  *See* FOIA No. 2021-HQFO-01423.  In responding to that request, your office noted that it would not initiate a search for responsive documents until I had "articulated [a] sufficient public interest in the information."  I respectfully disagree that I am required to make such a showing in order for DHS to even initiate a search.  Nonetheless, I note in this request that the public has a significant interest in the disclosure of any responsive documents.  "FOIA's main purpose is to inform the public of the operations of the federal government."  *The Freedom of Information Act (FOIA): A Legal Overview*, Cong. Research Serv. (2020).  And the individuals and entities identified above are all involved in a pending sanctions evasion case in the Southern District of New York.  This case has already garnered significant press coverage in the United States.  *See, e.g.*, Nate Raymond, *U.S. arrests Turkish businessman accused of evading Iran sanctions*, Reuters (Mar. 21, 2016), https://www.reuters.com/article/us-usa-iran-zarrab-idUSKCN0WN295.  It is unquestionably in the public interest that the Department of Homeland Security—an organization that is intended "to secure the nation from the many threats we face"—disclose any responsive documents that would speak to the individuals involved in the pending action.  *About DHS*, Dep't of Homeland Security (last visited October 15, 2021), https://www.dhs.gov/about-dhs.

I ask that you provide all "reasonably segregable portion[s]" of all of the above documents not falling within a FOIA exemption.[1]  Similarly, if some documents falling into the above-mentioned categories are not subject to disclosure because of privacy concerns, I ask that the Department respond to the remaining aspects of the request that do not present similar issues.  If possible, please provide all responsive documents in an electronic format.

To help determine fees, you should know that I am a research librarian at Williams & Connolly LLP that is making this request on behalf of the firm.  This request is being made for commercial purposes.  I am willing to pay fees for this request up to $3000.  Please contact me if you anticipate the fees will exceed this amount or if advanced payment is necessary.

---

[1] 5 U.S.C. § 552(b).

WILLIAMS & CONNOLLY LLP

October 19, 2021
Page 3

      Should you have any questions regarding this request or if any issues arise, please feel free to contact me at Cseddon@wc.com or 202-434-5310.

      Thank you for your time and consideration.

      Sincerely,

      /s/ Chelsea B. Seddon

# Exhibit B

Legacy Correspondence Log Details

| | | | |
|---|---|---|---|
| CorrespondenceLogId: | 4253341 | | |
| Request Number: | 2022-ICFO-01613 | L_RequestId: | 838254 |
| Subject: | ICE FOIA Request 2022-ICFO-01613 | | |
| File Name: | | | |
| User Name: | Ward, Natyia | | |
| Status: | Req for Docs | Mode: | E-mail |
| From Email: | ice-foia@dhs.gov | | |
| Email: | cseddon@wc.com | CC Email: | |
| Dispatched Date: | 11/4/2021 12:00 AM | Action Date: | 11/4/2021 1:48 PM |
| Email Body: | | November 04, 2021 | |

Chelsea Seddon
Williams and Connolly LLP
725 Twelfth Street NW
Washington, 20005

RE:    ICE FOIA Case Number 2022-ICFO-01613

Dear Ms. Seddon:

This acknowledges receipt of your October 19, 2021, Freedom of Information Act (FOIA) request to U.S. Immigration and Customs Enforcement (ICE), for records regarding 1. Reza Zarrab, a/k/a Riza Zarrab, a/k/a Reza Sarraf, a/k/a Riza Sarraf, an individual that has pleaded guilty to sanctions evasion in the Southern District of New York, see Case No. 1:15-cr00867-RMB; 2. Royal Holding, A.S., a company affiliated with Reza Zarrab; 3. Royal Group, a company affiliated with Reza Zarrab; 4. Atlantis Capital, a company affiliated with Reza Zarrab; 5. Bella Investments, a company affiliated with Reza Zarrab; 6. Mohammad Zarrab, a/k/a Mohammad Sarraf, the brother of Reza Zarrab who has been indicted for sanctions evasion in the Southern District of New York, see Case No. 1:15-cr00867-RMB; 7. Hossein Zarrab, a/k/a Hossein Sarraf, the father of Reza Zarrab; 8. Al Nafees Exchange LLC, a company affiliated with Reza Zarrab and Hossein Zarrab; 9. Abdullah Happani, an individual that has been indicted for sanctions evasion in the Southern District of New York, see Case No. 1:15-cr-00867-RMB; 10. Camelia Jamshidy, an individual that has been indicted for sanctions evasion in the Southern District of New York, see Case No. 1:15-cr-00867-RMB; 11. Hossein Najafzadeh, an individual that has been indicted for sanctions evasion in the Southern District of New York, see Case No. 1:15-cr-00867-RMB; and 12. Huseyin Korkmaz, an individual that is mentioned in government pleadings in a sanctions evasion case in the Southern District of New York, see Case No. 1:15-cr-00867-RMB (Date Range for Record Search: From 1/1/2007 To 10/19/2021).  Your request was received in this office on October 19, 2021.

