UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

WILLIAMS & CONNOLLY LLP,

Plaintiff,

v.

U.S. DEPARTMENT OF HOMELAND
SECURITY, et al.,

Defendants.

Civil Action No. 24-2322 (PLF)

## DECLARATION OF JARROD PANTER

I, Jarrod Panter, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I am the Acting Associate Center Director and Chief FOIA Officer in the Freedom of Information and Privacy Act (FOIA/PA) Unit, National Records Center (NRC), United States Citizenship and Immigration Services (USCIS), within the United States Department of Homeland Security (DHS), in Lee's Summit, Missouri. I have held the position of Acting Associate Center Director since August 12th, 2023. I received my Masters of Public Administration in 2008, from the University of Kansas. I joined USCIS in 2009, as a Government Information Specialist at the National Records Center and, in 2012, began serving as a Supervisory Government Information Specialist. In 2023, I was promoted to Section Chief of the Significant Interest Group prior to serving in my current position as Acting Associate Center Director.

2. As the Acting FOIA Officer for USCIS, I work with over 200 information access professionals at USCIS who are responsible for the orderly processing of all public, congressional, judicial, and inter-/intra-agency requests or demands for access to USCIS records

and information pursuant to the FOIA, Privacy Act, Executive Orders, departmental directives, regulations, and compulsory legal process.

3.      Through the exercise of my official duties as the Acting Associate Center Director, I am familiar with USCIS's standard process for responding to FOIA requests, including search procedures for locating agency records.  I am also familiar with USCIS's handling of Plaintiff Williams & Connolly, LLP's FOIA request.

4.      The statements contained in this declaration are based on my personal knowledge and upon information provided to me by other USCIS employees in the course of my official duties.

5.      The purpose of this declaration is to describe, generally, agency procedures for responding to FOIA requests for access to agency records and, more specifically, agency action taken in response to the FOIA request that USCIS received from Plaintiff that is at issue in this case[1] and USCIS's justification for neither confirming nor denying the existence of responsive records pursuant to FOIA Exemptions 6 and 7(C) concerning the third parties identified in Plaintiff's request.

## I.      ADMINISTRATIVE HISTORY OF PLAINTIFF'S FOIA REQUEST

6.      By letter dated February 2, 2022, Plaintiff, through its research librarian Chelsea Seddon, submitted a FOIA request seeking "all records, including but not limited to paper or electronic files, databases, spreadsheets, documents, records of meetings (including calendar invitations or placeholders, meeting agendas, meeting minutes, meeting attendee lists) or

---

[1]      By letter dated January 13, 2022, Plaintiff submitted a nearly identical FOIA request to which USCIS responded on January 21, 2022.  By email sent on January 27, 2022, USCIS informed Plaintiff of its right to appeal within ninety days of the response.  Plaintiff did not appeal.  The parties agree that this FOIA Request, assigned control number NRC2022014143, is not at issue in this litigation.  *See* Dec. 19, 2024, Joint Status Report (ECF No. 19) at 3 n. 2.

communications (including emails, text messages, messaging application messages (e.g., Skype, Lyne, WhatsApp, Zoom, WebEx), memos, letters, attachments), that mention any of the following:

1. Reza Zarrab (date of birth []),[2] a/k/a Riza Zarrab, a/k/a Reza Sarraf, a/k/a Riza Sarraf, a/k/a Aaron Goldsmith, an individual that has pleaded guilty to sanctions evasion in the Southern District of New York, *see* Case No. 1:15-cr-00867-RMB.

2. Huseyin Korkmaz, an individual that is mentioned in government pleadings in a sanctions evasion case in the Southern District of New York, *see* Case No. 1:15-cr-00687-RMB.

*See* Ex. 1, Pl.'s Feb. 2, 2022, FOIA Request.

7.    In the request, Plaintiff explained that "[t]his request extends to documents created from December of 2013, through the date of this search."  *Id.*  Plaintiff further stated that:

> [f]rom prior correspondence with USCIS's FOIA office, I understand that it is generally USCIS's policy not to conduct searches for responsive documents pertaining to third-parties unless the request (1) contains authorization from the third-party, (2) demonstrates that the third-party is deceased, or (3) demonstrates that the public's interest in disclosure outweighs the personal privacy interests of the third-party.  Without waiving my right to challenge the legitimacy of this policy, I note that the public's interest in disclosure of pertinent records clearly outweighs the privacy interests of the individuals identified above.
>
> Each of the individuals identified above is associated with a sanctions evasion case that is being prosecuted in the Southern District of New York. Both individuals are government witnesses; one is testifying pursuant to a cooperation agreement.  The public, which has a right to attend these proceedings, *see Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 573 (1980), has the right to know the extent to which these individuals have an incentive to curry favor with the government, *see Giglio v. United States*, 405 U.S. 150, 153-54 (1972) ("When the reliability of a given witness may well be determinative of guilt or innocence, nondisclosure of evidence affecting credibility" is "incompatible with rudimentary demands of justice." (cleaned up)).  The release of responsive documents is thus clearly in the public interest.

---

[2]    The date of birth is unredacted in the original submission to USCIS.

3

> Moreover, the public has a right to know about these individuals' attempts to stay in the United States given their backgrounds. The first—Reza Zarrab—has pleaded guilty to sanctions evasion and bank fraud charges in Case No. 1:15-cr-00867-RMB. The Second—Huseyin Korkmaz—is a fugitive from justice in the Republic of Turkey who has admitted to, among other offenses, theft of materials belonging to the Turkish government. The American public has a right to know, among other things, whether these individuals have applied for permanent resident status; whether they have been granted work visas; and whether the U.S. Attorney assisted with their respective applications. The public's interest thus clearly outweighs the privacy rights of these individuals.

*Id*. Plaintiff also noted that the request was being made for commercial purposes. *Id.*

8.      USCIS FOIA staff determined that the request was seeking records pertaining to two third-party individuals—namely, Reza Zarrab ("Zarrab") and Huseyin Korkmaz ("Korkmaz"). Accordingly, FOIA staff split the request into two separate FOIA cases and assigned the FOIA cases control numbers NRC2022032747 and NRC2022033272. *See* Ex. 2, USCIS's Feb. 15, 2022, Final Determination Letters.

9.      Based on its review of the FOIA request, by letter dated February 15, 2022, USCIS denied Plaintiff's request in its entirety pursuant to FOIA Exemption 6. *Id.* In denying the request "in its entirety," the FOIA Office did not conduct a search for responsive records as it determined that information regarding whether or not USCIS maintained documents pertaining to Zarrab or Korkmaz was privacy protected information exempt from disclosure pursuant to FOIA Exemption 6.[3] *Id.*

---

[3]      Even if the FOIA Office had determined that a search for responsive records was required, USCIS would not have been able to locate the specific records sought for Korkmaz with a reasonable amount of effort. In its request, Plaintiff provided only Korkmaz's name and no additional identifying information, such as date of birth, necessary to distinguish the sought after records (if any) from records pertaining to other individuals who may share the same first and last name and/or to verify to whom the records identified (if any) pertain. *See* Ex. 1, Pl.'s Feb. 2, 2022, FOIA Request.

10.    Plaintiff was further informed that "[w]here a FOIA requester seeks information about individuals in personnel, medical, and similar files[,] FOIA Exemption 6 protects from disclosure information that, if released, would constitute a clearly unwarranted invasion of personal privacy."  *Id*.  The letters also informed Plaintiff that the "types of documents and/or information that we have withheld may consist of [various listed documents and information], or various other documents and/or information belonging to a third party that are considered personal."  *Id.*

11.    Finally, the letters  explained that to obtain documents and/or information belonging to a third-party, the request must demonstrate written authorization permitting disclosure; proof of parentage, proof of guardianship, or proof the individuals are deceased; or a clear demonstration that the public interest in disclosure outweighs the personal privacy interest(s) of the individual(s) and that significant public benefit would result from the disclosure of the requested records.  *Id*.  Plaintiff was informed that the request did not satisfy any of the criteria.  *Id.*  Finally, Plaintiff was advised of its right to appeal the determinations.  *Id*.

