UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

WILLIAMS & CONNOLLY LLP,

            Plaintiff,

     v.

U.S. DEPARTMENT OF HOMELAND
SECURITY, et al.,

           Defendants.

Civil Action No. 24-2322 (PLF)

**DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS OR, IN THE
ALTERNATIVE, SUMMARY JUDGMENT AND
<u>MEMORANDUM IN SUPPORT THEREOF</u>**

Defendant Department of Homeland Security (the "Department") respectfully moves for judgment on the pleadings or, in the alternative, summary judgment pursuant to Federal Rule of Civil Procedure ("Rules") 12(c) and 56 in this Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, action filed by Plaintiff Williams and Connolly LLP ("Plaintiff").

## BACKGROUND

This motion involves the FOIA request that was transferred from the Department to U.S. Immigration and Customs Enforcement ("ICE").

On October 19, 2021, Plaintiff submitted a FOIA request, to the Department, which was received and initially handled by the Department's Privacy Office. *See* Pavlik-Keenan Decl. (attached) ¶¶ 4, 7, 13. The Privacy Office carefully reviewed the FOIA request, and, in accordance with the Department's regulations and familiarity with the duties and capacities of each part of the Department, determined that ICE -- the principal investigative arm of the Department of Homeland Security and the second largest investigative agency in the federal government -- is the Department component most likely to maintain any responsive records because the FOIA request concerned records related to individuals, and companies affiliated with some of those individuals, that were indicted for sanctions invasions that could be connected to investigations tied to fraudulent identity documents or financial crimes, which would be investigated by ICE's Homeland Security Investigations. *Id.* ¶ 14 (citing 6 C.F.R. § 5.3(a)(2)); *see also* Pineiro Decl. (ECF No. 32-3) at 13–14 (FOIA request). Additionally, if such individuals were foreign nationals, and were detained or subject to removal proceedings, ICE would have custody records and hearing documentation. Pavlik-Keenan Decl. ¶ 14. As such, the Department's Privacy Office determined that ICE was reasonably likely to uncover any potentially relevant records responsive to Plaintiff's FOIA request if they existed. *Id.*

Also, the Department's Privacy Office determined that neither the Department's Headquarters or other Department components would be reasonably likely to have any responsive records tied or connected to investigations that pertain to these individuals or companies affiliated with such individuals. *See* Pavlik-Keenan Decl. ¶ 14. Namely, as discussed above, the records requested, if they exist, would likely be possessed by ICE, given its duties and capacities, whereas no other part of the Department would be reasonably likely to have such records, given their discrete duties and capacities. *Id.*

On November 3, 2021, the Department's Privacy Office provided Plaintiff with a final response in which it acknowledged receipt of the FOIA request and notified Plaintiff of its determination that "due to the subject matter of the request, I am transferring this request to the FOIA Officer for [ICE], for processing under the FOIA and direct response to you." *Id.* ¶ 15. The Department's Privacy Office administratively closed Plaintiff's case on November 3, 2021, with no further action. *Id.* ¶ 16. At no time prior to administratively closing the FOIA request did the Department's Privacy Office process the FOIA request or supervise the FOIA request's processing by the referred component. *Id.* Nor does the Privacy Office have an ongoing obligation to supervise another component's processing of a FOIA request. *Id.* Also, Plaintiff did not follow up on the referral. *Id.* ¶ 15.

ICE confirmed receipt of the request and assigned it number 2022-ICFO-01613. Pavlik-Keenan Decl. ¶ 15; *see also* Pineiro Decl. (ECF No. 32-3) ¶¶ 5, 7. After the request was forwarded to ICE, ICE conducted a search for potentially responsive records and the searches yield no records. *See* Pineiro Decl. (ECF No. 32-3) ¶¶ 25–34. ICE notified Plaintiff of the search results and its right to appeal. *Id.* ¶ 10, Ex. C. Plaintiff administratively appealed but did not challenge the referral. *Id.* ¶¶ 11, Ex. D. On February 1, 2022, ICE upheld the determination and found that

the search was adequate in all respects and was reasonably calculated to uncover all relevant documents. *Id.* ¶ 13.

