UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| WILLIAMS & CONNOLLY, LLP,<br><br>    Plaintiff,<br><br>v.<br><br>DEPARTMENT OF HOMELAND<br>SECURITY, et al.,<br><br>    Defendants. | Civil Action No. 24-2322 (PLF) |

ORDER

On October 31, 2025, the Court denied Williams and Connolly, LLP's ("plaintiff") motion for partial summary judgment and granted defendants United States Citizenship and Immigration Services ("USCIS"), United States Customs and Border Protection ("CBP"), and United States Immigration and Customs Enforcement's ("ICE") cross-motion for summary judgment. Opinion and Order [Dkt. No. 48]. The Opinion and Order stated that it was "final" and "appealable" under Rule 4(a) of the Federal Rules of Appellate Procedure. Id. at 33.

But under Rule 54(b) of the Federal Rules of Civil Procedure, when multiple parties are involved in an action, "the court may direct entry of a final judgment as to one or more, but fewer than all . . . parties only if the court expressly determines that there is no just reason for delay." FED. R. CIV. P. 54(b). "Otherwise, any order or other decision" that adjudicates "the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties." Id. (emphasis added); see also Carmichael v. Blinken, No. 22-5143, 2022 WL 3568058, at *1 (D.C. Cir. Aug. 11, 2022) (explaining that orders adjudicating fewer than all claims generally are not final, appealable orders); Capitol Sprinkler

Inspection, Inc. v. Guest Servs., Inc., 630 F.3d 217, 221 (D.C. Cir. 2011) ("The district court ordinarily enters a final judgment only after it has disposed of all claims against all parties.").

The Court's Opinion and Order of October 31, 2025 adjudicated plaintiff's claims against "fewer than all" of the parties involved in this action: USCIS, CBP, and ICE. Plaintiff also recently voluntarily dismissed its claims against the United States Department of Homeland Security. See Stipulation of Dismissal [Dkt. No. 52]. But plaintiff's claims against the two remaining defendants in this case—the United States Department of the Treasury and the United States Department of State—have not yet been adjudicated. And in its Opinion and Order entering final judgment as to defendants USCIS, CBP, and ICE, the Court did not make an express determination that there was "no just cause for delay," as is required by Rule 54(b).

Under Rule 60(a) of the Federal Rules of Civil Procedure, the Court "may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." FED. R. CIV. P. 60(a). "The court may do so on motion or on its own." Id. Pursuant to Rule 60(a), the Court will correct the typographical error designating its Opinion and Order of October 31, 2025 as a "final appealable order." See Baldwin v. Granholm, Civil Action No. 21-2646 (ZMF), 2023 WL 2894309 (D.D.C. Apr. 11, 2023) (correcting order that erroneously stated that it was "final" and "appealable.").

Accordingly, it is hereby

ORDERED that the Court VACATES the Opinion and Order entered on October 31, 2025. An Amended Opinion and Order will issue this same day.

SO ORDERED.

PAUL L. FRIEDMAN
United States District Judge

DATE: 1/9/26