Due to the increasing number of FOIA requests received by this office, we may encounter some delay in processing your request. Per Section 5.5(a) of the DHS FOIA regulations, 6 C.F.R. Part 5, ICE processes FOIA requests according to their order of receipt. Although ICE&rsquo;s goal is to respond within 20 business days of receipt of your request, the FOIA does permit a 10- day extension of this time period. As your request seeks numerous documents that will necessitate a thorough and wide-ranging search, ICE will invoke a 10-day extension for your request, as allowed by Title 5 U.S.C. &sect; 552(a)(6)(B). If you care to narrow the scope of your request, please contact our office. We will make every effort to comply with your request in a timely manner.

Provisions of the FOIA allow us to recover part of the cost of complying with your request.  We shall charge you for records in accordance with the DHS Interim FOIA regulations as they apply to commercial requesters.  As a commercial requester, you will be charged 10 cents per page for duplication, and for search and review time at the per quarter-hour rate ($4.00 for clerical personnel, $7.00 for professional personnel, $10.25 for managerial personnel) of the searcher and reviewer.  We will construe the submission of your request as an agreement to pay up to $25.00. You will be contacted before any further fees are accrued.

We have queried the appropriate program offices within ICE for responsive records. If any responsive records are located, they will be reviewed for determination of releasability. Please be assured that one of the processors in our office will respond to your request as expeditiously as possible. We appreciate your patience as we proceed with your request.

Your request has been assigned reference number **2022-ICFO-01613**. Please refer to this identifier in any future correspondence. To check the status of an ICE FOIA/PA request, please visit http://www.dhs.gov/foia-status. Please note that to check the status of a request, you must enter the 2022-ICFO-01613 tracking number. If you need any further assistance or would like to discuss any aspect of your request, please contact the FOIA office. You may send an e-mail to ice-foia@ice.dhs.gov, call toll free (866) 633-1182, or you may contact our FOIA Public Liaison, Marcus Francis, in the same manner. Additionally, you have a right to right to seek dispute resolution services from the Office of Government Information Services (OGIS) which mediates disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation. If you are requesting access to your own records (which is considered a Privacy Act request), you should know that OGIS does not have the authority to handle requests made under the Privacy Act of 1974. You may contact OGIS as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

Regards,


ICE FOIA Office
Immigration and Customs Enforcement
Freedom of Information Act Office
500 12th Street, S.W., Stop 5009
Washington, D.C. 20536-5009

Telephone: 1-866-633-1182
Visit our FOIA website at www.ice.gov/foia

# Exhibit C



*Office of Information Governance and Privacy*

**U.S. Department of Homeland Security**
500 12th St., SW
Washington, D.C. 20536

December 1, 2021

Chelsea Seddon
Williams and Connolly LLP
725 Twelfth Street NW
Washington, D.C. 20005

**RE:    ICE FOIA Case Number 2022-ICFO-01613**

Dear Requester Seddon:

This letter is the final response to your Freedom of Information Act (FOIA) request to U.S. Immigration and Customs Enforcement (ICE), dated October 19, 2021. You have requested records that mention any of the following:

1. Reza Zarrab, a/k/a Riza Zarrab, a/k/a Reza Sarraf, a/k/a Riza Sarraf, an individual that has pleaded guilty to sanctions evasion in the Southern District of New York, see Case No. 1:15-cr100867-RMB;
2. Royal Holding, A.S., a company affiliated with Reza Zarrab;
3. Royal Group, a company affiliated with Reza Zarrab;
4. Atlantis Capital, a company affiliated with Reza Zarrab;
5. Bella Investments, a company affiliated with Reza Zarrab;
6. Mohammad Zarrab, a/k/a Mohammad Sarraf, the brother of Reza Zarrab who has been indicted for sanctions evasion in the Southern District of New York, see Case No. 1:15-cr100867-RMB;
7. Hossein Zarrab, a/k/a Hossein Sarraf, the father of Reza Zarrab;
8. Al Nafees Exchange LLC, a company affiliated with Reza Zarrab and Hossein Zarrab;
9. Abdullah Happani, an individual that has been indicted for sanctions evasion in the Southern District of New York, see Case No. 1:15-cr-00867-RMB;
10. Camelia Jamshidy, an individual that has been indicted for sanctions evasion in the Southern District of New York, see Case No. 1:15-cr-00867-RMB;
11. Hossein Najafzadeh, an individual that has been indicted for sanctions evasion in the Southern District of New York, see Case No. 1:15-cr-00867-RMB; and
12. Huseyin Korkmaz, an individual that is mentioned in government pleadings in a sanctions evasion case in the Southern District of New York, see Case No. 1:15-cr-00867-RMB (Date Range for Record Search: From 1/1/2007 To 10/19/2021).