12.    In a letter dated May 11, 2022, Plaintiff filed an administrative appeal of USCIS's February 15, 2022, responses denying Plaintiff's FOIA request in its entirety.  *See* Ex. 3, Pl.'s May 11, 2022, FOIA Appeal.

13.    Similar to Plaintiff's FOIA request, FOIA Appeals staff split the appeal into two separate appeal cases and assigned the FOIA appeal cases control numbers APP2022001225 and APP2022001226.  *See* Ex. 4, USCIS's June 10, 2022 Appeal Responses.

14.    In the appeal, Plaintiff asserted that USCIS applied the wrong public-interest test when evaluating the request and the public interest outweighs any privacy interests at stake.  *See* Ex. 3, Pl.'s May 11, 2022, FOIA Appeal.  Specifically, Plaintiff stated the "documents in

USCIS's possession pertaining to Reza Zarrab and Huseyin Korkmaz could (depending on their content, of course) shed light on the proper functioning of the Department of Justice, whether USCIS is fulfilling its obligations, and the legitimacy of public proceedings in our nation's courts."  *Id*.  Plaintiff also claimed that "a remand is appropriate to the extent USCIS failed to provide all 'reasonably segregable portion[s]' of documents not falling within FOIA's exemptions."  *Id*.  Plaintiff further stated that "it bears mentioning that an individual has a significantly reduced privacy interest in information that is already in the public domain" and that the individuals for whom information was sought in the request have testified for days in open court and have been mentioned in "countless news articles."  *Id*.

15.     After reviewing the appeal and taking into consideration the decisions of the National Records Center's FOIA Office based on the information before it when it determined Plaintiff's request, by letters dated June 10, 2022, the appellate authority upheld the determinations.  *See* Ex.4, June 10, 2022, Appeal Responses.

16.     On August 9, 2024, the Plaintiff filed its complaint.  Compl. (ECF No. 1).

17.     On August 19, 2024, Plaintiff filed an amended complaint.  Am. Compl. (ECF No. 8).

18.     Plaintiff requested records concerning third parties; however, at the time Plaintiff's FOIA request was processed, Plaintiff failed to demonstrate written authorization permitting disclosure; proof of parentage, proof of guardianship, proof the individuals are deceased or a clear demonstration that the public interest in disclosure outweighs the personal privacy interest(s) of the individual(s) and that significant public benefit would result from the disclosure of the requested records. Therefore, USCIS did not conduct a search for responsive

records nor did USCIS release any records to Plaintiff regarding the third parties identified in its request, if they should exist.

## II.    USCIS FOIA PROGRAM

19.    USCIS receives a significant number of FOIA requests each Fiscal Year ("FY"). In FY 2022 and 2023, USCIS, a component of the Department, received more than 32% of the total requests received across the federal government.  *See* http://www.foia.gov.    In recent years, USCIS has experienced a significant increase in FOIA requests from year-to-year.  For example, in FY 2022, USCIS received 302,698 requests.  *Id*.  From FY 2022 to FY 2023, requests grew by almost 30% to 391,969 requests.  *Id*.  Most recently, in FY 2024, USCIS received 577,843 FOIA requests—a 47% increase from FY 2023.

20.    When contending with this significant number of FOIA requests, USCIS routinely and consistently processes FOIA requests in compliance with the Department implementing regulations found at 6 C.F.R. Part 5 and the Department Management Directive No. 262.11, FOIA Compliance.

21.    The Department requirements for submitting a FOIA request for an individual's records include the following:

a)    If the requester seeks records about him/herself, the requester must verify identity by providing their full name, current address, date of birth and place of birth, and country of citizenship or residency.  The individual must sign the request and provide a signature that must either be notarized or submitted under 28 U.S.C. § 1746 (penalty of perjury in lieu of notarized signature).  This signature must be submitted along with the FOIA request.  6 C.F.R. §§ 5.3(a), 5.21(e).

b)    The FOIA request must describe the records that are being sought in sufficient detail to enable [the Department] personnel to locate them with a reasonable amount of effort.  6 C.F.R. § 5.3(b).

c)    When a request for records pertains to a third party, the requester may receive greater access to records by submitting a notarized authorization or declaration by

that individual authorizing disclosure of the records to the requester, or by submitting proof that the individual is deceased.  6 C.F.R. § 5.3(a)(4).

22.     Each request is treated individually, and USCIS must retain flexibility in the way it handles each request.  Also, USCIS will process a request for and release non-exempt records about a third party without proof of death or without written authorization or other authorization permitting release of such information or lessoning the individual's privacy interest only if the requester demonstrates and USCIS determines that a significant public interest outweighs that third-party individual's privacy interests after conducting the balancing analysis.  For purposes of Exemptions 6 and 7(C), a public interest exists when disclosure of information about an individual would significantly increase the public's understanding of USCIS's operations and activities.

### III.     JUSTIFICATION FOR WITHHOLDING INFORMATION UNDER FOIA EXEMPTIONS 6 AND 7(C)

23.     The justifications described in this declaration support USCIS's withholding of information regarding whether USCIS maintains records for either Zarrab or Korkmaz as confirming or denying such information would betray the privacy interests protected by FOIA Exemptions 6 and 7(C).[4]  Because USCIS is a federal agency that oversees lawful immigration to the United States, recognizing the existence or non-existence of records pertaining to Zarrab or Korkmaz would reveal information regarding their immigration status and/or whether they are seeking immigration benefits.  Based on its review of the FOIA request, USCIS determined that Plaintiff did not demonstrate a clear public interest in disclosure that outweighed the significant

---

[4]     While neither confirming or denying, to the extent USCIS does maintain records for either Zarrab or Korkmaz, other exemptions and withholdings may also apply.

personal privacy of Zarrab and Korkmaz to warrant the disclosure of their personal immigration

information, to the extent it exists.

24.     While USCIS understands that Plaintiff has now provided information after filing

the amended complaint and during litigation indicating that Korkmaz is deceased as of January

5, 2025, and presented a host of additional newly-asserted information in its amended complaint

and motion for summary judgment, USCIS does not consider this information that was not

presented in Plaintiff's February 2, 2022 FOIA request to be relevant to whether USCIS properly

responded to Plaintiff's request more than three years ago.  *See* Ex. 1, Pl.'s Feb. 2, 2022, FOIA

Request & Ex. 2, USCIS's Feb. 15, 2022, Final Determination Letters.  Permitting requesters to

supplement their FOIA request after a determination has been issued either with additional

information that could have been provided with the original request or even changed

circumstances due to the passage of time, would, in essence, create a never-ending rolling

request that would hinder the agency from considering new requests.

**FOIA Exemption 7 Threshold**

25.     Before an agency can invoke any of the harms enumerated in FOIA Exemption 7,

it must first demonstrate that the records or information at issue were compiled for law

enforcement purposes.  *See* 5 U.S.C. § 552(b)(7).

26.     Pursuant to the Immigration and Nationality Act ("INA"), codified under Title 8

of the U.S. Code, the Secretary of Homeland Security is charged with the administration and

enforcement of laws relating to the immigration and naturalization of individuals, subject to

certain exceptions.  *See* 8 U.S.C. § 1103.  USCIS is responsible to enforce federal immigration

law pursuant to the INA through its adjudication of applications and petitions submitted to

USCIS seeking immigration benefits from the United States government.

27. To fulfill this mission, USCIS generally maintains records compiled as part of its enforcement of the INA when adjudicating such applications and petitions. Specifically, such records relate to and assist USCIS in the investigation and processing of immigration benefit requests. USCIS collects applicable information, and such information is recorded in its files and electronic data systems. These records compiled for the law enforcement purpose of enforcing the INA contain a significant amount of private and personal information.

28. As USCIS is neither admitting nor denying that it maintains records for Zarrab or Korkmaz, there is no specific statutory investigative authority for compiling the records to cite here. Plaintiff, however, asserts both have a criminal background and are involved with a sanctions evasion case and that the public has a right to know about their attempts to stay in the United States given their backgrounds. *See* Pl.'s Feb. 2, 2022, FOIA Request. Plaintiff is seeking these records to determine "whether these individuals have applied for permanent resident status," "whether they have been granted work visas," and whether the U.S. Attorney assisted with their respective applications." *See id.* USCIS can aver that the types of records requested regarding either Zarrab or Korkmaz, should any exist, would necessarily have been collected and maintained by USCIS as part of its function of enforcing the INA, and would readily meet the threshold requirement of FOIA Exemption 7.