Prior to filing its lawsuit, Plaintiff did not challenge the referral, nor did Plaintiff submit another FOIA request to the Department; Plaintiff's amended complaint does not suggest otherwise. *See* Pineiro Decl. (ECF No. 32-3) ¶ 5; *see also* Pavlik-Keenan Decl. ¶¶ 15, 17; Am. Compl. (ECF No. 8) ¶¶ 1, 59–65; *see generally id.*

The Department now moves for judgment on the pleadings, or, alternatively, for summary judgment as to all claims against it.

## LEGAL STANDARDS

### I.    Judgment on the Pleadings

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c); *see also id.* R. 12(h)(2)(B). "Pleadings include any 'copy of a written instrument that is an exhibit to a pleading,' such as relevant and authentic documents attached to the complaint." *Dist. No. 1, Pac. Coast Dist., Marine Eng'rs Beneficial Ass'n v. Liberty Mar. Corp.*, 933 F.3d 751, 760 (D.C. Cir. 2019) (citation omitted). While the Rule 12(c) procedural device may also be used to secure substantive judgments on claims, when it is used to dispose of claims for a failure to state a claim, "[t]he standard for reviewing a motion for judgment on the pleadings is 'virtually identical' to that applied to a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Jones v. Castro*, 168 F. Supp. 3d 169, 177 (D.D.C. 2016) (citation omitted); *accord Haynesworth v. Miller*, 820 F.2d 1245, 1254 (D.C. Cir. 1987) (same), *abrogated on other grounds by Hartman v. Moore*, 547 U.S. 250 (2006); *Rollins v. Wackenhut Servs., Inc.*, 703 F.3d 122, 129 (D.C. Cir. 2012) ("The filing of an answer focuses on notice pleading requirements, but does not mean that the requirements of *Iqbal* and *Twombly* do not apply to a Rule 12(c) motion, which here is functionally equivalent to a Rule 12(b)(6)

motion."). "To prevail on a Rule 12(c) motion, the moving party must demonstrate its entitlement to judgment in its favor, even though the court evaluating the 12(c) motion will accept as true the allegations in the opponent's pleadings, and as false all controverted assertions of the movant." *Nelson v. Blinken*, Civ. A. No. 18-1880 (RC), 2023 WL 7156516, at *1 (D.D.C. Oct. 31, 2023) (internal quotation marks omitted) (citation omitted). A motion under Rule 12(c) is "functionally equivalent to a Rule 12(b)(6)" motion. *Id.*

As with a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When resolving a motion to dismiss pursuant to Rule 12(b)(6), the pleadings are construed broadly so that all facts pleaded therein are accepted as true, and all inferences are viewed in a light most favorable to the plaintiff. *Sykes v. Dudas*, 573 F. Supp. 2d 191, 198 (D.D.C. 2008). However, a district court is not required to accept conclusory allegations or unwarranted factual deductions as true. *Id.* at 198–99. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Likewise, the court need not "accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

Accordingly, a plaintiff must present factual allegations that are sufficiently detailed "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 668 (quoting *Twombly*, 550 U.S. at 557) (internal quotations omitted). Therefore, the focus is on the language in the

complaint and whether the complaint sets forth sufficient factual allegations to plausibly support the plaintiff's claims for relief.

## II.  <u>Summary Judgment Standard</u>

Summary judgment is appropriate when the pleadings and evidence show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *accord Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Tao v. Freeh*, 27 F.3d 635, 638 (D.C. Cir. 1994). A genuine issue of material fact is one that "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248.  The party seeking summary judgment must demonstrate the absence of a genuine issue of material fact. *Id.*  Once the moving party has met its burden, the nonmoving part may not rest upon the mere allegations or denials of his pleading but must instead establish more than "the mere existence of a scintilla of evidence" in support of his position. *Id.*  Thus, summary judgment is appropriate if the non-moving party fails to offer "evidence on which the jury could reasonably find for the [nonmovant]." *Id.*  When determining whether a genuine issue of material fact exists, the trier of fact must view all facts, and reasonable inferences drawn therefrom, in the light most favorable to the nonmoving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986).