ICE has considered your request under both the FOIA, 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a. Information about an individual that is maintained in a Privacy Act system of records may be accessed by that individual[1] unless the agency has exempted the system of records from the access provisions of the Privacy Act.[2]

ICE has conducted a search of the ICE Office of Homeland Security Investigations for records responsive to your request and no records responsive to your request were found.

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA. See 5 U.S.C. § 552(c) (2006 & Supp. IV (2010). This response is limited to those records that are subject to the requirements of the FOIA. This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist

While an adequate search was conducted, you have the right to appeal this determination that no records exist within HSI that would be responsive to your request. Should you wish to do so, you must send your appeal and a copy of the original response letter, within 90 days of the date of the letter following the procedures outlined in the DHS FOIA regulations at 6 C.F.R. Part 5 § 5.8. You may submit your appeal electronically at GILDFOIAAppeals@ice.dhs.gov or via regular mail to:

> U.S. Immigration and Customs Enforcement
> Office of the Principal Legal Advisor
> U.S. Department of Homeland Security
> 500 12th Street, S.W., Mail Stop 5900
> Washington, D.C. 20536-5900

Your envelope and letter should be marked "FOIA Appeal." Copies of the FOIA and DHS regulations are available at www.dhs.gov/foia.

Provisions of FOIA allow DHS to charge for processing fees, up to $25, unless you seek a waiver of fees. In this instance, because the cost is below the $25 minimum, there is no charge.

If you need any further assistance or would like to discuss any aspect of your request, please contact the FOIA office and refer to FOIA case number **2022-ICFO-01613**. You may send an e-mail to ice-foia@ice.dhs.gov, call toll free (866) 633-1182, or you may contact our FOIA Public Liaison, Fernando Pineiro, in the same manner. Additionally, you have a right to right to seek dispute resolution services from the Office of Government Information Services (OGIS) which mediates disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation.

---

[1] 5 U.S.C. § 552a(d)(1).
[2] 5 U.S.C. §§ 552a(d)(5), (j), and (k).

 If you are requesting access to your own records (which is considered a Privacy Act request), you should know that OGIS does not have the authority to handle requests made under the Privacy Act of 1974.  You may contact OGIS as follows:  Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

Sincerely,

K. Small
Supervisory Paralegal Specialist

# Exhibit D

LAW OFFICES

# WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

CHELSEA B. SEDDON
(202) 434-5310
Cseddon@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

January 4, 2022

U.S. Immigration and Customs Enforcement
Office of the Principal Legal Advisor
U.S. Department of Homeland Security
500 12th Street, S.W., Mail Stop 5900
Washington, D.C. 20536-5900

**RE: FOIA APPEAL OF REQUEST NO. 2022-ICFO-01613**

To Whom it May Concern:

This letter pertains to FOIA request 2022-ICFO-01613; it is intended to formally appeal the response provided by U.S. Immigration and Customs Enforcement for this request. *See* 5 U.S.C. § 552(a)(6)(A) (discussing requester's right to appeal).

An initial request that complied with FOIA's requirements was submitted to the Department of Homeland Security on October 19, 2021. *See* Attachment A. I specifically requested all documents pertaining to several individuals and entities associated with a sanctions evasion case pending in the Southern District of New York, including documents pertaining to (i) Reza Zarrab, a government witness in that case, and (ii) several companies owned or affiliated with Reza Zarrab (*e.g.*, Royal Holding, Royal Group, Atlantis Capital, and Bella Investments). My letter was forwarded to ICE, which conducted a search and concluded that it did not have possession of responsive documents. *See* Attachment B. I now appeal that determination on the basis that ICE's search was inadequate as to all of the individuals and entities mentioned in my original request.