**FOIA Exemptions 6 and 7(C) - Unwarranted Invasion of Personal Privacy**

29. Exemption 6 exempts from disclosure "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). All information that applies to a particular person falls within the scope of Exemption 6.

30.     Exemption 7(C) similarly exempts from disclosure "records or information compiled for law enforcement purposes [when disclosure] could reasonably be expected to constitute an unwarranted invasion of personal privacy."  5 U.S.C. § 552(b)(7)(C).[5]

31.     In asserting these exemptions, USCIS determined that it cannot confirm nor deny the existence of records regarding the third parties named in Plaintiff's request.  USCIS determined that merely acknowledging whether responsive records exist would trigger harm to an interest under FOIA Exemptions 6 and 7(C).  When considering to neither confirm or deny the existence of records pursuant to FOIA Exemptions 6 and 7(C), USCIS is required to balance the privacy interests of the third parties mentioned in Plaintiff' FOIA request against any public interest in disclosure and did so in this matter.

32.     Thus, USCIS determined that revealing the existence of documents related to the third-party individuals, Zarrab or Korkmaz, constitute an "invasion of personal privacy" under either FOIA Exemptions 6 or 7(C).

**Privacy Interest Analysis**

33.     As stated above, at the time the FOIA request was processed, Plaintiff's request did not include written authorization permitting release of the requested information from either third-party individual; proof of parentage, proof of guardianship, or proof the individuals were deceased; or demonstrate the existence of a significant public interest in disclosure of the material sought that would outweigh the privacy interests of the third parties, should such

---

[5]     Although the balancing test for Exemption 6 uses a "would constitute a clearly unwarranted invasion of personal privacy" standard and the test for FOIA Exemption 7(C) uses the lower standard of "could reasonably be expected to constitute an unwarranted invasion of personal privacy," the analysis and balancing required by both exemptions is sufficiently similar as to warrant a consolidated discussion.  The privacy interests are balanced against the public's interest in disclosure under both exemptions.

records exist.  *See* Ex. 1, Pl.'s Feb. 2, 2022, FOIA Request.  Plaintiff likewise did not assert

within the FOIA request that Zarrab's or Korkmaz's immigration status or requested information

was in the public domain or that either third-party individual was considered "public figures."

*Id.*[6]

34.    Instead, Plaintiff asserted both individuals are associated with a sanctions evasion

case in the Southern District of New York, *see United States v. Zarrab et al.*, Cr. A. No. 15-0867

(S.D.N.Y.), and are government witnesses, one testifying pursuant to a cooperation agreement.[7]

Plaintiff also asserted that "the public . . . has the right to know the extent to which these

individuals have an incentive to curry favor with the government" and "to know about these

individuals' attempts to stay in the United States given their backgrounds."  *See* Ex. 1, Pl.'s Feb.

2, 2022, FOIA Request.

35.    By denying Plaintiff's request in its entirety pursuant to FOIA Exemption 6 (as

well as FOIA Exemption 7(C), which is now also being asserted), USCIS intended to withhold,

---

[6]    While Plaintiff asserted for the first time in its administrative appeal that the testimony of
the individuals "covered a host of matters, including the personal background of each individual"
and that the "individuals are also both mentioned in countless news articles," this information
was not available for consideration when the National Records Center's FOIA Office made its
determination.  *Id.*  Moreover, Plaintiff still did not point in its appeal to any particular, specific
information within the public domain evidencing that USCIS maintained records for either
Zarrab or Korkmaz. *See* Ex. 3, Pl.'s May 11, 2022, FOIA Appeal.  Given the significant number
of FOIA requests USCIS receives annually (577,843 in FY 2024 alone), searching to determine
if information is within the public domain when not asserted or the information and its location is
not specifically identified by the requester would practically paralyze the FOIA program as staff
would be required to undertake an exhaustive, potentially limitless search to prove a negative—
that information has not been revealed—for every request.

[7]    A cursory review of the docket for purposes of this declaration reveals that the criminal
case involves ten defendants and more than 700 docket entries.  *See United States v. Zarrab et
al.*, Cr. A. No. 15-0867 (S.D.N.Y.).

consistent with a *Glomar*[8] response, information regarding whether or not USCIS maintains records for either Zarrab or Korkmaz.  This is because even acknowledging the existence of records for these individuals by USCIS would result in harm to an interest protected under FOIA Exemption 6, as well as FOIA Exemption 7(C).

36.    As previously noted, USCIS is a federal agency that oversees lawful immigration to the United States.  Recognizing the existence or non-existence of records pertaining to Zarrab or Korkmaz would have revealed information regarding their immigration status and other personal immigration-related information.  Specifically, disclosing that USCIS maintains records for those individuals (if that were the case) would reveal their association with USCIS, thereby signifying that the individuals are not U.S. Citizens and/or that they are seeking immigration benefits on behalf of themselves or others.

37.    The privacy interest in this personal immigration information belongs to the individual, not the government, and disclosure would result in foreseeable harm to the privacy interest in nondisclosure protected by FOIA Exemptions 6 and 7(C).  Specifically, disclosure would undermine the confidence of individuals who submit private, personal information to USCIS that their information will not be disclosed to the public.  This lack of confidence would result in individuals being less forthcoming with such information, which would, in turn, impede their access to immigration benefits as well as the government's ability to rely upon the completeness of the information it maintains when making determinations.

---

[8]    The phrase "*Gloma*r" stems from a case in which a FOIA requester sought information from the CIA concerning a ship named the "*Hughes Glomar Explorer*," and the CIA refused to confirm or deny its relationship with the *Glomar* vessel because to do so would compromise the national security or divulge intelligence sources and methods.  *Phillipi v. CIA*, 655 F. 2d. 1325 (D.C. Cir. 1981).

38.    In addition to undermining the confidence of those who are seeking immigration benefits, bad actors would also be able to use such information to target, embarrass, blackmail or bribe those individuals.  This is especially true when bad actors have power over or specialized knowledge regarding those individuals and want to gain control over them by ascertaining their immigration status and/or whether immigration benefits have been sought by or for them.  For example, bad actors who know an individual's citizenship status would use the information to determine whether the individual is undocumented or, perhaps, assisting the government in the prosecution or investigation of certain crimes for which certain immigration benefits may be available due to that assistance.[9]

39.    In addition to having a well-recognized privacy interest in the nondisclosure of their immigration information, individuals who provide law enforcement agencies with reports of illegal conduct or assist law enforcement agencies with their investigations also have a substantial privacy interest in the nondisclosure of information that may be used by bad actors to identify and locate them—particularly when such persons reasonably fear reprisals for their assistance.  For example, disclosing whether USCIS maintains records pertaining to an individual testifying on behalf of the government may reveal whether the individual is seeking immigration benefits and, therefore, intends to remain in the United States or, if there are no records, perhaps return to his or her country of citizenship.  This would provide bad actors with information to narrow their search for individuals in order to retaliate against them or those associated with them for cooperating with the government, including providing testimony or assisting in the law enforcement investigation.  Also, disclosing whether USCIS maintains

---

[9]    *See, e.g.*, 8 U.S.C. § 1101(a)(15)(S), (T) & (U) (defining the criteria to obtain an S, T or U nonimmigrant visa).

records pertaining to an individual testifying on behalf of the government or assisting in a law enforcement investigation may obstruct the investigation or result in individuals being unwilling to cooperate with the government out of fear of reprisal.