## III.  <u>Summary Judgment Standard as Applied to FOIA Cases</u>

To obtain summary judgment in a FOIA action, an agency must show, viewing the facts in a light most favorable to the requester, that there is no genuine issue of material fact as to the agency's compliance with FOIA. *Steinberg v. Dep't of Just.*, 23 F.3d 548, 551 (D.C. Cir. 1994). The court may award summary judgment based solely upon the information provided in affidavits or declarations when those affidavits or declarations "describe the justifications for nondisclosure with reasonably specific detail… and are not controverted by either contrary evidence in the

record, nor by evidence of agency bad faith." *Larson v. Dep't of State*, 565 F.3d 857, 862 (D.C. Cir. 2009) (quoting *Miller v. Casey*, 730 F.2d 773, 776 (D.C. Cir. 1984)). A plaintiff "cannot rebut the good faith presumption" afforded to an agency's supporting affidavits "through purely speculative claims about the existence and discoverability of other documents." *Brown v. Dep't of Just.*, 742 F. Supp. 2d 126, 129 (D.D.C. 2010).

## ARGUMENT

The amended complaint, as it relates to the Department, merely alleges that Plaintiff initially submitted a FOIA request to the Department and then the FOIA request was transferred to ICE. *See* Am. Compl. (ECF No. 8) ¶¶ 1, 59–65. As discussed further below, the Court should dismiss any and all claims against the Department for two reasons.

*First*, Plaintiff fails to state a claim of relief against the Department because Plaintiff's amended complaint fails to identify a FOIA request at issue in this litigation that is pending with the Department or provide any factual basis to support a claim under FOIA against the Department.

The Department has a decentralized system for processing FOIA requests, with each component handling requests for its records, which means that most Department components are independently responsible for handling and processing requests for their record. 6 C.F.R. § 5.1(c). Accordingly, and except for the Cybersecurity and Infrastructure Security Agency, the Department's Privacy Office does not respond to or process FOIA requests on behalf of other operational Department components. Pavlik-Keenan Decl. ¶ 6. The "Privacy Office will forward the request to the component(s) that it determines to be the most likely, as of the date of the request for information, to maintain the records that are sought, " 6 C.F.R. § 5.3(a)(2), and all referrals are to be handled consistent with subsection 5.4(d)(3), that is, "the component may refer the responsibility for responding to the request or portion of the request to the component or agency best able to determine whether to disclose the relevant records, or to the agency that created or

initially acquired the record as long as that agency is subject to the FOIA.  Ordinarily, the component or agency that created or initially acquired the record will be presumed to be best able to make the disclosure determination. The referring component shall document the referral and maintain a copy of the records that it refers." *Id.* § 5.4(d)(3).

Here, Plaintiff brings an action under FOIA against the Department, but the allegations in the amended complaint do not support a FOIA claim against the Department.  As Plaintiff admits, the FOIA request initially was submitted to the Department, but the FOIA request was transferred to ICE for handling.[1]  *See* Am. Compl. (ECF No. 8) ¶¶ 1, 59–65; *see also* Pavlik-Keenan Decl. ¶¶ 13, 15.   Consequently, after the FOIA request was transferred to ICE, the Department's Privacy Office closed Plaintiff's case, with no further action by the Department.  Pavlik-Keenan Decl. ¶ 16.  The allegations in the amended complaint fail to suggest that Plaintiff challenged transfer of the request to ICE, nor do they suggest that another FOIA request was submitted to the Department and is at issue in this litigation.  *See generally* Am. Compl. (ECF No. 8); *see also* Pineiro Decl. (ECF No. 32-3) ¶ 5; Pavlik-Keenan Decl. ¶¶ 15, 17, 18.  Without more factual details, the amended complaint fails to provide any facts relating to a FOIA request handled by the Department itself and at issue in this litigation, nor does the amended complaint adequately explain why Plaintiff is entitled to relief against the Department, as required under Federal Rule of Civil Procedure 8(a)(2), which requires that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief."  *See Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977) (Rule 8 ensures that defendants receive fair notice of the claim so that they may prepare their defense); *Ciralsky v. CIA*, 355 F.3d 661, 669 (D.C. Cir. 2004) (similar).  Plaintiff has not shown that it is entitled to any relief from the Department itself, as opposed to its component ICE.  Accordingly,

[1]    ICE has moved for summary judgment in this suit, *see* ECF Nos. 30, 32.

the Court should dismiss all claims against the Department for failure to state a claim for which relief can be granted.