As my request explained, I seek documents pertaining to individuals and entities associated with a sanctions evasion case in the Southern District of New York. *See* Case No. 1:15-cr-00867-RMB; *see also* Attachment A. One of the individuals mentioned in my letter—Reza Zarrab—has pleaded guilty to sanctions evasion. *See* Attachment A. The publicly available pleadings in that case strongly suggest that ICE possesses responsive documents. Reza Zarrab's plea agreement indicates, for example, that the agreement does not "bind the Bureau of Immigration and Customs Enforcement ('ICE'), although [the U.S. Attorney's Office] will bring the cooperation of [Reza Zarrab], as well as any safety concerns with respect to [him] and his family, to the attention of ICE, if requested by him." Attachment C (Plea Agreement). Based on that filing, it is reasonable to presume that ICE maintains documents that are responsive to my request; ICE's searches for responsive documents were thus presumably inadequate.

WILLIAMS & CONNOLLY LLP
RE: FOIA APPEAL OF REQUEST NO. 2022-ICFO-01613
January 4, 2022
Page 2

Accordingly, I respectfully ask that ICE conduct additional searches for responsive documents and provide all "reasonably segregable portion[s]" of the documents I originally requested that do not fall within a FOIA exception. 5 U.S.C. § 552(b). I ask that the agency conduct key word searches (along with common derivatives) for each of the entities and individuals outlined in my initial letter. I further recommend that the agency search all documents and files that are associated with Case No. 1:15-cr-00867-RMB, as well as all files associated with Reza Zarrab. To the extent you require additional information from me in order to do so, I am more than happy to provide it.

Should you have any questions regarding this appeal or if any issues arise, please feel free to contact me at Cseddon@wc.com or 202-434-5310.

Thank you for your time and consideration.

Sincerely,

Chelsea B. Seddon
Research Librarian

Attachments:  [A]    Initial FOIA Request
              [B]    ICE Response
              [C]    Plea Agreement

# Exhibit E

View Legacy Correspondence Log: 4339028

Legacy Correspondence Log Layout ⌄          Cancel    View Audit

**Legacy Correspondence Log Details**

| | |
|---|---|
| CorrespondenceLogId: | 4339028 |
| Request Number: | 2022-ICAP-00275 |

L_RequestId: 853989

| | |
|---|---|
| Subject: | ICE Appeal Acknowledgement Letter |
| File Name: | ICE Appeal Acknowledgement Letter.docx |
| User Name: | Cuestas, Melissa |
| Status: | Sent |

Mode: E-mail

| | |
|---|---|
| From Email: | ice-foia@dhs.gov |
| Email: | cseddon@wc.com |

CC Email:

| | |
|---|---|
| Dispatched Date: | 1/4/2022 5:00 AM |

Action Date: 1/4/2022 11:44 AM

Email Body:

**Please Do Not Respond Directly - This email has been sent on behalf of ice-foia@dhs.gov**

We have received your Freedom of Information Act request for appealing the adequacy of the search for records regarding 1. Reza Zarrab, a/k/a Riza Zarrab, a/k/a Reza Sarraf, a/k/a Riza Sarraf, an individual that has pleaded guilty to sanctions evasion in the Southern District of New York, see Case No. 1:15-cr00867-RMB; 2. Royal Holding, A.S., a company affiliated with Reza Zarrab; 3. Royal Group, a company affiliated with Reza Zarrab; 4. Atlantis Capital, a company affiliated with Reza Zarrab; 5. Bella Investments, a company affiliated with Reza Zarrab; 6. Mohammad Zarrab, a/k/a Mohammad Sarraf, the brother of Reza Zarrab who has been indicted for sanctions evasion in the Southern District of New York, see Case No. 1:15-cr00867-RMB; 7. Hossein Zarrab, a/k/a Hossein Sarraf, the father of Reza Zarrab; 8. Al Nafees Exchange LLC, a company affiliated with Reza Zarrab and Hossein Zarrab; 9. Abdullah Happani, an individual that has been indicted for sanctions evasion in the Southern District of New York, see Case No. 1:15-cr-00867-RMB; 10. Camelia Jamshidy, an individual that has been indicted for sanctions evasion in the Southern District of New York, see Case No. 1:15-cr-00867-RMB; 11. Hossein Najafzadeh, an individual that has been indicted for sanctions evasion in the Southern District of New York, see Case No. 1:15-cr-00867-RMB; and 12. Huseyin Korkmaz, an individual that is mentioned in government pleadings in a sanctions evasion case in the Southern District of New York, see Case No. 1:15-cr-00867-RMB (Date Range for Record Search: From 1/1/2007 To 10/19/2021) and have assigned it tracking number 2022-ICAP-00275. Please refer to the attached Acknowledgement Letter for more information.