40.    In this case, Plaintiff made clear that both Zarrab and Korkmaz served as government witnesses in a sanctions evasion case and that one was doing so as part of a cooperation agreement and another was a fugitive from Turkey. *See* Ex. 1, Pl.'s Feb. 2, 2022, FOIA Request. Both, therefore, had a substantial privacy interest in the non-disclosure of whether USCIS maintains records pertaining to them for the above-noted reasons. Specifically, disclosure would undermine their confidence that their personal information would be protected—which is critical when individuals serve as government witnesses—as well as undermine the confidence of those who are similarly situated. Further, bad actors would be able to use the information to determine their immigration status and/or whether they sought immigration benefits. This information may be used to subject them to intimidation, harassment, unwarranted contact, reprisal for their testimony or involvement as a government witness, or even physical harm. Also, disclosure allows bad actors to locate them by ascertaining (depending on the response or records) whether they intend to stay in the United States or reside elsewhere.

41.    Accordingly, USCIS properly determined based on the assertions in the FOIA request that Zarrab and Korkmaz had a substantial privacy interest that outweighed the asserted public interest and the nondisclosure of their immigration information—specifically, whether USCIS maintains records for either individual—was proper pursuant to FOIA Exemption 6. That same analysis also supports the nondisclosure of the requested information under FOIA Exemption 7(C), which is now also being asserted.

15

**Public Interest Analysis**

42.    With a third-party FOIA request, after identifying the substantial privacy interests involved, USCIS balances those interests against the asserted public interest in disclosure.  In order to justify disclosure, a requester must make a clear demonstration that the public interest in disclosure outweighs the third party's personal privacy interest.  The only relevant public interest in the FOIA balancing analysis is the extent to which disclosure of the information sought would shed light on USCIS's performance of its statutory duties or otherwise let citizens know what their government is up to.

43.    Plaintiff, in its FOIA request dated February 2, 2022, did not demonstrate a public interest, as defined by the FOIA, in the release of the information that outweighed the substantial privacy interest of the third-party individuals.

44.    In its request, Plaintiff asserted that both Zarrab and Korkmaz are government witnesses in a sanctions evasion case and that "[t]he public, which has a right to attend those proceedings . . .  has the right to know the extent to which these individuals have an incentive to curry favor with the government . . .." *See* Ex. 1, Pl.'s Feb. 2, 2022, FOIA Request.  Plaintiff further asserted that "the public has a right to know about these individuals' attempts to stay in the United States given their backgrounds.  The first—Reza Zarrab—has pleaded guilty to sanctions evasion and bank fraud charges…The second—Huseyin Korkmaz—is a fugitive from justice in the Republic of Turkey who has admitted to, among other offenses, theft of materials belonging to the Turkish government.  The American public has a right to know, among other things, whether these individuals have applied for permanent resident status; whether they have been granted work visas; and whether the U.S. Attorney assisted with their respective applications." *Id.*

16

45.    To the extent Plaintiff was attempting to assert a government misconduct public interest in the FOIA request, it was required to produce evidence that would be deemed believable by a "reasonable person" for there to exist a counterweight on the FOIA scale to allow USCIS to balance against the cognizable privacy interest in the requested information. Moreover, when government misconduct is alleged as the justification for disclosure, the public interest is insubstantial unless the requester puts forward compelling evidence that the government is engaged in illegal activity and shows that the information sought is necessary to confirm or refute that evidence.

46.    Here, the FOIA request put forth no evidence, much less compelling evidence, that USCIS received or improperly granted a request for immigration benefits for Zarrab or Korkmaz.  Instead, the request merely stated that "the public has a right to know about these individuals' attempts to stay in the United States given their backgrounds" and, more specifically, that the "American public has a right to know, among other things, whether these individuals applied for permanent resident status; whether they have been granted work visas; and whether the U.S. Attorney assisted with their respective applications….." *See* Ex. 1, Pl.'s Feb. 2, 2022, FOIA Request

47.    These statements do not make any assertions of misconduct or impropriety and merely speculate that if immigration benefits were sought for Zarrab or Korkmaz, the American public has a right to know about it, presumably, because of their asserted backgrounds or because they are serving as government witnesses in a criminal matter.  Not only does such speculation fail to provide evidence of government misconduct, but even if true, there are well-established government processes by which such a scenario may legally and properly occur of

17

which the public is already aware.[10]  Accordingly, Plaintiff's FOIA request did not assert a

cognizable FOIA public interest of government misconduct.

48.    Plaintiff's assertions or grounds for knowing what the government is up to in its

February 2022 FOIA request likewise do not outweigh the substantial privacy interest specified

above.  In most third-party FOIA requests, including this matter, there is no discernable public

interest in disclosure of a particular individual's immigration information.  This is because there

is minimal, if any, amount of information of interest to the public revealed by disclosing

immigration information for particular individuals as disclosure would not shed enough light on

an agency's conduct to overcome the individual's privacy interest in the nondisclosure of their

information.

49.    Moreover, Plaintiff makes clear in its February 2022 request that it wants the

information for its own sake to satisfy a private, rather than a public, interest in obtaining the

information.  In its request, Plaintiff asserted that the immigration information for Zarrab and

Korkmaz should be released because the public "has a right to know the extent to which these

individuals have an incentive to curry favor with the government …."  Ex. 1, Pl.'s Feb. 2, 2022,

FOIA Request.  This asserted public interest does not shed light on the government's

performance of its statutory duties, but instead focuses on the reliability of Zarrab's and

Korkmaz's testimony.

---

[10]    For example, the U.S. Attorney's Office may legally seek S nonimmigrant classification
for individuals who assist law enforcement as witnesses or informants in certain types of
criminal investigations or prosecutions.  *See, e.g.*, 8 U.S.C. § 1101(a)(15)(S) (defining the "S"
nonimmigrant classification).  To seek such classification, the U.S. Attorney's Office or relevant
law enforcement entity may submit an I-854 Inter-Agency Alien Witness and Informant Record
through which the requesting entity may also seek waivers for grounds of inadmissibility, to
include criminal activity.  *See* I-854A, Inter-Agency Alien Witness and Informant Record,
located on the USCIS website at https://www.uscis.gov/i-854.

50.    Witness reliability, however, is a private, commercial interest and not a cognizable FOIA public interest.  The private, commercial nature of the request is also clearly illustrated in that the request states it "is being made for commercial purposes" and that the law firm is "willing to pay fees up to $3000."  *See* Ex. 1, Pl.'s Feb. 2, 2022, FOIA Request.

51.    Because Plaintiff did not demonstrate a cognizable FOIA public interest that outweighs the substantial privacy interest of Zarrab and Korkmaz and disclosing their immigration information, to the extent it exists, would not meaningfully contribute to the public's understanding of USCIS's enforcement of its immigration laws, the USCIS FOIA Office properly denied Plaintiff's request in its entirety pursuant to FOIA Exemptions 6, as well as FOIA Exemption 7(C), which is now also being asserted.


I declare under the penalty of perjury that the foregoing is true and accurate to the best of my knowledge and belief.


Executed in Lee's Summit, Missouri, on this 9th day of May 2025.

JARROD T
PANTER

Digitally signed by
JARROD T PANTER
Date: 2025.05.09 08:16:11
-05'00'

_____
Jarrod Panter
Acting Associate Center Director
Freedom of Information Act & Privacy Act Unit
USCIS National Records Center

# Exhibit 1

00298604
1543
2.8.22

CHELSEA B. SEDDON

[blacked out]@wc.com

LAW OFFICES

# WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

February 2, 2022

U.S. Citizenship and Immigration Services
National Records Center, FOIA/PA Office
P.O. Box 648010
Lee's Summit, MO 64064-8010

To whom it may concern:

      I am submitting this public records request under the Freedom of Information Act on behalf of Williams & Connolly LLP. I write to request that your agency produce all records, including but not limited to paper or electronic files, databases, spreadsheets, documents, records of meetings (including calendar invitations or placeholders, meeting agendas, meeting minutes, meeting attendee lists) or communications (including emails, text messages, messaging application messages (*e.g.*, Skype, Lync, WhatsApp, Zoom, WebEx), memos, letters, attachments), that mention any of the following:

1. Reza Zarrab (date of birth [blacked out] ), a/k/a Riza Zarrab, a/k/a Reza Sarraf, a/k/a Riza Sarraf, a/k/a Aaron Goldsmith, an individual that has pleaded guilty to sanctions evasion in the Southern District of New York, *see* Case No. 1:15-cr-00867-RMB; and

2. Huseyin Korkmaz, an individual that is mentioned in government pleadings in a sanctions evasion case in the Southern District of New York, *see* Case No. 1:15-cr-00867-RMB.