*Second*, all claims against the Department are subject to dismissal on an additional ground. Namely, prior to filing its amended complaint with the Court, Plaintiff failed to appeal the Department's transfer of the request to ICE, and therefore Plaintiff failed to exhaust administrative remedies as required under the FOIA.

It is settled law that prior to seeking relief in federal court, a plaintiff must exhaust the administrative remedies available under the FOIA. *Oglesby v. Dep't of Army*, 920 F.2d 57, 61–62 (D.C. Cir. 1990); *Wilbur v. CIA*, 355 F.3d 675, 677 (D.C. Cir. 2004) ("exhaustion of administrative remedies is a mandatory prerequisite to a lawsuit under FOIA").  A FOIA requester fails to exhaust administrative remedies whenever the requester does not comply with the administrative process set forth under FOIA and agency regulations, including failing to administratively appeal an adverse determination on a FOIA request.  *Hidalgo v. FBI*, 344 F.3d 1256, 1258–60 (D.C. Cir. 2003).  As the D.C. Circuit explained, exhaustion is necessary "so that [an] agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review."  *Oglesby*, 920 F.2d at 61.  "If the requester fails to exhaust administrative remedies before filing suit, a court can dismiss the complaint or grant summary judgment for the agency."  *Kolbusz v. FBI*, Civ. No. A. 17-319 (EGS/GMH), 2021 WL 1845352, at *7 (D.D.C. Feb. 17, 2021), *R. & R. adopted*, 2023 WL 2072481 (D.D.C. Feb. 17, 2023) (citations omitted). "Failure to exhaust administrative remedies is not a mere technicality, and a court must decline to decide the merits of an unexhausted FOIA claim[.]" *Id.* (citations omitted).

Here, on November 3, 2021, Plaintiff was notified that its FOIA request was transferred to ICE. Pavlik-Keenan Decl. ¶ 15. ICE confirmed receipt of the FOIA request, *see id.*, and conducted a search for potentially responsive records and the searches yield no records, *see* Pineiro Decl. (ECF No. 32-3) ¶¶ 25–34. ICE notified Plaintiff of the search results and its appeals right. *Id.* ¶ 10, Ex. C. Plaintiff administratively appealed but did not challenge the transfer from the Department to ICE. *Id.* ¶ 11, Ex. D; *accord* Pavlik-Keenan Decl. ¶ 15 (the Department's letter informing Plaintiff of the referral advised Plaintiff that it should contact the Department if it had issues with the referral, but Plaintiff did not do so). To date, Plaintiff has not appealed or challenged the transfer. *See generally* Am. Compl (ECF No. 8); Jt. Status Reports (ECF Nos. 18, 19, 25, 27, 29); *see also* Pavlik-Keenan Decl. ¶ 17; Pineiro Decl. (ECF No. 32-3) ¶¶ 5, 11.

Therefore, Plaintiff failed to exhaust its administrative remedies as to the transfer of the FOIA request, as required under FOIA, and the Could should decline to consider any challenges to the Department's handling of the request, which merely consisted of transferring the request to ICE, and dismiss all claims against the Department. *See Dettmann v. Dep't of Just.*, 802 F.2d 1472, 1476–77 (D.C. Cir. 1986) ("[A] plaintiff may have exhausted administrative remedies with respect to one aspect of a FOIA request—and thus properly seek judicial review regarding that request—and yet not have exhausted h[is] remedies with respect to another aspect of a FOIA request."); *Evans v. CIA*, Civ. A. No. 23-1888 (LLA), 2025 U.S. Dist. LEXIS 55273, at *13 (D.D.C. Mar. 25, 2025) (declining to consider withholding challenge not raised in administrative appeal, even though other withholdings were challenged).

**CONCLUSION**

For these reasons, the Court should grant Defendant's motion and enter judgment for the

Department and dismiss all claims against it.

Dated: May 29, 2025                    Respectfully submitted,

                                       JEANINE FERRIS PIRRO
                                       United States Attorney

                                       By: _____/s/ Stephanie R. Johnson_____
                                           STEPHANIE R. JOHNSON,
                                             D.C. Bar # 1632338
                                           Assistant United States Attorney
                                           Civil Division
                                           601 D Street, NW
                                           Washington, DC 20530
                                           (202) 252-7874
                                           Stephanie.Johnson5@usdoj.gov

                                       *Attorneys for the United States of America*