ICE FOIA.

| | |
|---|---|
| Correspondence Log File: | ba19d2f532b5428694c562fc0b368b8b.docx |

Open in Viewer W

File Path Text: Repository\AFXWCORL\Correspondence\172\853989\ba 19d2f532b5428694c562fc0b368b8b.docx

Notes:

# Exhibit F



**U.S. Department of Homeland Security**
500 12th St. SW; STOP 5009
Washington, DC 20536-5009

February 1, 2022

Chelsea Seddon
Law Offices of Williams & Connolly
725 12th St NW
Washington, D.C. 20005-5901
Cseddon@wc.com

**RE: 2022-ICAP-00275; 2022-ICFO-01613**

Dear Ms. Seddon,

This is in response to your e-mail, dated January 4, 2022, which was received by Immigration and Customs Enforcement (ICE) the same day, appealing the ICE FOIA Office's response to the Freedom of Information Act (FOIA) request. Your original FOIA request, received by DHS Privacy on October 19, 2021, and transferred to ICE on November 3, 2021, sought all ICE records from January 1, 2017 to the date of the search referencing:

1. Reza Zarrab (date of birth ▮▮▮▮▮▮▮), a/k/a Riza Zarrab, a/k/a Reza Sarraf, a/k/a Riza Sarraf, an individual that has pleaded guilty to sanctions evasion in the Southern District of New York, see Case No. 1:15-cr-00867-RMB;
2. Royal Holding, A.S., a company affiliated with Reza Zarrab;
3. Royal Group, a company affiliated with Reza Zarrab;
4. Atlantis Capital, a company affiliated with Reza Zarrab;
5. Bella Investments, a company affiliated with Reza Zarrab;
6. Mohammad Zarrab, a/k/a Mohammad Sarraf, the brother of Reza Zarrab who has been indicted for sanctions evasion in the Southern District of New York, see Case No. 1:15-cr-00867-RMB;
7. Hossein Zarrab, a/k/a Hossein Sarraf, the father of Reza Zarrab;
8. Al Nafees Exchange LLC, a company affiliated with Reza Zarrab and Hossein Zarrab;
9. Abdullah Happani, an individual that has been indicted for sanctions evasion in the Southern District of New York, see Case No. 1:15-cr-00867-RMB;
10. Camelia Jamshidy, an individual that has been indicted for sanctions evasion in the Southern District of New York, see Case No. 1:15-cr-00867-RMB;
11. Hossein Najafzadeh, an individual that has been indicted for sanctions evasion in the Southern District of New York, see Case No. 1:15-cr-00867-RMB; and
12. Huseyin Korkmaz, an individual that is mentioned in government pleadings in a sanctions evasion case in the Southern District of New York, see Case No. 1:15-cr-00867-RMB.

Chelsea Seddon
2022-ICAP-00275, 2022-ICFO-01613
Page **2** of **2**

By a letter dated December 1, 2021, the ICE FOIA Office tasked the ICE Office of Homeland Security Investigations (HSI) to search for records responsive to your request and no responsive records were located.

Based on your most recent correspondence it appears you are challenging the adequacy of the search.

Based on a complete review of the administrative record and the search documentation which led to the determination on your FOIA request, ICE finds the search was adequate in all respects and was reasonably calculated to uncover all relevant documents.

This decision is the final action of U.S. Immigration and Customs Enforcement concerning your FOIA request.  Inasmuch as you consider this to be a denial of your appeal, you may the obtain judicial review of this decision pursuant to the provisions of 5 U.S.C. § 552(a)(4)(B) in the United States District Court in the district in which you reside, or have a principal place of business, or in which the agency records are situated, or in the District of Columbia.

The Office of Government Information Services (OGIS) also mediates disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation.  If you wish to contact OGIS, you may email them at ogis@nara.gov or call 1-877-684-6448.

Should you have any questions regarding this appeal, please contact ICE at ice-foia@dhs.gov.  In the subject line of the email please include the word "appeal," your appeal number, which is **2022-ICAP-00275**, and the FOIA case number, which is **2022-ICFO-01613.**

Sincerely,

*Alexandra Ellis*

For:
Shiraz Panthaky
Chief, Government Information Law Division
ICE Office of the Principal Legal Advisor
U.S. Department of Homeland Security