      This request extends to documents created from December of 2013, through the date of this search.

      From prior correspondence with USCIS's FOIA office, I understand that it is generally USCIS's policy not to conduct searches for responsive documents pertaining to third-parties unless the request (1) contains authorization from the third-party, (2) demonstrates that the third-party is deceased, or (3) demonstrates that the public's interest in disclosure outweighs the personal privacy interests of the third-party. Without waiving my right to challenge the legitimacy of this policy, I note that the public's interest in disclosure of pertinent records clearly outweighs the privacy interests of the individuals identified above.

      Each of the individuals identified above is associated with a sanctions evasion case that is being prosecuted in the Southern District of New York. Both individuals are government witnesses; one is testifying pursuant to a cooperation agreement. The public, which has a right to attend these

WILLIAMS & CONNOLLY LLP

February 2, 2022
Page 2

proceedings, *see Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 573 (1980), has the right
to know the extent to which these individuals have an incentive to curry favor with the government,
*see Giglio v. United States*, 405 U.S. 150, 153–54 (1972) ("When the reliability of a given witness
may well be determinative of guilt or innocence, nondisclosure of evidence affecting credibility" is
"incompatible with rudimentary demands of justice." (cleaned up)). The release of responsive
documents is thus clearly in the public interest.

Moreover, the public has a right to know about these individuals' attempts to stay in the
United States given their backgrounds. The first—Reza Zarrab—has pleaded guilty to sanctions
evasion and bank fraud charges in Case No. 1:15-cr-00867-RMB. The second—Huseyin
Korkmaz—is a fugitive from justice in the Republic of Turkey who has admitted to, among other
offenses, theft of materials belonging to the Turkish government. The American public has a right
to know, among other things, whether these individuals have applied for permanent resident status;
whether they have been granted work visas; and whether the U.S. Attorney assisted with their
respective applications. The public's interest thus clearly outweighs the privacy rights of these
individuals.

Accordingly, I ask that you provide all "reasonably segregable portion[s]" of all of the above
documents not falling within a FOIA exemption.[1] Similarly, if documents falling into the above-
mentioned categories are not subject to disclosure because of privacy concerns, I ask that the agency
provide all remaining documents (and segregable portions thereof) that do not present similar
concerns. If possible, please provide all responsive documents in an electronic format.

To help determine fees, you should know that I am a research librarian at Williams &
Connolly LLP that is making this request on behalf of the firm. This request is being made for
commercial purposes. I am willing to pay fees for this request up to $3000. Please contact me if
you anticipate the fees will exceed this amount or if advanced payment is necessary.

Should you have any questions regarding this request or if any issues arise, please feel free
to contact me at          @wc.com or          .

Thank you for your time and consideration.

Sincerely,

Chelsea Seddon

Chelsea B. Seddon

---

[1] 5 U.S.C. § 552(b).

# Exhibit 2



**U.S. Department of Homeland Security**
U.S. Citizenship and Immigration Services
*National Records Center*
P.O. Box 648010
Lee's Summit, MO  64064-8010

**U.S. Citizenship
and Immigration
Services**

NRC2022033272

February 15, 2022

Chelsea Seddon
Law Offices of Williams & Connolly
725 NW 12th Street
Washington, DC 20005-5901

Dear Chelsea Seddon:

This is in response to your Freedom of Information Act/Privacy Act (FOIA/PA) request received in this office on February 8, 2022 regarding Huseyin Korkmaz.

After carefully considering your request, we must deny it in its entirety pursuant to 5 U.S.C. § 552 (b)(6).

Exemption (b)(6) permits the government to withhold all information about individuals in personnel, medical and similar files where the disclosure of such information would constitute a clearly unwarranted invasion of personal privacy. The types of documents and/or information that we have withheld may consist of birth certificates, naturalization certificates, drivers' licenses, social security numbers, home addresses, dates of birth, or various other documents and/or information belonging to a third party that are considered personal.

In order to obtain these records your request must demonstrate one or more of the following criteria:

- Written authorization from the individual(s) permitting disclosure of the records to you, which consists of a written statement from the records' subject(s) stating his/her full name, current address, and date and place of birth. Additionally, the written statement must be signed by the records' subject(s) and the signature must either be notarized or signed under penalty of perjury;
- Proof of parentage with the parent's verification of identity if the subject of record is a minor at the time of the request;
- Proof of court-appointed guardianship with the guardian's verification of identity;
- Proof that the subject(s) of your request is deceased; or
- A clear demonstration that the public interest in disclosure outweighs the personal privacy interest(s) of the individual(s) and that significant public benefit would result from the disclosure of the requested records.

Your request did not satisfy any of the above criteria. Where a FOIA requester seeks information about individuals in personnel, medical, and similar files FOIA Exemption 6 protects from disclosure information that, if released, would constitute a clearly unwarranted invasion of personal privacy. To determine whether the disclosure of personal information would constitute an unwarranted invasion of personal privacy, Exemption 6 requires the government to balance the privacy interests of individuals that would be compromised by disclosure of government records about them against the public interest in release of the records. The only relevant public interest to be considered is the extent to which the requested information sheds light on the agency's performance of its statutory duties. Where the privacy interest outweighs the public, the information is protected from disclosure. In the absence of written authorization permitting disclosure of the records to you, proof that the subject is deceased, or a demonstration of a public interest that would outweigh the subject's privacy interest, you are not entitled to the requested records under the FOIA.

NRC2022033272
Page 2


You have the right to file an administrative appeal within 90 days of the date of this letter.  By filing an appeal, you preserve your rights under FOIA and give the agency a chance to review and reconsider your request and the agency's decision. You may file an administrative FOIA appeal to USCIS at: USCIS FOIA/PA Appeals Office, 150 Space Center Loop, Suite 500, Lee's Summit, MO 64064-2139. Both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

If you would like to discuss our response before filing an appeal to attempt to resolve your dispute without going through the appeals process, you may contact our FOIA Public Liaison, Cynthia Munita, for assistance at:

U.S. Citizenship and Immigration Services
National Records Center, FOIA/PA Office
P.O. Box 648010
Lee's Summit, MO  64064-8010
Telephone: (800) 375-5283
E-Mail: FOIAPAQuestions@uscis.dhs.gov

A FOIA Public Liaison is an agency official to whom FOIA requesters can raise concerns about the service the requester has received from the agency's FOIA Office. FOIA Public Liaisons are responsible for assisting in reducing delays, increasing transparency and understanding of the status of requests, and assisting in the resolution of disputes.

If you are unable to resolve your FOIA dispute through our FOIA Public Liaison, the Office of Government Information Services (OGIS), the Federal FOIA Ombudsman's office, offers mediation services to help resolve disputes between FOIA requesters and Federal Agencies.  The OGIS does not have the authority to handle requests made under the Privacy Act of 1974.  The contact information for OGIS is:

Office of Government Information Services
National Archives and Records Administration
8601 Adelphi Road - OGIS
College Park, MD 20740-6001
Telephone: (202) 741-5770 or (877) 684-6448
Email: OGIS@nara.gov
Website: ogis.archives.gov


Sincerely,

Cynthia Munita
Director, FOIA Operations



**U.S. Department of Homeland Security**
U.S. Citizenship and Immigration Services
*National Records Center*
P.O. Box 648010
Lee's Summit, MO 64064-8010

**U.S. Citizenship and Immigration Services**

NRC2022032747

February 15, 2022

Chelsea Seddon
Law Offices of Williams & Connolly
725 NW 12th Street
Washington, DC 20005-5901

Dear Chelsea Seddon:

This is in response to your Freedom of Information Act/Privacy Act (FOIA/PA) request received in this office on February 8, 2022 regarding Reza Zarrab.

After carefully considering your request, we must deny it in its entirety pursuant to 5 U.S.C. § 552 (b)(6).

Exemption (b)(6) permits the government to withhold all information about individuals in personnel, medical and similar files where the disclosure of such information would constitute a clearly unwarranted invasion of personal privacy. The types of documents and/or information that we have withheld may consist of birth certificates, naturalization certificates, drivers' licenses, social security numbers, home addresses, dates of birth, or various other documents and/or information belonging to a third party that are considered personal.

In order to obtain these records your request must demonstrate one or more of the following criteria:

- Written authorization from the individual(s) permitting disclosure of the records to you, which consists of a written statement from the records' subject(s) stating his/her full name, current address, and date and place of birth. Additionally, the written statement must be signed by the records' subject(s) and the signature must either be notarized or signed under penalty of perjury;
- Proof of parentage with the parent's verification of identity if the subject of record is a minor at the time of the request;
- Proof of court-appointed guardianship with the guardian's verification of identity;
- Proof that the subject(s) of your request is deceased; or
- A clear demonstration that the public interest in disclosure outweighs the personal privacy interest(s) of the individual(s) and that significant public benefit would result from the disclosure of the requested records.

Your request did not satisfy any of the above criteria. Where a FOIA requester seeks information about individuals in personnel, medical, and similar files FOIA Exemption 6 protects from disclosure information that, if released, would constitute a clearly unwarranted invasion of personal privacy. To determine whether the disclosure of personal information would constitute an unwarranted invasion of personal privacy, Exemption 6 requires the government to balance the privacy interests of individuals that would be compromised by disclosure of government records about them against the public interest in release of the records. The only relevant public interest to be considered is the extent to which the requested information sheds light on the agency's performance of its statutory duties. Where the privacy interest outweighs the public, the information is protected from disclosure. In the absence of written authorization permitting disclosure of the records to you, proof that the subject is deceased, or a demonstration of a public interest that would outweigh the subject's privacy interest, you are not entitled to the requested records under the FOIA.

NRC2022032747
Page 2

You have the right to file an administrative appeal within 90 days of the date of this letter. By filing an appeal, you preserve your rights under FOIA and give the agency a chance to review and reconsider your request and the agency's decision. You may file an administrative FOIA appeal to USCIS at: USCIS FOIA/PA Appeals Office, 150 Space Center Loop, Suite 500, Lee's Summit, MO 64064-2139. Both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

If you would like to discuss our response before filing an appeal to attempt to resolve your dispute without going through the appeals process, you may contact our FOIA Public Liaison, Cynthia Munita, for assistance at:

U.S. Citizenship and Immigration Services
National Records Center, FOIA/PA Office
P.O. Box 648010
Lee's Summit, MO 64064-8010
Telephone: (800) 375-5283
E-Mail: FOIAPAQuestions@uscis.dhs.gov

A FOIA Public Liaison is an agency official to whom FOIA requesters can raise concerns about the service the requester has received from the agency's FOIA Office. FOIA Public Liaisons are responsible for assisting in reducing delays, increasing transparency and understanding of the status of requests, and assisting in the resolution of disputes.

If you are unable to resolve your FOIA dispute through our FOIA Public Liaison, the Office of Government Information Services (OGIS), the Federal FOIA Ombudsman's office, offers mediation services to help resolve disputes between FOIA requesters and Federal Agencies. The OGIS does not have the authority to handle requests made under the Privacy Act of 1974. The contact information for OGIS is:

Office of Government Information Services
National Archives and Records Administration
8601 Adelphi Road - OGIS
College Park, MD 20740-6001
Telephone: (202) 741-5770 or (877) 684-6448
Email: OGIS@nara.gov
Website: ogis.archives.gov

Sincerely,

Cynthia Munita
Director, FOIA Operations

# Exhibit 3

0031093
5-18-22
2979

LAW OFFICES

# WILLIAMS & CONNOLLY LLP.

CHELSEA B. SEDDON

@wc.com

680 MAINE AVENUE SW
WASHINGTON, DC 20024
(202) 434-5000
WWW.WC.COM

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

May 11, 2022

USCIS
FOIA/PA Appeals Office
150 Space Center Loop, Suite 500
Lee's Summit, MO 64064-2139

## RE: FOIA APPEAL (REQUEST NOS. NRC2022032747 & NRC2022033272)

To Whom it May Concern:

This letter pertains to FOIA requests NRC2022032747 (Zarrab) and NRC2022033272 (Korkmaz); it is intended to formally appeal the responses provided by the U.S. Citizenship & Immigration Services for these requests. *See* 5 U.S.C. § 552(a)(6)(A) (discussing requester's right to appeal). As discussed in more detail below, I sought information pertaining to two individuals, Reza Zarrab and Huseyin Korkmaz. My letter described in detail why the public had a right to documents in USCIS's possession that mention each individual. Nevertheless, USCIS denied my request. USCIS cited FOIA Exemption 6 and claimed that I had not "clear[ly] demonstrate[ed] that the public interest in disclosure outweigh[ed] the personal privacy interest(s) of the individual(s) and that significant public benefit would result from the disclosure of the requested records." I now appeal this determination.

FOIA requests NRC2022032747 and NRC2022033272 sought documents pertaining to Reza Zarrab and Huseyin Korkmaz, both of whom are involved with a sanctions evasion case pending in the Southern District of New York. *See* Case No. 1:15-cr-00867-RMB.

On February 2, 2022, I submitted an initial FOIA request to USCIS that asked for documents pertaining to both individuals. My letter clearly described why disclosure of responsive documents was in the public interest. I specifically noted the following:

> Each of the individuals identified above is associated with a sanctions evasion case that is being prosecuted in the Southern District of New York. Both individuals are government witnesses; one is testifying pursuant to a cooperation agreement. The public, which has a right to attend these proceedings, *see Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 573 (1980), has the right to know the extent to which these individuals have an incentive to curry favor with the government, *see Giglio v. United States*, 405 U.S. 150, 153–54 (1972) ("When the reliability of a given witness may well be determinative of guilt or innocence, nondisclosure of evidence affecting credibility" is "incompatible with

WILLIAMS & CONNOLLY LLP.

May 11, 2022
Page 2

> rudimentary demands of justice." (cleaned up)).  The release of responsive documents is
> thus clearly in the public interest.
>
> Moreover, the public has a right to know about these individuals' attempts to stay in the
> United States given their backgrounds.  The first—Reza Zarrab—has pleaded guilty to
> sanctions evasion and bank fraud charges in Case No. 1:15-cr-00867-RMB.  The second—
> Huseyin Korkmaz—is a fugitive from justice in the Republic of Turkey who has admitted
> to, among other offenses, theft of materials belonging to the Turkish government.  The
> American public has a right to know, among other things, whether these individuals have
> applied for permanent resident status; whether they have been granted work visas; and
> whether the U.S. Attorney assisted with their respective applications.  The public's interest
> thus clearly outweighs the privacy rights of these individuals.

On February 15, 2022, USCIS responded to my request by denying it "in its entirety"
pursuant to Exemption 6.  *See* Attachment A.  USCIS's responses indicated that the request did
not "clear[ly] demonstrat[e] that the public interest in disclosure outweighs the personal privacy
interest(s) of the individual(s) and that significant public benefit would result from the disclosure
of the requested records."  Attachment A.  The response also noted that "[t]he only relevant public
interest to be considered is the extent to which the requested information sheds light on the
agency's performance of its statutory duties."  Attachment A.

I now appeal this determination on two grounds.  *First*, the agency applied the wrong
public-interest test when evaluating my request; under the correct standard, the public interest
clearly outweighs any privacy interests at stake.  USCIS's responses incorrectly stated that the
"only relevant public interest to be considered is the extent to which the requested information
sheds light on the agency's performance of its statutory duties."  Under binding Supreme Court
precedent, however, the public interest calculus is much broader.  FOIA is designed to allow the
people to "know what their *government* is up to," not just a particular agency that receives a FOIA
request.  *U.S. Dep't of Def. v. Fed. Lab. Rels. Auth.*, 510 U.S. 487, 497 (1994) (emphasis added).
Whether disclosure would shed light on what other departments in our government are doing is
thus also a relevant consideration.  *See id.*; *Citizens for Resp. & Ethics in Washington v. U.S. Dep't
of Just.*, 840 F. Supp. 2d 226, 234 (D.D.C. 2012).

Here, documents in USCIS's possession pertaining to Reza Zarrab and Huseyin Korkmaz
could (depending on their content, of course) shed light on the proper functioning of the
Department of Justice, whether USCIS is fulfilling its obligations, and the legitimacy of public
proceedings in our nation's courts.  As I explained in my request, Reza Zarrab and Huseyin
Korkmaz are government witnesses in a sanctions evasion case in the Southern District of New
York.  The American people should have a right to know whether these individuals are receiving
favorable treatment from the Department of Justice in exchange for their testimony.  Immigration
and citizenship-related benefits that may have been provided to either individual would speak to
the functioning of the Department of Justice, the legitimacy of public proceedings in U.S. courts,
and whether USCIS is complying with its statutory duties.  The public has a right to know what
the U.S. government is up to, which extends beyond what USCIS is up to.  USCIS thus applied

May 11, 2022
Page 3

the wrong public interest test when evaluating my request. Under the proper test, the public interest in disclosure clearly outweighs the privacy interests at stake.

*Second*, a remand is appropriate to the extent USCIS failed to provide all "reasonably segregable portion[s]" of documents not falling within FOIA's exemptions. 5 U.S.C. § 552(b). "[I]nvoking Exemption 6 [does not] lighten[] the agency's burden" of demonstrating that disclosure is appropriate. *Multi Ag Media LLC v. Dep't of Agric.*, 515 F.3d 1224, 1227 (D.C. Cir. 2008). "In fact, under Exemption 6, the presumption in favor of disclosure is as strong as can be found anywhere in the Act." *Id.* (citation omitted). My request asked for records that mention Reza Zarrab and Huseyin Korkmaz. Many of the types of records that I requested would not reside in personnel, medical, or other similar type files (*e.g.*, calendar invites, text messages, memos, etc.). USCIS's response does not suggest that the agency even looked for responsive documents before invoking Exemption 6. It also does not suggest that steps were taken to reasonably segregate portions of responsive documents.

Moreover, it bears mentioning that an individual has a significantly reduced privacy interest in information that is already in the public domain. *See Citizens for Resp. & Ethics in Washington*, 840 F. Supp. 2d at 233. Collectively, the individuals mentioned in my request testified for days in open court. This testimony covered a host of matters, including the personal background of each individual. These individuals are also both mentioned in countless news articles. If information in USCIS's files is duplicative of information already in the public domain, it likely falls outside of Exemption 6 and is thus subject to disclosure. To the extent USCIS failed to provide all "reasonably segregable portion[s]" of documents not falling within FOIA's exemptions, a remand is appropriate. 5 U.S.C. § 552(b).

In summary, I respectfully ask that USCIS conduct searches for responsive documents and provide all "reasonably segregable portion[s]" of the documents I originally requested that do not fall within a FOIA exemption. *Id.*

Should you have any questions regarding this appeal or if any issues arise, please feel free to contact me at [redacted] @wc.com or [redacted]

Thank you for your time and consideration.

Sincerely

Chelsea Seddon

Chelsea B. Seddon
Research Librarian

Attachments: [A]    Responses to FOIA Request dated February 15, 2022

# Attachment A

U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
National Records Center
P.O. Box 648010
Lee's Summit, MO  64064-8010



**U.S. Citizenship
and Immigration
Services**

**NRC2022032747**

February 15, 2022

Chelsea Seddon
Law Offices of Williams & Connolly
725 NW 12th Street
Washington, DC 20005-5901

Dear Chelsea Seddon:

This is in response to your Freedom of Information Act/Privacy Act (FOIA/PA) request received in this office on February 8, 2022 regarding Reza Zarrab.

After carefully considering your request, we must deny it in its entirety pursuant to 5 U.S.C. § 552 (b)(6).

Exemption (b)(6) permits the government to withhold all information about individuals in personnel, medical and similar files where the disclosure of such information would constitute a clearly unwarranted invasion of personal privacy. The types of documents and/or information that we have withheld may consist of birth certificates, naturalization certificates, drivers' licenses, social security numbers, home addresses, dates of birth, or various other documents and/or information belonging to a third party that are considered personal.

In order to obtain these records your request must demonstrate one or more of the following criteria:

- Written authorization from the individual(s) permitting disclosure of the records to you, which consists of a written statement from the records' subject(s) stating his/her full name, current address, and date and place of birth. Additionally, the written statement must be signed by the records' subject(s) and the signature must either be notarized or signed under penalty of perjury;
- Proof of parentage with the parent's verification of identity if the subject of record is a minor at the time of the request;
- Proof of court-appointed guardianship with the guardian's verification of identity;
- Proof that the subject(s) of your request is deceased; or
- A clear demonstration that the public interest in disclosure outweighs the personal privacy interest(s) of the individual(s) and that significant public benefit would result from the disclosure of the requested records.

Your request did not satisfy any of the above criteria. Where a FOIA requester seeks information about individuals in personnel, medical, and similar files FOIA Exemption 6 protects from disclosure information that, if released, would constitute a clearly unwarranted invasion of personal privacy. To determine whether the disclosure of personal information would constitute an unwarranted invasion of personal privacy, Exemption 6 requires the government to balance the privacy interests of individuals that would be compromised by disclosure of government records about them against the public interest in release of the records. The only relevant public interest to be considered is the extent to which the requested information sheds light on the agency's performance of its statutory duties. Where the privacy interest outweighs the public, the information is protected from disclosure. In the absence of written authorization permitting disclosure of the records to you, proof that the subject is deceased, or a demonstration of a public interest that would outweigh the subject's privacy interest, you are not entitled to the requested records under the FOIA.

NRC2022032747
Page 2

You have the right to file an administrative appeal within 90 days of the date of this letter. By filing an appeal, you preserve your rights under FOIA and give the agency a chance to review and reconsider your request and the agency's decision. You may file an administrative FOIA appeal to USCIS at: USCIS FOIA/PA Appeals Office, 150 Space Center Loop, Suite 500, Lee's Summit, MO 64064-2139. Both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

If you would like to discuss our response before filing an appeal to attempt to resolve your dispute without going through the appeals process, you may contact our FOIA Public Liaison, Cynthia Munita, for assistance at:

U.S. Citizenship and Immigration Services
National Records Center, FOIA/PA Office
P.O. Box 648010
Lee's Summit, MO 64064-8010
Telephone: (800) 375-5283
E-Mail: FOIAPAQuestions@uscis.dhs.gov

A FOIA Public Liaison is an agency official to whom FOIA requesters can raise concerns about the service the requester has received from the agency's FOIA Office. FOIA Public Liaisons are responsible for assisting in reducing delays, increasing transparency and understanding of the status of requests, and assisting in the resolution of disputes.

If you are unable to resolve your FOIA dispute through our FOIA Public Liaison, the Office of Government Information Services (OGIS), the Federal FOIA Ombudsman's office, offers mediation services to help resolve disputes between FOIA requesters and Federal Agencies. The OGIS does not have the authority to handle requests made under the Privacy Act of 1974. The contact information for OGIS is:

Office of Government Information Services
National Archives and Records Administration
8601 Adelphi Road - OGIS
College Park, MD 20740-6001
Telephone: (202) 741-5770 or (877) 684-6448
Email: OGIS@nara.gov
Website: ogis.archives.gov

Sincerely,

Cynthia Munita
Director, FOIA Operations



U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
*National Records Center*
P.O. Box 648010
Lee's Summit, MO  64064-8010

**U.S. Citizenship
and Immigration
Services**

**NRC2022033272**

February 15, 2022

Chelsea Seddon
Law Offices of Williams & Connolly
725 NW 12th Street
Washington, DC 20005-5901

Dear Chelsea Seddon:

This is in response to your Freedom of Information Act/Privacy Act (FOIA/PA) request received in this office on February 8, 2022 regarding Huseyin Korkmaz.

After carefully considering your request, we must deny it in its entirety pursuant to 5 U.S.C. § 552 (b)(6).

Exemption (b)(6) permits the government to withhold all information about individuals in personnel, medical and similar files where the disclosure of such information would constitute a clearly unwarranted invasion of personal privacy. The types of documents and/or information that we have withheld may consist of birth certificates, naturalization certificates, drivers' licenses, social security numbers, home addresses, dates of birth, or various other documents and/or information belonging to a third party that are considered personal.

In order to obtain these records your request must demonstrate one or more of the following criteria:

- Written authorization from the individual(s) permitting disclosure of the records to you, which consists of a written statement from the records' subject(s) stating his/her full name, current address, and date and place of birth. Additionally, the written statement must be signed by the records' subject(s) and the signature must either be notarized or signed under penalty of perjury;
- Proof of parentage with the parent's verification of identity if the subject of record is a minor at the time at the time of the request;
- Proof of court-appointed guardianship with the guardian's verification of identity;
- Proof that the subject(s) of your request is deceased; or
- A clear demonstration that the public interest in disclosure outweighs the personal privacy interest(s) of the individual(s) and that significant public benefit would result from the disclosure of the requested records.

Your request did not satisfy any of the above criteria. Where a FOIA requester seeks information about individuals in personnel, medical, and similar files FOIA Exemption 6 protects from disclosure information that, if released, would constitute a clearly unwarranted invasion of personal privacy. To determine whether the disclosure of personal information would constitute an unwarranted invasion of personal privacy, Exemption 6 requires the government to balance the privacy interests of individuals that would be compromised by disclosure of government records about them against the public interest in release of the records. The only relevant public interest to be considered is the extent to which the requested information sheds light on the agency's performance of its statutory duties. Where the privacy interest outweighs the public, the information is protected from disclosure. In the absence of written authorization permitting disclosure of the records to you, proof that the subject is deceased, or a demonstration of a public interest that would outweigh the subject's privacy interest, you are not entitled to the requested records under the FOIA.

NRC2022033272
Page 2

You have the right to file an administrative appeal within 90 days of the date of this letter. By filing an appeal, you preserve your rights under FOIA and give the agency a chance to review and reconsider your request and the agency's decision. You may file an administrative FOIA appeal to USCIS at: USCIS FOIA/PA Appeals Office, 150 Space Center Loop, Suite 500, Lee's Summit, MO 64064-2139. Both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

If you would like to discuss our response before filing an appeal to attempt to resolve your dispute without going through the appeals process, you may contact our FOIA Public Liaison, Cynthia Munita, for assistance at:

U.S. Citizenship and Immigration Services
National Records Center, FOIA/PA Office
P.O. Box 648010
Lee's Summit, MO 64064-8010
Telephone: (800) 375-5283
E-Mail: FOIAPAQuestions@uscis.dhs.gov

A FOIA Public Liaison is an agency official to whom FOIA requesters can raise concerns about the service the requester has received from the agency's FOIA Office. FOIA Public Liaisons are responsible for assisting in reducing delays, increasing transparency and understanding of the status of requests, and assisting in the resolution of disputes.

If you are unable to resolve your FOIA dispute through our FOIA Public Liaison, the Office of Government Information Services (OGIS), the Federal FOIA Ombudsman's office, offers mediation services to help resolve disputes between FOIA requesters and Federal Agencies. The OGIS does not have the authority to handle requests made under the Privacy Act of 1974. The contact information for OGIS is:

Office of Government Information Services
National Archives and Records Administration
8601 Adelphi Road - OGIS
College Park, MD 20740-6001
Telephone: (202) 741-5770 or (877) 684-6448
Email: OGIS@nara.gov
Website: ogis.archives.gov

Sincerely,

Cynthia Munita
Director, FOIA Operations

# Exhibit 4



**U.S. Department of Homeland Security**
U.S. Citizenship and Immigration Services
*Attn: FOIA/PA Appeals Office*
P.O. Box 648010
Lee's Summit, MO 64064-8010

**U.S. Citizenship and Immigration Services**

**APP2022001226**

June 10, 2022

Chelsea Seddon
Williams & Connolly, LLP
725 NW 12th Street
Washington, DC 20005-5901

Dear Chelsea Seddon:

RE:  NRC2022033272

This is in response to your Freedom of Information Act/Privacy Act (FOIA/PA) request received in this office on May 18, 2022 regarding Huseyin Korkmaz.

I have carefully considered your appeal and conclude that I will uphold the National Records Center's denial of your request in its entirety pursuant to 5 U.S.C. § 552 (b)(6) (Exemption 6).  In order to obtain these records your request must demonstrate one or more of the following criteria:

•   Written authorization from the individual(s) permitting disclosure of the records to you, which consists of a written statement from the records' subject(s) stating his/her full name, current address, and date and place of birth. Additionally, the written statement must be signed by the records' subject(s) and the signature must either be notarized or signed under penalty of perjury;

•   Proof of parentage with the parent's verification of identity if the subject of record is a minor at the time of the request;

•   Proof of court-appointed guardianship with the guardian's verification of identity;

•   Proof that the subject(s) of your request is deceased; or

•   A clear demonstration that the public interest in disclosure outweighs the personal privacy interest(s) of the individual(s) and that significant public benefit would result from the disclosure of the requested records.

If you are dissatisfied with our action on your appeal, you may seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B).

The Office of Government Information Services (OGIS), the Federal FOIA Ombudsman's office, offers mediation services to help resolve disputes between FOIA requesters and Federal Agencies. The OGIS does not have the authority to handle requests made under the Privacy Act of 1974. The contact information for OGIS is:

Office of Government Information Services
National Archives and Records Administration
8601 Adelphi Road - OGIS
College Park, MD 20740-6001
Telephone: (202) 741-5770 or (877) 684-6448
Email: OGIS@nara.gov

APP2022001226
Page 2


Website: ogis.archives.gov


 Sincerely,

Alan D. Hughes, Associate Counsel
 U.S. Citizenship and Immigration Services



**U.S. Department of Homeland Security**
U.S. Citizenship and Immigration Services
*Attn: FOIA/PA Appeals Office*
P.O. Box 648010
Lee's Summit, MO 64064-8010

**U.S. Citizenship and Immigration Services**

**APP2022001225**

June 10, 2022

Chelsea Seddon
Williams & Connolly, LLP
725 NW 12th Street
Washington, DC 20005-5901

Dear Chelsea Seddon:

RE:  NRC2022032747

This is in response to your Freedom of Information Act/Privacy Act (FOIA/PA) request received in this office on May 18, 2022 regarding Reza Zarrab.

I have carefully considered your appeal and conclude that I will uphold the National Records Center's denial of your request in its entirety pursuant to 5 U.S.C. § 552 (b)(6) (Exemption 6).  In order to obtain these records your request must demonstrate one or more of the following criteria:

•   Written authorization from the individual(s) permitting disclosure of the records to you, which consists of a written statement from the records' subject(s) stating his/her full name, current address, and date and place of birth. Additionally, the written statement must be signed by the records' subject(s) and the signature must either be notarized or signed under penalty of perjury;
•   Proof of parentage with the parent's verification of identity if the subject of record is a minor at the time of the request;
•   Proof of court-appointed guardianship with the guardian's verification of identity;
•   Proof that the subject(s) of your request is deceased; or
•   A clear demonstration that the public interest in disclosure outweighs the personal privacy interest(s) of the individual(s) and that significant public benefit would result from the disclosure of the requested records.

If you are dissatisfied with our action on your appeal, you may seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B).

The Office of Government Information Services (OGIS), the Federal FOIA Ombudsman's office, offers mediation services to help resolve disputes between FOIA requesters and Federal Agencies. The OGIS does not have the authority to handle requests made under the Privacy Act of 1974. The contact information for OGIS is:

Office of Government Information Services
National Archives and Records Administration
8601 Adelphi Road - OGIS
College Park, MD 20740-6001
Telephone: (202) 741-5770 or (877) 684-6448
Email: OGIS@nara.gov

APP2022001225
Page 2


Website: ogis.archives.gov


 Sincerely,


Alan D. Hughes, Associate Counsel
 U.S. Citizenship and Immigration Services